**FILED**

January 24, 2023

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: ___ Michael Trujillo ___
DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

|  |  |  |
|---|---|---|
| **BRANDON CALLIER,** | § § § | |
| **Plaintiff,** | § § § | |
| v. | § § | **CAUSE NO: EP-22-CV-00301-FM** |
| **PAC WESTERN FINANCIAL LLC,** a Utah Limited Liability Company and **JASCOTT ENTERPRISES, LLC** a Florida Limited Liability Company, **JASCOTT INVESTMENTS, LLC,** a Texas Limited Liability Company, **MITCHELL SCOTT, UPWISE CAPITAL, LLC** a Delaware Limited Liability Company and **JOHN DOES 1-4** | § § § § § § § § § | |
| **Defendants.** | § § § | |

**PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO FILE PLAINTIFF'S FIRST**
**AMENDED COMPLAINT**

Plaintiff respectfully moves this Court for leave to amend his Complaint, permitting the

addition of previously unknown Defendants.  Plaintiff filed his Original Complaint under the

belief Defendant Pac Western Financial LLC's ("Pac Western") dba Upwise Capital Funding

was the same "Upwise Capital" who placed calls to Plaintiff.  Plaintiff has since learned that a

different Upwise placed the calls.  Plaintiff, therefore, needs to amend the Complaint to add the

correct Upwise.  Similarly, Plaintiff was informed by Defendant JaScott Enterprise LLC's

("JaScott") counsel that Defendant JaScott's sister company JaScott Investments, LLC

("Investment") was the entity that placed calls to Plaintiff.  Plaintiff was confused because the

JaScott employees and/or agents who called Plaintiff sent Plaintiff emails that contained links to

JaScott Enterprises website, JaScott Enterprises address, JaScott's telephone number, and the

emails all came from a JaScott domain.  Plaintiff was under the reasonable belief that this

1

information indicated the agents were acting on behalf JaScott Enterprises.  Plaintiff needs to

amend the Complaint to bring in the correct JaScott entity.

Plaintiff consulted with Defendants' counsel and they are unopposed to Plaintiff amending

the Complaint.

The Federal Rules of Civil Procedure set forth a liberal policy in favor of permitting

amendment of pleadings, and district courts are not to deny such amendments absent "a

substantial reason" to do so.  *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir.

1981); *Potter v. Bexar County Hosp. Dist.*, 195 Fed. App'x. 205, 208—09 (5th Cir. 2006)

(unpublished); *see also Caudle Aviation, Inc. v. Hartford Fire Ins. Co.*, Civ. A. No. 06-4653,

2007 WL 60993, at *1 (E.D. La. Jan. 5, 2007) (applying the relevant standards in the context of a

motion to amend pleadings to assert counterclaims and third-party claims). Indeed, the Fifth

Circuit has long recognized that the Federal Rules "evince[ ] a bias in favor of granting leave to

amend." *Dussouy*, 660 F.2d at 597. Accordingly, while leave to amend "is by no means

automatic," *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (quotation omitted),

courts "should freely give leave when justice so requires." FED. R. CIV. P. 15(a). When

determining whether to grant a motion for leave to amend, courts in this circuit may consider

several factors, including undue delay, bad faith or dilatory motive, repeated failures to cure

deficiencies by amendments previously allowed, undue prejudice to the opposing party, and

futility of the amendment. *Jones v. Robinson Prop. Group, L.P.*, 427 F.3d 987, 994 (5th Cir.

2005); *Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 321 (5th Cir. 1991). The

definition of futility adopted by the Fifth Circuit includes circumstances in which a proposed

amendment to assert a claim would fail to state a claim upon which relief could be granted under

Rule 12(b)(6). *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872—73 (5th Cir. 2000).

2

The proposed First Amended Complaint does not prejudice the Defendants as it arises from the same incidents and common facts and law. The new Defendants are not prejudiced with this amendment as it still has the opportunity to file their responsive pleading. In light of the settled Supreme Court and Fourth Circuit precedent, liberally applying the dictate of Fed. R. Civ. P. 15(a)(2) that "[t]he court should freely give leave when justice so requires," Plaintiff respectfully requests that this Honorable Court enter an order granting Plaintiff leave to file an amended complaint and accepting and filing the proposed First Amended Complaint accompanying this Motion.

Dated: January 23, 2023                                Respectfully Submitted,

*Brandon Callier*

Brandon Callier
6336 Franklin Trail Drive
El Paso, TX 79912
Callier74@gmail.com
915-383-4604

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | |
|---|---|
| **BRANDON CALLIER,** §<br>§<br>§<br>Plaintiff, §<br>§<br>v. §<br>§<br>**PAC WESTERN FINANCIAL LLC,** a Utah §<br>Limited Liability Company and **JASCOTT** §<br>**ENTERPRISES, LLC** a Florida Limited Liability §<br>Company, **JASCOTT INVESTMENTS, LLC,** a §<br>Texas Limited Liability Company, **MITCHELL** §<br>**SCOTT, UPWISE CAPITAL, LLC** a Delaware §<br>Limited Liability Company and **JOHN DOES 1-4** §<br>§<br>**Defendants.** §<br>§ | **CAUSE NO: EP-22-CV-00301-FM** |

**CERTIFICATE OF SERVICE**

I hereby certify that on January 23, 2023, I caused a true copy of the foregoing, **PLAINTIFF'S MOTION FOR LEAVE TO AMEND and PROPOSED AMENDED COMPLAINT** to be served via electronic mail to all attorneys of record.

January 23, 2023,                              Respectfully submitted,

*Brandon Callier*

Brandon Callier
Plaintiff, Pro Se
6336 Franklin Trail
El Paso, TX 79912
Callier74@gmail.com