# UNITED STATES DISTRICT COURT
## Western District of Texas
### El Paso Division

| | |
|---|---|
| **BRANDON CALLIER,** § | |
| § | |
| Plaintiff, § | |
| § | CA 3: 22-cv-00301-FM |
| v. § | |
| § | |
| **JASCOTT** § | |
| **ENTERPRISES, LLC, et.** § | |
| **al.,** § | |
| § | |
| Defendants § | |

## Plaintiff Brandon Callier's Response and Objection to Defendant's Motion to Compel

Brandon Callier files this response and objection to Defendant Jascott Enterprises, LLC's Motion to Compel [Dkt. 103].

### I. Background

This Telephone Consumer Protection Act lawsuit was initiated because PAC Western Financial, LLC contracted with agents and sub-agents (sometimes referred to as Independent Sales Organizations ("ISOs")) to sell unregulated merchant cash advances (MCAs") that PAC Western would fund. PAC Western engaged Defendants to do so.

In this TCPA case, Defendants created and have all of the relevant records

and evidence. Defendants made the illegal calls to Plaintiff, and recorded them. Defendants sent the illegal texts to Plaintiff. Defendants have all of these records and evidence.

Plaintiff is not withholding any relevant information from Defendants.

## II. Procedural Status

The parties have exchanged written discovery and depositions are pending. Plaintiff's deposition is scheduled for January 8, 2024. The deposition of Mitchell Scott will follow.

The case is set for trial on April 29, 2024. No motions for summary judgment have been filed.

## III. Legal Standard

The scope of discovery is within the sound discretion of the trial judge, *see Freeman v. United States*, 556 F. 3d 326, 341 (5th Cir. 2009), who may "tailor discovery narrowly and … dictate the sequence of discovery," *Crawford–El v. Britton*, 523 U.S. 574, 598, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998). However, the Court must limit discovery, if it determines, on motion or on its own, that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." *Camoco, LLC v. Leyva*, 333 F.R.D. 603, 606, 2019 WL 6131452 (W.D. Tex. 2019).

### IV.  INTERROGATORIES

**Interrogatory number 1:**

> Identify all facts which support the averments in Paragraphs 5, 99 and 100 of Plaintiff's First Amended Complaint that Mitchell Scott personally participated in the telephone calls alleged, including (b) the dates and (c) the substance of each call in which you allege Mitchell Scott personally participated.
>
> **Response:** **Plaintiff objects because the interrogatory is overly broad and unduly burdensome on its face because it asks Plaintiff to identify "all facts" that …** *Anderson v. United Parcel Serv., Inc.*, **No. CIV.A. 09-2526-KHV, 2010 WL 4822564, at \*3 (D. Kan. Nov. 22, 2010). Plaintiff will respond with the principal or material facts applicable to this interrogatory.**
>
> **Response:  Mitchell Scott participated in the phone calls by sanctioning the calls and being aware the phone calls were being made.  Scott was kept aware of the phone calls via courtesy copies of emails.**

Plaintiff's counsel informed Defendant's counsel that Plaintiff was out of the country until the new year and that when he returned, Plaintiff would supplement his response to state that "Callier does not contend that Mitchell Scott personally called him." *See* Exhibit A.

Additionally, this interrogatory is improper because it requests Plaintiff to list "all facts." *Fox v. City of Austin*, No. 1:22-CV-00835-DAE, 2023 WL 6119383, at \*5 (W.D. Tex. Sept. 18, 2023); *TIG Ins. Co. v. Woodsboro Farmers Coop.*, No. 5:18-CV-191, 2020 WL 12573285, at \*2 (S.D. Tex. Apr. 7, 2020) (denying request to compel party to "identify *each* fact" requested in contention interrogatories);

*Innovative Commc'n Sys., Inc. v. Innovative Computing Sys., Inc.*, No. A-13-CV-1044-LY, 2014 WL 3535716, at *3 (W.D. Tex. July 16, 2014) (ordering plaintiff to "generally explain" the factual basis for its contentions "by identifying the principal or material facts"); *Anderson v. United Parcel Serv., Inc.*, No. CIV.A. 09-2526-KHV, 2010 WL 4822564, at *3 (D. Kan. Nov. 22, 2010).

> The court in *TIG Ins. Co* explains contention interrogatories:
>
> However, contention interrogatories should *not* request "a detailed and exhaustive list of all evidence that may be offered in support of its denials," but can request that the opposing party "explain the factual bases for its denials." (Dkt. No. 46 at 1–2) (citing *Lamar Advert. Co. v. Zurich Am. Ins.* Co., No. 18-1060-JWD-RLB, 2020 WL 448243, at *5, 2020 U.S. Dist. LEXIS 13891, at *14–15 (M.D. La. 2020)).
>
> The Court finds that Woodsboro's Interrogatories Nos. 1–6, as worded, are overly broad and go beyond the scope of proper contention interrogatories. By requesting TIG to "[i]dentify *each fact* you contend was established in the Underlying litigation *that supports your contention* that..." (Dkt. No. 42-1 at 5–6) (emphasis added), Woodsboro is effectively requesting "a detailed exhaustive list of all evidence." *Lamar*, 2020 WL 448243, at *5, 2020 U.S. Dist. LEXIS 13891, at *14–15. Thus, Woodsboro's request to compel TIG to identify *each* fact as requested by Interrogatories Nos. 1–6 is **DENIED**.

*TIG Ins. Co. v. Woodsboro Farmers Coop.*, No. 5:18-CV-191, 2020 WL 12573285, at *2 (S.D. Tex. Apr. 7, 2020).

Thus, as written, interrogatory number 1 is improper. Defendant's motion to compel with regard to interrogatory number 1 should be denied.

In accordance with his discovery obligations, Plaintiff responded with the principal and material facts. Plaintiff has explained that Mitchell Scott did not actually make the calls at issue, but he participated in them by approving the calls. Scott was aware of the calls because his employees copied him on texts discussing the calls.

During Plaintiff's deposition, Defendant can obviously question Plaintiff about his knowledge of Mr. Scott's involvement in the illegal telephone calls. Directly questioning Plaintiff about his knowledge is "more convenient, less burdensome, and less expensive."

A list of the calls is contained in the Amended Complaint. Thus, the answer sets forth the principal and material facts and is sufficiently complete so that the motion to compel with regard to interrogatory number 1 should be denied.

**Interrogatory number 9:**

> INTERROGATORY NO. 9:   Identify all facts that support your authority to submit a loan "application" for financing on behalf of "Gonna Keep On Truckin, LLC."
>
> **Response: Plaintiff objects because the interrogatory is overly broad and unduly burdensome on its face because it asks Plaintiff to identify "all facts" that …** *Anderson v. United Parcel Serv., Inc.***, No. CIV.A. 09-2526-KHV, 2010 WL 4822564, at \*3 (D. Kan. Nov. 22, 2010). Plaintiff will respond with the principal or material facts applicable to this interrogatory.**
>
> **Plaintiff gained permission from the Gonna Keep on Truckin LLC owner who supplied Plaintiff with bank statements. Plaintiff did so in order to determine on whose behalf Jascott's**

>employees and/or agents were soliciting Plaintiff.  Plaintiff had no intention of taking a loan of any sort with Jascott or any of Jascott's affiliated lenders.

Plaintiff's counsel informed Defendant's counsel that Plaintiff was out of the country until the new year but the contact information for the owner of Gonna Keep on Truckin LLC is as follows:

>Jorge Duron
>9328 Lait Drive
>El Paso, TX 79925
>915-929-8309.

*See* Exhibit A.

Additionally, this interrogatory is improper because it requests Plaintiff to list "all facts." *See* discussion above regarding contention interrogatories. Defendant's motion to compel with regard to interrogatory number 9 should be denied.

Plaintiff's response adequately provides the principal and material facts and thus the motion to compel should be denied. Additionally, during Plaintiff's deposition, Defendant can obviously question Plaintiff about this issue. Directly questioning Plaintiff about his authority to submit the loan application is "more convenient, less burdensome, and less expensive."

**Interrogatory number 11:**

> INTERROGATORY NO. 11: Identify the facts which support the averment in Paragraph 128 of Plaintiff's First Amended Complaint that "defendants" failed to disclose "the name of the individual caller and the name of the person and/or entity on whose behalf the call (was) being made…"
>
> **Response: Plaintiff objects because the interrogatory is overly broad and unduly burdensome on its face because it asks Plaintiff to identify "facts" that …** *Anderson v. United Parcel Serv., Inc.*, **No. CIV.A. 09-2526-KHV, 2010 WL 4822564, at \*3 (D. Kan. Nov. 22, 2010). Plaintiff will respond with the principal or material facts applicable to this interrogatory.**
>
> **Jascott recorded the phone calls. Jascott has access to each of the recordings and can produce any recordings in which Jascott informed Plaintiff Jascott was soliciting on behalf of Western.**

Plaintiff is being asked to prove a "negative." The recordings are the best evidence and will show that the callers either identifed themselves or they didn't. Defendant does not contend that it does not possess the call recordings. There is no additional information for Plaintiff to supply and the motion to compel with regard to interrogatory number 11 should be denied.

**Interrogatory number 13:**

> INTERROGATORY NO. 13: List each TCPA-related lawsuits you have filed, and/or are a party to, within the past four (4) years that alleged TCPA-related violations involving telephone calls and/or text messages to the telephone number (915) 383-4604.
>
> **Response: Plaintiff objects to the interrogatory because it is not relevant to either party's claims or defenses. Plaintiff objects to this interrogatory as over broad and not proportional to the needs of the case.** *See* **Fed. R. Civ. P.**

> **26(b)(1).  To the extent Plaintiff's involvement in other TCPA litigation is relevant, this information is publicly available and equally accessible to Defendant.**

Plaintiff has supplied Defendant's counsel with a printout from Pacer regarding Plaintiff's TCPA-related lawsuits. *See* Exhibit A. There is nothing more to compel. The motion to compel with regard to interrogatory number 13 should be denied.

## V.   Request for Production

REQUEST NO. 18:  Produce all telephone records for the phone number in question, (915) 383-4604, which contain, include and/or identify:

a) The date, time, telephone number, either the origination and/or destination, and the duration in minutes, of all incoming and outgoing calls, between April 1, 2022, and May 1, 2022;

> **Response:  Plaintiff objects to this request as it is an unreasonable invasion of privacy.  Plaintiff objects to this interrogatory as over broad and not proportional to the needs of the case.  *See* Fed. R. Civ. P. 26(b)(1).  Jascott has access to its own phone records that show each and every phone call placed to Plaintiff by Defendants.**

b) Monthly billing invoices, displaying the account number and identity of both the subscriber and the service provider, for the months of April, 2022, and May, 2022;

> **Response:  See attached redacted phone bills for April**

    **2022 and May 2022.**

c) Whether the subscription account is either a business and/or residential listing for the months of April 2022, and May 2022, regardless if such identifying documents fall outside the months of April 2022, and May 2022; and

  **Response:  See the April 2022 and May 2022 redacted phone bills.  The phone bills do not indicate phone lines are business lines.**

d) The specific "phone calls" which Defendant Scott "personally participated in" as alleged in Paragraphs 5, 99 and 100 of Plaintiff's First Amended Complaint.

  **Response:  See interrogatory No. 1 and attached Email exhibits.**

Plaintiff produced his phone bill for the requested dates and redacted all calls not associated with this case. In his supplemental responses, Plaintiff provided a list of other entities who illegally called him. Defendant's counsel was informed that upon Plaintiff's return after the new year Plaintiff will provide unredacted call records for the calls those entities made. *See* Exhibit A. Other calls made or received by Plaintiff are not relevant to this lawsuit. The motion to compel with regard to request number 18 should be denied.

## VI. Attorney's Fees

Defendant's motion to compel is frivolous and Plaintiff should be awarded his attorneys' fees for having to respond to it.

## VII. Conclusion

Accordingly, Defendant's motion should be denied in its entirety.

By: _/s/ Chris R. Miltenberger_
    Chris R. Miltenberger
    Texas Bar Number: 14171200

**The Law Office of Chris R. Miltenberger, PLLC**

1360 N. White Chapel, Suite 200
Southlake, Texas 76092
817-416-5060 (office)
817-416-5062 (fax)
chris@crmlawpractice.com

**Attorney for Plaintiff**

**Certificate of Service**

The undersigned certifies that the foregoing document was filed electronically through the Court's CM/ECF system in compliance with the Local Rules.

By: _/s/ Chris R. Miltenberger_
    Chris R. Miltenberger