IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **BRANDON CALLIER,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | EP-22-CV-00301-FM |
| **JASCOT ENTERPRISES, LLC;** | § | |
| **JASCOTT INVESTMENTS, LLC; and** | § | |
| **JOHN DOES 1–4,** | § | |
| | § | |
| *Defendants*. | § | |

## ORDER DENYING DEFENDANTS' MOTIONS TO COMPEL

Before the Court are Defendant Jascott Enterprises, LLC's ("Enterprises") "Motion to Compel Plaintiff Brandon Callier to Respond to First Set of Written Interrogatories and Request for Production of Documents" ("Enterprises Motion") (ECF No. 103) and Defendant Jascott Investments, LLC's ("Investments") (Enterprises and Investments collectively as "Defendants") "Motion to Compel Plaintiff Brandon Callier to Respond to First Request for Admissions" ("Investments Motion") (ECF No. 104), both filed on December 22, 2023. On January 8, 2024, Senior United States District Judge Frank Montalvo referred the motion to the undersigned Magistrate Judge for determination pursuant to 28 U.S.C. § 636(b)(1)(A) and Rule 1(c) of Appendix C to the Local Rules. For the reasons set forth below, Enterprises' and Investments' Motions are **DENIED**.

### I. BACKGROUND

This case arises under the Telephone Consumer Protection Act ("TCPA"). Plaintiff Brandon Callier ("Plaintiff") filed suit, alleging that Defendants, among others, made uninvited phone calls to him to try to solicit business for a different defendant. Pl.'s First Am. Compl. ¶¶ 31,

34–35, ECF No. 43.  Plaintiff alleges that he received "at least 111 phone calls" from Defendants and others over the course of April 4, 2022, to August 22, 2023.  *Id.* at ¶¶ 31, 69.  He further alleges that none of these phone calls were made with prior express written consent.  *Id.* at ¶¶ 34–35.

Enterprises served its interrogatories and requests for production ("RFPs") on Plaintiff on October 30, 2023.  *See* Def. Enterprises' First Set Written Interrogs. and Reqs. Produc. Docs. Pl., ECF No. 103-1.  Investments served its requests for admission ("RFAs") on Plaintiff on November 2, 2023.  *See* Def. Investments' First Req. Admiss. Pl., ECF No. 104-1.  Plaintiff responded to the interrogatories and RFPs on November 29, 2023.  *See* Pl.'s Objs. and Resps. Def. Enterprises' First Set Written Interrogs. and Reqs. Produc. Docs. Pl., ECF No. 103-2.  Plaintiff responded to the RFAs on November 30, 2023.  *See* Pl.'s Resps. Reqs. Admis. Investments, ECF No. 104-2.

On December 22, 2023, Defendants filed the current motions, requesting more definite answers to certain interrogatories, unredacted versions of documents, and more definite responses to certain RFAs.  *See* Enterprises Mot., ECF No. 103; Investments Mot., ECF No. 104.  Plaintiff filed his responses on December 29, 2023.  *See* Pl.'s Resp. and Obj. Def.'s Mot. Compel [hereinafter, "Resp. to Enterprises"], ECF No. 108; Pl.'s Resp. and Obj. Def.'s Mot. Compel [hereinafter, "Resp. to Investments"], ECF No. 109.  Defendants filed their replies on January 5, 2024.  *See* Def. Enterprises' Reply Pl.'s Resp. and Obj. Def.'s Mot. Compel, ECF No. 111; Def. Investments' Reply Pl.'s Resp. and Obj. Def.'s Mot. Compel, ECF No. 112.  On January 22, 2024, Plaintiff filed a notice that he supplemented his responses to Investments' RFAs, *see* Pl.'s Suppl. Resp. and Obj. Def.'s Mot. Compel, ECF No. 115, but Investments has not withdrawn its motion.

## II.   DISCUSSION

Under Federal Rule of Civil Procedure 26(b)(1), parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).

Federal Rule of Procedure 36, which governs RFAs, allows a party to "move to determine the sufficiency of an answer or objection. . . .  On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served." Fed. R. Civ. P. 36(a)(6).  Federal Rule of Civil Procedure 37 governs failures to make disclosures and allows "[a] party seeking discovery" to "move for an order compelling an answer, designation, production, or inspection" if, among others, a party fails to answer an interrogatory or produce requested documents.  *Id.* 37(a)(3)(B).

The Local Rules of the Western District of Texas state that "[a]bsent exceptional circumstances, no motions relating to discovery, including motions under Rules 26(c), 29, and 37, shall be filed after the expiration of the discovery deadline, unless they are filed within 14 days after the discovery deadline and *pertain to conduct occurring during the final 7 days of discovery*." W.D. Tex. Civ. R. 16(e) (emphasis added).

Under the Amended Scheduling Order, completion of discovery in this case occurred on December 11, 2023.  Am. Scheduling Order 2, ECF No. 64.  The Scheduling Order directs that "[c]ounsel may, by agreement, continue discovery beyond the deadline, but there will be no intervention by the court except in extraordinary circumstances."  *Id.*  The parties have not asked for an extension of this deadline.

Defendants filed their motions within 14 days of the expiration of the discovery deadline. However, the Motions pertain to conduct—Plaintiff's answers to interrogatories and responses to RFPs and RFAs—that occurred prior to the final 7 days of discovery (which would encompass conduct that occurred after December 4, 2023).  Defendants have not argued or shown that any exceptional circumstances exist.  Therefore, the Court denies Defendants' motions to compel and their requests for sanctions.

Plaintiff asserts that Defendants' motions are frivolous and that he is entitled to "his attorneys' fees for having to respond to it." Resp. to Enterprises 9; Resp. to Investments 3. However, Defendants' motions are not frivolous, and the Court declines to grant Plaintiff's request for attorneys' fees.

### III.   CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant Jascott Enterprises, LLC's Motion to Compel Plaintiff Brandon Callier to Respond to First Set of Written Interrogatories and Request for Production of Documents (ECF No. 103) and Defendant Jascott Investments, LLC's Motion to Compel Plaintiff Brandon Callier to Respond to First Request for Admissions (ECF No. 104).

**SIGNED** this 26th day of January, 2024.

**ROBERT F. CASTAÑEDA**
**UNITED STATES MAGISTRATE JUDGE**