# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **BRANDON CALLIER,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CAUSE NO. 3:22-cv-00301-FM |
| | § | |
| **JASCOTT ENTERPRISES, LLC,** | § | |
| **JASCOTT INVESTMENTS, LLC, and,** | § | |
| **JOHN DOES 1-4,** | § | |
| | § | |
| Defendants. | § | |

---

**DEFENDANT JASCOTT INVESTMENT, LLC'S FIRST SUPPLEMENTAL RESPONSES AND ANSWERS TO PLAINTIFF'S FIRST SET OF DISCOVERY TO JASCOTT INVESTMENTS, LLC**

---

**TO:  PLAINTIFF BRANDON CALLIER, BY AND THROUGH HIS ATTORNEY OF RECORD, CHRIS R. MILTENBERGER**

Defendant JASCOTT INVESTMENTS, LLC (hereinafter referred to as "Defendant"), by and through the undersigned counsel, hereby serves this "Defendant Jascott Investments, LLC's First Supplemental Responses And Answers To Plaintiff's First Set of Discovery To Jascott Investments, LLC", on Plaintiff BRANDON CALLIER (hereinafter referred to as "Plaintiff"), in accordance with Federal Rule of Civil Procedure 33, as follows:

### *INTERROGATORIES*

***Interrogatory No 1:***

Identify each telephone call or text message (including attempted telephone calls and calls that were not answered) made by Jascott Investments, or any individual or entity acting for Jascott Investments, to the Plaintiff (or anyone at such numbers), at any time (not just during the four years preceding the filing of this lawsuit) or to any of the following numbers, 915-383-4604, or to any

other telephone number, and for each call identified state:

    a.    the telephone phone number called/texted;
    b.    the date and time of the telephone call/text;
    c.    the number from which each call/text was made; and
    d.    the identity of the person who sent the call/text;

*Answer:*    **Defendant Jascott Investments, LLC's objects to this interrogatory, because Defendant Jascott Investments, LLC previously provided an answer.  See Exhibit A of Defendant Jascott Investments, LLC's Federal Rule Of Civil Procedure 26(A)(1) Initial Disclosures.**

    **Defendant Jacott Investments, LLC, objects to this Interrogatory because the requested discovery is outside the scope permitted by Rule 26(b)(1) FRCP, because:**

    a.    **Interrogatory No. 1 requests Defendant identify each telephone call or text message made to Plaintiff from Defendant or any individual or entity acting for Defendant "at any time (not just the four years preceding the filing of this lawsuit) …"**

    b.    **Interrogatory No. 1's request encompasses an undefined period of time that arguably dates back at least fifteen (15) years to December, 2007, when Plaintiff claims he first "registered his phone number on the National Do-Not-Call Registry." *See*, Plaintiff's First Amended Complaint, Para. 26.**

    c.    **In contrast, Plaintiff himself has identified the "Relevant Time Period" of this matter to mean "January 1, 2021 until present." *See,* Plaintiff's "Definitions and Instructions," Para. 12). Also see, Interrogatory No. 14.**

    d.    **Thus, the discovery request seeks information which is not pertinent to the Plaintiff's claims, not proportional to the needs of the case, and is of low importance to resolving the Plaintiff's claims, which Plaintiff alleges accrued on or about April 4, 2022. *See,* Plaintiff's First Amended Complaint, Para. 32.**

    e.    **Based upon this Objection, Defendant does not have to produce information in response to a discovery request that is not relevant to any party's claim or defense. *See* FRCP 26(b)(1). This discovery request is so broad and unlimited as to time and scope as to be an oppressive, unwarranted annoyance. To comply with the request would be an undue burden.**

Defendant Jascott Investments, LLC's First Supplemental Responses And Answers To Plaintiff's First Set of Discovery To Jascott Investments, LLC
*Brandon Callier vs. Jascott Enterprises, LLC, et al.*
U.S. District Court, WDTX-El Paso Division; Cause No. 3:22-CV-0301-FM    Page 2 of 27

**Without waiving the above Objection, and answering to the extent that it is not objectional, Defendant Jascott Investments, LLC responds as follows:**

f.      **In the time period relevant to this matter, Fawzy was employed by Sygnius Solutions, a business outsourcing center based and located in Dhaka, Bangladesh. Defendant outsourced certain customer care services to Sygnius Solutions for several weeks in late January and February 2022, and for several weeks in April 2022. Fawzy, while employed by Sygnius Solutions as a customer service representative, texted and/or telephoned Plaintiff numerous times in the month of April 2022.**

g.      **Defendant terminated its business relationship with Sygnius Solutions on April 27, 2022. While outsourcing certain customer care services to Sygnius Solutions, Defendant had limited access to information regarding Fawzy's telephone activity as an employee of Sygnius Solutions.**

h.      **Defendant became aware of Plaintiff's allegations in late September/early October of 2022. Approximately two months later, Defendant retrieved four (4) recorded phone calls between Fawzy and Plaintiff, made on April 8, April 12, April 21 and April 22, 2022. These are the only telephone calls for which Defendant has confirmed dates.**

i.      **Shortly after January 1, 2023, Defendant attempted to again access Fawzy's telephone records for a more extensive data retrieval. However, the account was either no longer active, or Defendant's access to the account had been blocked or otherwise terminated.**

*Interrogatory No 2:*

Identify each communication a representative of Jascott Investments had with Plaintiff and for

each such communication identified state:

a.      the manner or method used to communicate with the Plaintiff;
b.      the date of the communication; and
c.      the identity of the individual who communicated with Plaintiff.

*Answer:*      **Defendant Jascott Investments, LLC's objects to this interrogatory, because Defendant Jascott Investments, LLC previously provided an answer.  See Exhibit A of Defendant Jascott Investments, LLC's Federal Rule Of Civil Procedure 26(A)(1) Initial Disclosures.**

Defendant Jascott Investments, LLC's First Supplemental Responses And Answers To Plaintiff's First Set of Discovery To Jascott Investments, LLC
*Brandon Callier vs. Jascott Enterprises, LLC, et al.*
U.S. District Court, WDTX-El Paso Division; Cause No. 3:22-CV-0301-FM      Page 3 of 27

**Without waiving the above Objection, and answering to the extent that it is not objectional, Defendant Jascott Investments, LLC responds as follows:**

a.     **The only person of Defendant Jascott Investments, LLC, who had any communication with Plaintiff was Mark Fawzy, who is identified above in the Answer to Interrogatory Number One.**

b.     **Fawzy communicated with Plaintiff via telephone, email and text. Fawzy's confirmed telephone communications with Plaintiff are set forth above in Defendant's Answer to Interrogatory No. 1. Aside from the text messages identified in Exhibit A attached hereto, Defendant has no record of any text messages Fawzy may have sent to Plaintiff. The emails which Fawzy sent to Plaintiff are attached hereto, identified as "Exhibit A."**

c.     **In addition, Exhibit A includes an email from "Mitchell Scott" to Plaintiff, dated April 6, 2022, which Plaintiff has used as a pleading exhibit. This email was generated by Defendant's referral system upon receipt of a referral from Max Williams of Green Arrow Capital, from whom Plaintiff sought financing for his business Aero Services.**

*Interrogatory No 3:*

Identify all categories and sources of electronically stored information, including backups, relating to Plaintiff or any calls made to Plaintiff by Jascott Investments.  Include all relevant information, including at least: a description of the substance of the data, physical location, format, accessibility, and person who is responsible for such data (or who has personal knowledge regarding the data).

*Answer:*     **Defendant Jascott Investments, LLC's objects to this interrogatory, because Defendant Jascott Investments, LLC previously provided an answer.  See Exhibit A of Defendant Jascott Investments, LLC's Federal Rule Of Civil Procedure 26(A)(1) Initial Disclosures.**

**Defendant Jascott Investments, LLC, objects to this Interrogatory because a request for information "relating to Plaintiff" is overly broad as to scope and time, is vague, and is ambiguous to the extent it**

Defendant Jascott Investments, LLC's First Supplemental Responses And Answers To Plaintiff's First Set of Discovery To Jascott Investments, LLC
*Brandon Callier vs. Jascott Enterprises, LLC, et al.*
U.S. District Court, WDTX-El Paso Division; Cause No. 3:22-CV-0301-FM          Page 4 of 27

**is impossible for Defendant to state whether any responsive materials are being withheld.** *See*, **FRCP 34(2)(C). Also see, Definitions and Instructions, Para. 17, (The phrases "referring to" or "relating to" means referring to, relating to, regarding, reflecting, discussing, constituting, mentioning, pertaining to, alluding to, or associated with.)**

*Interrogatory No 4:*

Please identify the person or persons employed by you responsible for receiving, maintaining, investigating, and responding to consumer complaints regarding the TPCA.

    *Answer:*    **None.**

*Interrogatory No 5:*

Please identify by name and business address any individual or entity who has been disciplined or reprimanded by Jascott Investments in any manner whatsoever for allegedly violating the TCPA.

    *Answer:*    **None.**

*Interrogatory No. 6:*

Describe in detail the circumstances of each investigation, disciplinary action, termination, and legal action related to your response to Interrogatory number 5, and identify all your employees or agents associated with such investigations, disciplinary actions or terminations.

    *Answer:*    **None.**

*Interrogatory No 7:*

Please identify the person or persons responsible for training your employees, and any individual or entity retained by RoundPoint, regarding compliance with the TCPA.

Defendant Jascott Investments, LLC's First Supplemental Responses And Answers To Plaintiff's First Set of Discovery To Jascott Investments, LLC
*Brandon Callier vs. Jascott Enterprises, LLC, et al.*
U.S. District Court, WDTX-El Paso Division; Cause No. 3:22-CV-0301-FM      Page 5 of 27

*Answer:*        **None.**

*Interrogatory No 8:*

State whether any documents responsive to any Request for Production of Documents have been

destroyed or lost, or cannot be accounted for.  If your answer to the preceding is anything other

than an unqualified negative, please:

> a.    identify each and every document which was destroyed or lost, or is
>       unaccounted for;
>
> b.    state when the Plaintiff believes the document(s) was destroyed or
>       lost, or became unaccounted for;
>
> c.    state what reason or explanation the Plaintiff has, if any, for the
>       destruction, loss, or inability to account for the document(s)
>       identified in sub-part (a); and
>
> d.    identify the persons who are most knowledgeable about the
>       information in sub-parts (a) through (c) of this interrogatory.

*Answer:*        **None.**

*Interrogatory No. 11:*

Please identify the person or persons responsible for maintaining the call detail records of Jascott

Investments' calls/texts to Plaintiff or attempts to call/text Plaintiff.

> *Answer:*        **Defendant Jascott Investments, LLC's objects to this interrogatory,
> because Defendant Jascott Investments, LLC previously provided an
> answer.  See Exhibit A of Defendant Jascott Investments, LLC's
> Federal Rule Of Civil Procedure 26(A)(1) Initial Disclosures.**

*Interrogatory No. 13:*

State the exact words used in any pre-recorded message left during any of the telephone

calls/texts identified in your response to interrogatory number 1.

Defendant Jascott Investments, LLC's First Supplemental Responses And Answers To Plaintiff's First Set of
Discovery To Jascott Investments, LLC
*Brandon Callier vs. Jascott Enterprises, LLC, et al.*
U.S. District Court, WDTX-El Paso Division; Cause No. 3:22-CV-0301-FM        Page 6 of 27

> **Answer:**          **Defendant Jascott Investments, LLC objects to this interrogatory, as Defendant Jascott Investments, LLC declines to provide a narrative answer to this interrogatory, because the interrogatory asks for information that is available from the business and electronically stored records of the parties herein. Fed. R. Civ. P. 33(d).  Because the burden of deriving the answer is substantially the same for both parties and because Defendant Jascott Investments, LLC has sufficiently specified the records so that Plaintiff can identify the records as easily as Defendant Jascott Investments, LLC can, Plaintiff will make its records available for inspection.  Id.  If necessary, Defendant Jascott Investments, LLC will provide assistance to Plaintiff in retrieving electronically stored records.  See Paragraph A of Defendant Jascott Investments, LLC's Federal Rule Of Civil Procedure 26(A)(1) Initial Disclosures.**

**Interrogatory No. 14:**

State the number of calls Jascott Investments made to Plaintiff during the Relevant Time Period using either an artificial or prerecorded voice.

>          a.          Artificial or prerecorded voice: _____

> **Answer:**          **Defendant Jascott Investments, LLC's objects to this interrogatory, because Defendant Jascott Investments, LLC previously provided an answer.  See Exhibit A of Defendant Jascott Investments, LLC's Federal Rule Of Civil Procedure 26(A)(1) Initial Disclosures.**

**Interrogatory No. 17:**

Identify the principal and material facts which you contend establish that you had consent to call any of Plaintiff's cell phones.

> **Answer:**          **Defendant Jascott Investments, LLC's objects to this interrogatory, because Defendant Jascott Investments, LLC previously provided an answer.  See Defendant Jascott Investments, LLC's Answers To Plaintiff's Second Request For Admissions Propounded Upon Defendant Jascott Investments, LLC.  See also Exhibit A of Defendant Jascott Investments, LLC's Federal Rule Of Civil Procedure 26(A)(1) Initial Disclosures.**

Defendant Jascott Investments, LLC's First Supplemental Responses And Answers To Plaintiff's First Set of Discovery To Jascott Investments, LLC
*Brandon Callier vs. Jascott Enterprises, LLC, et al.*
U.S. District Court, WDTX-El Paso Division; Cause No. 3:22-CV-0301-FM          Page 7 of 27

*Interrogatory No. 18:*

For each affirmative defense asserted by Jascott Investments in this litigation identify the

principal and material facts which you contend support such affirmative defense.

> *Answer:*     **Defendant Jascott Investments, LLC's objects to this interrogatory, because Defendant Jascott Investments, LLC previously provided an answer.  See Defendant Jascott Investments, LLC's Answers To Plaintiff's Second Request For Admissions Propounded Upon Defendant Jascott Investments, LLC.  See also Exhibit A of Defendant Jascott Investments, LLC's Federal Rule Of Civil Procedure 26(A)(1) Initial Disclosures.**

*Interrogatory No. 19:*

With respect to each expert, whom you will or may call upon to give evidence or testimony in

connection with this case, please state: (a) his/her name, address, telephone number, occupation,

and current employment; (b) the subject matter of his/her expertise; (c) his/her educational

background, academic degrees, employment history, employment experience, and any other

matters which you contend qualify him as an expert; (d) the substance of all facts and opinions to

which he/she could testify if called as a witness; (e) a summary of the grounds for each such

opinion.

> *Answer:*     **Defendant Jascott Investments, LLC's objects to this interrogatory, because Defendant Jascott Investments, LLC has not yet identified an expert.  See also Exhibit A of Defendant Jascott Investments, LLC's Federal Rule Of Civil Procedure 26(A)(1) Initial Disclosures.**

*Interrogatory No. 20:*

Identify each communication you had with a representative of Upwise Capital, LLC regarding

the matters referenced in this lawsuit.

Defendant Jascott Investments, LLC's First Supplemental Responses And Answers To Plaintiff's First Set of Discovery To Jascott Investments, LLC
*Brandon Callier vs. Jascott Enterprises, LLC, et al.*
U.S. District Court, WDTX-El Paso Division; Cause No. 3:22-CV-0301-FM          Page 8 of 27

**Answer:**     Defendant Jascott Investments, LLC's objects to this interrogatory, because Defendant Jascott Investments, LLC previously provided an answer.  See Defendant Jascott Investments, LLC's Answers To Plaintiff's Second Request For Admissions Propounded Upon Defendant Jascott Investments, LLC.  See also Exhibit A of Defendant Jascott Investments, LLC's Federal Rule Of Civil Procedure 26(A)(1) Initial Disclosures.

## REQUESTS FOR PRODUCTION

**Request for Production No. 1:**

Produce each and every document identified in your responses to Plaintiff's Interrogatories to Defendant Jascott Investments and/or which relate to your answers to Plaintiff's Interrogatories to Defendant Jascott Investments or upon which you relied or reviewed, consulted or referred to in answering the Plaintiffs' Interrogatories to Defendant Jascott Investments.

**Response:**     Defendant Jascott Investments, LLC objects to this request to the extent it seeks material exempt from discovery by the attorney-client privilege, or the attorney work product privilege or protection.

Defendant Jascott Investments, LLC objects to this request to the extent it requests production of electronically stored information in an audio form that would be too burdensome and costly to produce. Specifically, the request seeks electronically stored audio files, the cost of producing the information in the single requested format would be substantial.  Defendant Jascott Investments, LLC intends to produce the electronically stored audio information responsive to this request in its native file format.

Subject to said objections, and without waiving same, Defendant Jascott Investments, LLC responds as follows:  Because this request requires the production of voluminous documents, they are not attached to this response.  Instead, Defendant Jascott Investments, LLC will make available to Plaintiff all non-privileged documents in Defendant Jascott Investments, LLC's possession, custody and control, and provide the Plaintiff the reasonable opportunity to examine and copy the documents, at a mutually agreeable date, time and place.  See Attached Exhibit A for a list of documents to be produced.

Defendant Jascott Investments, LLC's First Supplemental Responses And Answers To Plaintiff's First Set of Discovery To Jascott Investments, LLC
*Brandon Callier vs. Jascott Enterprises, LLC, et al.*
U.S. District Court, WDTX-El Paso Division; Cause No. 3:22-CV-0301-FM          Page 9 of 27

*Request for Production No. 2:*

Produce all correspondence with any representative of Upwise Capital, LLC that references any

matters relating to this lawsuit or the calls/texts involved in this lawsuit.

> *Response:* **Defendant Jascott Investments, LLC objects to this request to the extent it seeks material exempt from discovery by the attorney-client privilege, or the attorney work product privilege or protection.**
>
> **Defendant Jascott Investments, LLC objects to this request to the extent it requests production of electronically stored information in an audio form that would be too burdensome and costly to produce. Specifically, the request seeks electronically stored audio files, the cost of producing the information in the single requested format would be substantial. Defendant Jascott Investments, LLC intends to produce the electronically stored audio information responsive to this request in its native file format.**
>
> **Subject to said objections, and without waiving same, Defendant Jascott Investments, LLC responds as follows:  Because this request requires the production of voluminous documents, they are not attached to this response.  Instead, Defendant Jascott Investments, LLC will make available to Plaintiff all non-privileged documents in Defendant Jascott Investments, LLC's possession, custody and control, and provide the Plaintiff the reasonable opportunity to examine and copy the documents, at a mutually agreeable date, time and place.  See Attached Exhibit A for a list of documents to be produced.**

*Request for Production No. 3:*

For each call/text identified in your response to Interrogatory No. 1, produce all documents, data,

information materials, testimony and other things that relate to any of the calls, including but not

limited to, all call detail records.

> *Response:* **Defendant Jascott Investments, LLC objects to this request to the extent it seeks material exempt from discovery by the attorney-client privilege, or the attorney work product privilege or protection.**
>
> **Defendant Jascott Investments, LLC objects to this request to the extent it requests production of electronically stored information in an**

Defendant Jascott Investments, LLC's First Supplemental Responses And Answers To Plaintiff's First Set of
Discovery To Jascott Investments, LLC
*Brandon Callier vs. Jascott Enterprises, LLC, et al.*
U.S. District Court, WDTX-El Paso Division; Cause No. 3:22-CV-0301-FM          Page 10 of 27

**audio form that would be too burdensome and costly to produce. Specifically, the request seeks electronically stored audio files, the cost of producing the information in the single requested format would be substantial. Defendant Jascott Investments, LLC intends to produce the electronically stored audio information responsive to this request in its native file format.**

**Subject to said objections, and without waiving same, Defendant Jascott Investments, LLC responds as follows:  Because this request requires the production of voluminous documents, they are not attached to this response.  Instead, Defendant Jascott Investments, LLC will make available to Plaintiff all non-privileged documents in Defendant Jascott Investments, LLC's possession, custody and control, and provide the Plaintiff the reasonable opportunity to examine and copy the documents, at a mutually agreeable date, time and place.  See Attached Exhibit A for a list of documents to be produced.**

*Request for Production No. 4:*

For each communication identified in your response to Interrogatory No. 3, produce all documents, data, information materials, testimony and other things that relate to any of the communications, including but not limited to, all call detail records.

*Response:*        **Defendant Jascott Investments, LLC objects to this request to the extent it seeks material exempt from discovery by the attorney-client privilege, or the attorney work product privilege or protection.**

**Defendant Jascott Investments, LLC objects to this request to the extent it requests production of electronically stored information in an audio form that would be too burdensome and costly to produce. Specifically, the request seeks electronically stored audio files, the cost of producing the information in the single requested format would be substantial. Defendant Jascott Investments, LLC intends to produce the electronically stored audio information responsive to this request in its native file format.**

**Subject to said objections, and without waiving same, Defendant Jascott Investments, LLC responds as follows:  Because this request requires the production of voluminous documents, they are not attached to this response.  Instead, Defendant Jascott Investments,**

Defendant Jascott Investments, LLC's First Supplemental Responses And Answers To Plaintiff's First Set of Discovery To Jascott Investments, LLC
*Brandon Callier vs. Jascott Enterprises, LLC, et al.*
U.S. District Court, WDTX-El Paso Division; Cause No. 3:22-CV-0301-FM            Page 11 of 27

**LLC will make available to Plaintiff all non-privileged documents in Defendant Jascott Investments, LLC's possession, custody and control, and provide the Plaintiff the reasonable opportunity to examine and copy the documents, at a mutually agreeable date, time and place.  See Attached Exhibit A for a list of documents to be produced.**

*Request for Production No. 5:*

All documents relating to complaints made to Jascott Investments, or to any individual or entity retained by Jascott Investments, in any way relating to allegations of violations of the TCPA.

> *Response:*       **Defendant Jascott Investments, LLC objects to this request to the extent it seeks material exempt from discovery by the attorney-client privilege, or the attorney work product privilege or protection.**
>
> **Defendant Jascott Investments, LLC objects to this request to the extent it requests production of electronically stored information in an audio form that would be too burdensome and costly to produce. Specifically, the request seeks electronically stored audio files, the cost of producing the information in the single requested format would be substantial. Defendant Jascott Investments, LLC intends to produce the electronically stored audio information responsive to this request in its native file format.**
>
> **Subject to said objections, and without waiving same, Defendant Jascott Investments, LLC responds as follows:  Because this request requires the production of voluminous documents, they are not attached to this response.  Instead, Defendant Jascott Investments, LLC will make available to Plaintiff all non-privileged documents in Defendant Jascott Investments, LLC's possession, custody and control, and provide the Plaintiff the reasonable opportunity to examine and copy the documents, at a mutually agreeable date, time and place.  See Attached Exhibit A for a list of documents to be produced.**

*Request for Production No. 6:*

All documents concerning Jascott Investments' response to, or investigation into, allegations of violations of the TCPA.

Defendant Jascott Investments, LLC's First Supplemental Responses And Answers To Plaintiff's First Set of Discovery To Jascott Investments, LLC
*Brandon Callier vs. Jascott Enterprises, LLC, et al.*
U.S. District Court, WDTX-El Paso Division; Cause No. 3:22-CV-0301-FM              Page 12 of 27

> **Response:**        **Defendant Jascott Investments, LLC objects to this request to the extent it seeks material exempt from discovery by the attorney-client privilege, or the attorney work product privilege or protection.**
>
> **Subject to said objections, and without waiving same, Defendant Jascott Investments, LLC responds as follows:  None.**

### *Request for Production No. 7:*

All documents concerning legal demand letters, informal complaints, formal lawsuits, and all government enforcement actions or investigations, submitted to Jascott Investments in any way relating to allegations of violations of the TCPA.

> **Response:**        **Defendant Jascott Investments, LLC objects to this request to the extent it seeks material exempt from discovery by the attorney-client privilege, or the attorney work product privilege or protection.**
>
> **Subject to said objections, and without waiving same, Defendant Jascott Investments, LLC responds as follows:  None.**

### *Request for Production No. 8:*

All documents concerning the manner in which Jascott Investments preserves and maintains records relating to alleged violations of the TCPA.

> **Response:**        **Defendant Jascott Investments, LLC objects to this request to the extent it seeks material exempt from discovery by the attorney-client privilege, or the attorney work product privilege or protection.**
>
> **Subject to said objections, and without waiving same, Defendant Jascott Investments, LLC responds as follows:  None.**

### *Request for Production No. 9:*

All documents concerning Jascott Investments' policies and procedures for complying with the TCPA.

Defendant Jascott Investments, LLC's First Supplemental Responses And Answers To Plaintiff's First Set of Discovery To Jascott Investments, LLC
*Brandon Callier vs. Jascott Enterprises, LLC, et al.*
U.S. District Court, WDTX-El Paso Division; Cause No. 3:22-CV-0301-FM                    Page 13 of 27

**Response:**       **Defendant Jascott Investments, LLC objects to this request to the
extent it seeks material exempt from discovery by the attorney-client
privilege, or the attorney work product privilege or protection.**

**Subject to said objections, and without waiving same, Defendant
Jascott Investments, LLC responds as follows:  None.**

## Request for Production No. 10:

All documents that concern or relate to any phone call/text message, made to Plaintiff by Jascott

Investments, including but not limited to, documents showing Plaintiff's consent to call his cell

phone and documents consisting of call detail records.

**Response:**       **Defendant Jascott Investments, LLC objects to this request to the
extent it seeks material exempt from discovery by the attorney-client
privilege, or the attorney work product privilege or protection.**

**Defendant Jascott Investments, LLC objects to this request to the
extent it requests production of electronically stored information in an
audio form that would be too burdensome and costly to produce.
Specifically, the request seeks electronically stored audio files, the cost
of producing the information in the single requested format would be
substantial. Defendant Jascott Investments, LLC intends to produce
the electronically stored audio information responsive to this request
in its native file format.**

**Subject to said objections, and without waiving same, Defendant
Jascott Investments, LLC responds as follows:  Because this request
requires the production of voluminous documents, they are not
attached to this response.  Instead, Defendant Jascott Investments,
LLC will make available to Plaintiff all non-privileged documents in
Defendant Jascott Investments, LLC's possession, custody and
control, and provide the Plaintiff the reasonable opportunity to
examine and copy the documents, at a mutually agreeable date, time
and place.  See Attached Exhibit A for a list of documents to be
produced.**

## Request for Production No. 11:

Defendant Jascott Investments, LLC's First Supplemental Responses And Answers To Plaintiff's First Set of
Discovery To Jascott Investments, LLC
*Brandon Callier vs. Jascott Enterprises, LLC, et al.*
U.S. District Court, WDTX-El Paso Division; Cause No. 3:22-CV-0301-FM                    Page 14 of 27

All documents that evidence Plaintiff's consent to receive calls from Jascott Investments, or any individual or entity acting for yhou.

> *Response:*    **Defendant Jascott Investments, LLC objects to this request to the extent it seeks material exempt from discovery by the attorney-client privilege, or the attorney work product privilege or protection.**
>
> **Defendant Jascott Investments, LLC objects to this request to the extent it requests production of electronically stored information in an audio form that would be too burdensome and costly to produce. Specifically, the request seeks electronically stored audio files, the cost of producing the information in the single requested format would be substantial. Defendant Jascott Investments, LLC intends to produce the electronically stored audio information responsive to this request in its native file format.**
>
> **Subject to said objections, and without waiving same, Defendant Jascott Investments, LLC responds as follows:  Because this request requires the production of voluminous documents, they are not attached to this response.  Instead, Defendant Jascott Investments, LLC will make available to Plaintiff all non-privileged documents in Defendant Jascott Investments, LLC's possession, custody and control, and provide the Plaintiff the reasonable opportunity to examine and copy the documents, at a mutually agreeable date, time and place.  See Attached Exhibit A for a list of documents to be produced.**

*Request for Production No. 12:*

All insurance policies that could possibly afford any coverage with respect to the matters complained of in this case together with all correspondence discussing, accepting or declining coverage or reserving rights with respect thereto.

> *Response:*    **Defendant Jascott Investments, LLC objects to this request to the extent it seeks material exempt from discovery by the attorney-client privilege, or the attorney work product privilege or protection.**
>
> **Subject to said objections, and without waiving same, Defendant Jascott Investments, LLC responds as follows:  None.**

Defendant Jascott Investments, LLC's First Supplemental Responses And Answers To Plaintiff's First Set of Discovery To Jascott Investments, LLC
*Brandon Callier vs. Jascott Enterprises, LLC, et al.*
U.S. District Court, WDTX-El Paso Division; Cause No. 3:22-CV-0301-FM                    Page 15 of 27

***Request for Production No. 13:***

All documents received from third parties that relate to this case, without regard

to time. Responsive materials would include, for example, responses to subpoenas.

> ***Response:*** **Defendant Jascott Investments, LLC objects to this request to the extent it seeks material exempt from discovery by the attorney-client privilege, or the attorney work product privilege or protection.**
>
> **Subject to said objections, and without waiving same, Defendant Jascott Investments, LLC responds as follows:  None.**


***Request for Production No. 14:***

Investigative reports prepared or obtained which in any way reference Plaintiff, Plaintiff's phone

numbers, the events alleged in the Complaint, Plaintiff's Social Security number, Plaintiff's

identity or any allegations or defenses asserted in this action.

> ***Response:*** **Defendant Jascott Investments, LLC objects to this request to the extent it seeks material exempt from discovery by the attorney-client privilege, or the attorney work product privilege or protection.**
>
> **Subject to said objections, and without waiving same, Defendant Jascott Investments, LLC responds as follows:  None.**


***Request for Production No. 15:***

Every document referencing communications between you and Plaintiff or any allegation of

defense asserted in this action.

> ***Response:*** **Defendant Jascott Investments, LLC objects to this request to the extent it seeks material exempt from discovery by the attorney-client privilege, or the attorney work product privilege or protection.**
>
> **Defendant Jascott Investments, LLC objects to this request to the extent it requests production of electronically stored information in an audio form that would be too burdensome and costly to produce.**

Defendant Jascott Investments, LLC's First Supplemental Responses And Answers To Plaintiff's First Set of Discovery To Jascott Investments, LLC
*Brandon Callier vs. Jascott Enterprises, LLC, et al.*
U.S. District Court, WDTX-El Paso Division; Cause No. 3:22-CV-0301-FM                    Page 16 of 27

**Specifically, the request seeks electronically stored audio files, the cost of producing the information in the single requested format would be substantial. Defendant Jascott Investments, LLC intends to produce the electronically stored audio information responsive to this request in its native file format.**

**Subject to said objections, and without waiving same, Defendant Jascott Investments, LLC responds as follows:  Because this request requires the production of voluminous documents, they are not attached to this response.  Instead, Defendant Jascott Investments, LLC will make available to Plaintiff all non-privileged documents in Defendant Jascott Investments, LLC's possession, custody and control, and provide the Plaintiff the reasonable opportunity to examine and copy the documents, at a mutually agreeable date, time and place.  See Attached Exhibit A for a list of documents to be produced.**

### *Request for Production No. 16:*

All documents sent to Plaintiff by you between January 1, 2021 and the present.

*Response:*   **Defendant Jascott Investments, LLC objects to this request to the extent it seeks material exempt from discovery by the attorney-client privilege, or the attorney work product privilege or protection.**

**Subject to said objections, and without waiving same, Defendant Jascott Investments, LLC responds as follows:  Because this request requires the production of voluminous documents, they are not attached to this response.  Instead, Defendant Jascott Investments, LLC will make available to Plaintiff all non-privileged documents in Defendant Jascott Investments, LLC's possession, custody and control, and provide the Plaintiff the reasonable opportunity to examine and copy the documents, at a mutually agreeable date, time and place.  See Attached Exhibit A for a list of documents to be produced.**

### *Request for Production No. 17:*

All archived recordings of all phone calls made to Plaintiff.

Defendant Jascott Investments, LLC's First Supplemental Responses And Answers To Plaintiff's First Set of Discovery To Jascott Investments, LLC
*Brandon Callier vs. Jascott Enterprises, LLC, et al.*
U.S. District Court, WDTX-El Paso Division; Cause No. 3:22-CV-0301-FM            Page 17 of 27

**Response:**      **Defendant Jascott Investments, LLC objects to this request to the extent it seeks material exempt from discovery by the attorney-client privilege, or the attorney work product privilege or protection.**

**Subject to said objections, and without waiving same, Defendant Jascott Investments, LLC responds as follows:  Because this request requires the production of voluminous documents, they are not attached to this response.  Instead, Defendant Jascott Investments, LLC will make available to Plaintiff all non-privileged documents in Defendant Jascott Investments, LLC's possession, custody and control, and provide the Plaintiff the reasonable opportunity to examine and copy the documents, at a mutually agreeable date, time and place.  See Attached Exhibit A for a list of documents to be produced.**

### Request for Production No. 18:

All call detail records for any calls/texts made by you to Plaintiff.

**Response:**      **Defendant Jascott Investments, LLC objects to this request to the extent it seeks material exempt from discovery by the attorney-client privilege, or the attorney work product privilege or protection.**

**Subject to said objections, and without waiving same, Defendant Jascott Investments, LLC responds as follows:  Because this request requires the production of voluminous documents, they are not attached to this response.  Instead, Defendant Jascott Investments, LLC will make available to Plaintiff all non-privileged documents in Defendant Jascott Investments, LLC's possession, custody and control, and provide the Plaintiff the reasonable opportunity to examine and copy the documents, at a mutually agreeable date, time and place.  See Attached Exhibit A for a list of documents to be produced.**

### Request for Production No. 19:

All documents related to any of your defenses in this litigation.

**Response:**      **Defendant Jascott Investments, LLC objects to this request to the extent it seeks material exempt from discovery by the attorney-client privilege, or the attorney work product privilege or protection.**

Defendant Jascott Investments, LLC's First Supplemental Responses And Answers To Plaintiff's First Set of
Discovery To Jascott Investments, LLC
*Brandon Callier vs. Jascott Enterprises, LLC, et al.*
U.S. District Court, WDTX-El Paso Division; Cause No. 3:22-CV-0301-FM          Page 18 of 27

**Defendant Jascott Investments, LLC objects to this request to the extent it requests production of electronically stored information in an audio form that would be too burdensome and costly to produce. Specifically, the request seeks electronically stored audio files, the cost of producing the information in the single requested format would be substantial. Defendant Jascott Investments, LLC intends to produce the electronically stored audio information responsive to this request in its native file format.**

**Subject to said objections, and without waiving same, Defendant Jascott Investments, LLC responds as follows:  Because this request requires the production of voluminous documents, they are not attached to this response.  Instead, Defendant Jascott Investments, LLC will make available to Plaintiff all non-privileged documents in Defendant Jascott Investments, LLC's possession, custody and control, and provide the Plaintiff the reasonable opportunity to examine and copy the documents, at a mutually agreeable date, time and place.  See Attached Exhibit A for a list of documents to be produced.**

*Request for Production No. 20:*

All statements of persons with knowledge of relevant facts regarding this action and/or the

substance of this action.

      *Response:*      **Defendant Jascott Investments, LLC objects to this request to the extent it seeks material exempt from discovery by the attorney-client privilege, or the attorney work product privilege or protection.**

                    **Defendant Jascott Investments, LLC objects to this request to the extent it requests production of electronically stored information in an audio form that would be too burdensome and costly to produce. Specifically, the request seeks electronically stored audio files, the cost of producing the information in the single requested format would be substantial. Defendant Jascott Investments, LLC intends to produce the electronically stored audio information responsive to this request in its native file format.**

                    **Subject to said objections, and without waiving same, Defendant Jascott Investments, LLC responds as follows:  Because this request requires the production of voluminous documents, they are not attached to this response.  Instead, Defendant Jascott Investments, LLC will make available to Plaintiff all non-privileged documents in**

Defendant Jascott Investments, LLC's First Supplemental Responses And Answers To Plaintiff's First Set of Discovery To Jascott Investments, LLC
*Brandon Callier vs. Jascott Enterprises, LLC, et al.*
U.S. District Court, WDTX-El Paso Division; Cause No. 3:22-CV-0301-FM        Page 19 of 27

**Defendant Jascott Investments, LLC's possession, custody and control, and provide the Plaintiff the reasonable opportunity to examine and copy the documents, at a mutually agreeable date, time and place. See Attached Exhibit A for a list of documents to be produced.**

*Request for Production No. 21:*

All documents, including but not limited to correspondence, memoranda, notes, electronic mail messages, and transcriptions of telephone communications, between Plaintiff and any current or former employee or representative of Defendant relating in any way to the subject matter if this action.

*Response:* **Defendant Jascott Investments, LLC objects to this request to the extent it seeks material exempt from discovery by the attorney-client privilege, or the attorney work product privilege or protection.**

**Defendant Jascott Investments, LLC objects to this request to the extent it requests production of electronically stored information in an audio form that would be too burdensome and costly to produce. Specifically, the request seeks electronically stored audio files, the cost of producing the information in the single requested format would be substantial. Defendant Jascott Investments, LLC intends to produce the electronically stored audio information responsive to this request in its native file format.**

**Subject to said objections, and without waiving same, Defendant Jascott Investments, LLC responds as follows: Because this request requires the production of voluminous documents, they are not attached to this response. Instead, Defendant Jascott Investments, LLC will make available to Plaintiff all non-privileged documents in Defendant Jascott Investments, LLC's possession, custody and control, and provide the Plaintiff the reasonable opportunity to examine and copy the documents, at a mutually agreeable date, time and place. See Attached Exhibit A for a list of documents to be produced.**

*Request for Production No. 22:*

Defendant Jascott Investments, LLC's First Supplemental Responses And Answers To Plaintiff's First Set of Discovery To Jascott Investments, LLC
*Brandon Callier vs. Jascott Enterprises, LLC, et al.*
U.S. District Court, WDTX-El Paso Division; Cause No. 3:22-CV-0301-FM          Page 20 of 27

Any other document, not covered by any previous request that you plan to introduce at trial.

**Response:** **Defendant Jascott Investments, LLC objects to this request to the extent it seeks material exempt from discovery by the attorney-client privilege, or the attorney work product privilege or protection.**

**Defendant Jascott Investments, LLC objects to this request to the extent it requests production of electronically stored information in an audio form that would be too burdensome and costly to produce. Specifically, the request seeks electronically stored audio files, the cost of producing the information in the single requested format would be substantial. Defendant Jascott Investments, LLC intends to produce the electronically stored audio information responsive to this request in its native file format.**

**Subject to said objections, and without waiving same, Defendant Jascott Investments, LLC responds as follows:  Because this request requires the production of voluminous documents, they are not attached to this response.  Instead, Defendant Jascott Investments, LLC will make available to Plaintiff all non-privileged documents in Defendant Jascott Investments, LLC's possession, custody and control, and provide the Plaintiff the reasonable opportunity to examine and copy the documents, at a mutually agreeable date, time and place.  See Attached Exhibit A for a list of documents to be produced.**

*Request for Production No. 23:*

All documents, electronically stored information, and tangible things that you have in your possession, custody, or control and may use to support your claims or defenses, unless the use would be solely for impeachment.

**Response:** **Defendant Jascott Investments, LLC objects to this request to the extent it seeks material exempt from discovery by the attorney-client privilege, or the attorney work product privilege or protection.**

**Defendant Jascott Investments, LLC objects to this request to the extent it requests production of electronically stored information in an audio form that would be too burdensome and costly to produce. Specifically, the request seeks electronically stored audio files, the cost of producing the information in the single requested format would be substantial. Defendant Jascott Investments, LLC intends to produce**

Defendant Jascott Investments, LLC's First Supplemental Responses And Answers To Plaintiff's First Set of Discovery To Jascott Investments, LLC
*Brandon Callier vs. Jascott Enterprises, LLC, et al.*
U.S. District Court, WDTX-El Paso Division; Cause No. 3:22-CV-0301-FM          Page 21 of 27

**the electronically stored audio information responsive to this request in its native file format.**

**Subject to said objections, and without waiving same, Defendant Jascott Investments, LLC responds as follows:  Because this request requires the production of voluminous documents, they are not attached to this response.  Instead, Defendant Jascott Investments, LLC will make available to Plaintiff all non-privileged documents in Defendant Jascott Investments, LLC's possession, custody and control, and provide the Plaintiff the reasonable opportunity to examine and copy the documents, at a mutually agreeable date, time and place.  See Attached Exhibit A for a list of documents to be produced.**

*Request for Production No. 24:*

Each document contained in any of the categories of documents identified in you Initial

Disclosures in this litigation.

> *Response:* **Defendant Jascott Investments, LLC objects to this request to the extent it seeks material exempt from discovery by the attorney-client privilege, or the attorney work product privilege or protection.**
>
> **Defendant Jascott Investments, LLC objects to this request to the extent it requests production of electronically stored information in an audio form that would be too burdensome and costly to produce. Specifically, the request seeks electronically stored audio files, the cost of producing the information in the single requested format would be substantial. Defendant Jascott Investments, LLC intends to produce the electronically stored audio information responsive to this request in its native file format.**
>
> **Subject to said objections, and without waiving same, Defendant Jascott Investments, LLC responds as follows:  Because this request requires the production of voluminous documents, they are not attached to this response.  Instead, Defendant Jascott Investments, LLC will make available to Plaintiff all non-privileged documents in Defendant Jascott Investments, LLC's possession, custody and control, and provide the Plaintiff the reasonable opportunity to examine and copy the documents, at a mutually agreeable date, time and place.  See Attached Exhibit A for a list of documents to be produced.**

Defendant Jascott Investments, LLC's First Supplemental Responses And Answers To Plaintiff's First Set of Discovery To Jascott Investments, LLC
*Brandon Callier vs. Jascott Enterprises, LLC, et al.*
U.S. District Court, WDTX-El Paso Division; Cause No. 3:22-CV-0301-FM          Page 22 of 27

*Request for Production No. 25:*

All electronically stored information concerning the Plaintiff and any contact with the Plaintiff.

> *Response:*     **Defendant Jascott Investments, LLC objects to this request to the extent it seeks material exempt from discovery by the attorney-client privilege, or the attorney work product privilege or protection.**
>
> **Defendant Jascott Investments, LLC objects to this request to the extent it requests production of electronically stored information in an audio form that would be too burdensome and costly to produce. Specifically, the request seeks electronically stored audio files, the cost of producing the information in the single requested format would be substantial. Defendant Jascott Investments, LLC intends to produce the electronically stored audio information responsive to this request in its native file format.**
>
> **Subject to said objections, and without waiving same, Defendant Jascott Investments, LLC responds as follows:  Because this request requires the production of voluminous documents, they are not attached to this response.  Instead, Defendant Jascott Investments, LLC will make available to Plaintiff all non-privileged documents in Defendant Jascott Investments, LLC's possession, custody and control, and provide the Plaintiff the reasonable opportunity to examine and copy the documents, at a mutually agreeable date, time and place.  See Attached Exhibit A for a list of documents to be produced.**

*Request for Production No. 26:*

All documents, data, materials testimony or other things that you have possession, custody or control over, that support or refute any affirmative defense you claim applies to the allegations set forth in the Complaint.

> *Response:*     **Defendant Jascott Investments, LLC objects to this request to the extent it seeks material exempt from discovery by the attorney-client privilege, or the attorney work product privilege or protection.**

Defendant Jascott Investments, LLC's First Supplemental Responses And Answers To Plaintiff's First Set of Discovery To Jascott Investments, LLC
*Brandon Callier vs. Jascott Enterprises, LLC, et al.*
U.S. District Court, WDTX-El Paso Division; Cause No. 3:22-CV-0301-FM                    Page 23 of 27

**Defendant Jascott Investments, LLC objects to this request to the extent it requests production of electronically stored information in an audio form that would be too burdensome and costly to produce. Specifically, the request seeks electronically stored audio files, the cost of producing the information in the single requested format would be substantial. Defendant Jascott Investments, LLC intends to produce the electronically stored audio information responsive to this request in its native file format.**

**Subject to said objections, and without waiving same, Defendant Jascott Investments, LLC responds as follows:  Because this request requires the production of voluminous documents, they are not attached to this response.  Instead, Defendant Jascott Investments, LLC will make available to Plaintiff all non-privileged documents in Defendant Jascott Investments, LLC's possession, custody and control, and provide the Plaintiff the reasonable opportunity to examine and copy the documents, at a mutually agreeable date, time and place.  See Attached Exhibit A for a list of documents to be produced.**

*Request for Production No. 27:*

Each document in your possession signed by Plaintiff giving you permission to call/text

Plaintiff's cell phones.

*Response:*        **Defendant Jascott Investments, LLC objects to this request to the extent it seeks material exempt from discovery by the attorney-client privilege, or the attorney work product privilege or protection.**

**Defendant Jascott Investments, LLC objects to this request to the extent it requests production of electronically stored information in an audio form that would be too burdensome and costly to produce. Specifically, the request seeks electronically stored audio files, the cost of producing the information in the single requested format would be substantial. Defendant Jascott Investments, LLC intends to produce the electronically stored audio information responsive to this request in its native file format.**

**Subject to said objections, and without waiving same, Defendant Jascott Investments, LLC responds as follows:  Because this request requires the production of voluminous documents, they are not attached to this response.  Instead, Defendant Jascott Investments, LLC will make available to Plaintiff all non-privileged documents in**

Defendant Jascott Investments, LLC's First Supplemental Responses And Answers To Plaintiff's First Set of Discovery To Jascott Investments, LLC
*Brandon Callier vs. Jascott Enterprises, LLC, et al.*
U.S. District Court, WDTX-El Paso Division; Cause No. 3:22-CV-0301-FM                    Page 24 of 27

Defendant Jascott Investments, LLC's possession, custody and control, and provide the Plaintiff the reasonable opportunity to examine and copy the documents, at a mutually agreeable date, time and place. **See Attached Exhibit A for a list of documents to be produced.**

November 26, 2023                                 Respectfully submitted,

                                                  **The Nevarez Law Firm, PC**
                                                  Attorneys and Counselors At Law
                                                  7362 Remcon Circle
                                                  El Paso, Texas 79912
                                                  Telephone: (915) 225-2255
                                                  Facsimiles: (915) 845-3405

                                                  /s/ Michael R. Nevarez
                                                  **MICHAEL R. NEVAREZ**
                                                  State Bar No. 14933400

                                                  Attorney for Defendant
                                                          Jascott Investments, LLC

Defendant Jascott Investments, LLC's First Supplemental Responses And Answers To Plaintiff's First Set of Discovery To Jascott Investments, LLC
*Brandon Callier vs. Jascott Enterprises, LLC, et al.*
U.S. District Court, WDTX-El Paso Division; Cause No. 3:22-CV-0301-FM                    Page 25 of 27

**DECLARATION OF MITCHELL SCOTT**
**IN SUPPORT OF DEFENDANT JASCOTT INVESTMENTS, LLC'S**
**FIRST SUPPLEMENTAL RESPONSES AND ANSWERS TO**
**PLAINTIFF'S FIRST SET OF DISCOVERY TO**
**JASCOTT INVESTMENTS, LLC**

I, Mitchell Scott, under penalty of perjury pursuant to 28 U.S.C. § 1746, do hereby state, attest and declare the following:

1.      My name is Mitchell Scott, and I am a member and director of Jascott Investments, LLC (hereinafter referred to as "Defendant") in the above-captioned proceedings.

2.      I am over the age of twenty-one (21) years and fully competent and authorized in all respects to execute this declaration and, in fact, if called to testify at a hearing regarding the above-referenced motion, this declaration would constitute a proffer to testimony.  All matters stated herein are within my personal knowledge and are true and correct.  I submit this Declaration in support of Defendant Jascott Investments, LLC's First Supplemental Responses And Answers To Plaintiff's First Set of Discovery To Jascott Investments, LLC.

Further Declarant Sayeth Not.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____, 2023.

_____
**MITCHELL SCOTT**

Defendant Jascott Investments, LLC's First Supplemental Responses And Answers To Plaintiff's First Set of Discovery To Jascott Investments, LLC
*Brandon Callier vs. Jascott Enterprises, LLC, et al.*
U.S. District Court, WDTX-El Paso Division; Cause No. 3:22-CV-0301-FM          Page 26 of 27

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **DEFENDANT JASCOTT INVESTMENTS, LLC'S FIRST SUPPLEMENTAL RESPONSES AND ANSWERS TO PLAINTIFF'S FIRST SET OF DISCOVERY TO JASCOTT INVESTMENTS, LLC**, with all supporting attachments, exhibits, and affidavits referenced therein, if any, was served either by regular first-class mail, postage prepaid, and/or by e-Filing via an Electronic Filing Service Provider, and/or via facsimile, to the following parties in interest, on this November 26, 2023:

**COUNSEL FOR PLAINTIFF:**
Chris R. Miltenberger
The Law Office of Chris R. Miltenberger, PLLC
1360 N. White Chapel, Suite 200
Southlake, Texas 76092
Email:  chris@crmlawpractice.com


/s/ Michael R. Nevarez
**MICHAEL R. NEVAREZ**

Defendant Jascott Investments, LLC's First Supplemental Responses And Answers To Plaintiff's First Set of Discovery To Jascott Investments, LLC
*Brandon Callier vs. Jascott Enterprises, LLC, et al.*
U.S. District Court, WDTX-El Paso Division; Cause No. 3:22-CV-0301-FM          Page 27 of 27