# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| BRANDON CALLIER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CAUSE NO. 3:22-cv-00301-FM |
| | § | |
| JASCOTT ENTERPRISES, LLC, | § | |
| JASCOTT INVESTMENTS, LLC, and, | § | |
| JOHN DOES 1-4, | § | |
| | § | |
| Defendants. | § | |

### DECLARATION UNDER PENALTY OF PERJURY BY MITCHELL SCOTT IN SUPPORT OF DEFENDANT JASCOTT INVESTMENTS, LLC'S OPPOSED MOTION FOR SUMMARY JUDGMENT

I, Mitchell Scott, pursuant to 28 U.S. Code § 1746, declare under penalty of perjury, that the following facts are true and correct, to the best of my knowledge, information and belief:

1. "My name is Mitchell Scott. I am over the age of 18 and currently dwelling in the State of Minnesota at 15727 Porchlight Lane, Eden Prairies, MN 55347. I am of sound mind and capable of understanding and making this affidavit. All matters stated herein are within my personal knowledge and true and correct.

2. I am the sole owner, Manager and Member of JaScott Investments LLC ("INVESTMENTS").

3. I personally reviewed the "Defendant Jascott Investments, LLC's Opposed Motion For Summary Judgment" (hereinafter "Motion"), and the Exhibits attached thereto, which are herein incorporated by reference thereto.

4. I have personal knowledge of all of the facts and contentions stated in said

Motion, and do hereby declare and affirm that all of the facts and contentions stated therein are true and correct to the very best of my knowledge and information, and, if called as a witness, could appear and testify competently thereto.

5. INVESTMENTS' business consists of securing cash-flow financing and working capital loans for small business entities, business process outsourcing, and arranging residential mortgage loans for individuals through its Broker, Anatsu Lending.

6. INVESTMENTS has never engaged in telemarketing or cold-calling and only makes "live" calls, and never solicits customers by recorded calls.

7. INVESTMENTS obtains new customers for its small business financing by advertising on Google and Facebook, and by obtaining referrals from independent lead-generator vendors, accountants, and other financial professionals. (See attached web pages).

**A. Green Arrow.**

8. Hello Tech Solutions, Ltd. ("HELLO TECH"), doing business as "Green Arrow Capital" ("GREEN ARROW"), is among the independent lead-generator vendors which provide INVESTMENTS with referrals.

9. Based upon representations made to me by HELLO TECH d/b/a GREEN ARROW, it is my belief GREEN ARROW receives leads from business entities responding to GREEN ARROW's internet advertising, such as Google ads, company websites, and online marketing on social media such as Instagram and Facebook.

10. Based upon representations made to me by HELLO TECH d/b/a GREEN ARROW, it is my belief GREEN ARROW's referrals are limited to prospective business clients who have given permission to be contacted by business lenders such as INVESTMENTS.

11. INVESTMENTS has no control or authority over HELLO TECH or GREEN

Declaration Under Penalty Of Perjury By Mitchell Scott In Support Of
Defendant Jascott Investments, LLC's Opposed Motion For Summary Judgment
*Brandon Callier vs. Jascott Enterprises, LLC, et al.*
U.S. District Court, WDTX-El Paso Division; Cause No. 3:22-cv-0301-FM                Page 2 of 7

DocuSign Envelope ID: 0C2C8B34-9BFC-4521-8A19-F3B4B020515A
Case 3:22-cv-00301-FM Document 132-17 Filed 02/15/24 Page 3 of 7
Case 3:22-cv-00301-FM Document 138-7 Filed 02/26/24 Page 3 of 7

ARROW's means, method or manner of executing telephone calls to prospective business clients.

12. Each referral INVESTMENTS receives from GREEN ARROW identifies a business which has provided GREEN ARROW the name under which it operates, the name of the entity's contact, the entity's phone number and email address, and the amount of financing sought.

B. **CALLIER's Business Inquiry With GREEN ARROW.**

13. On or about April 2, 2022, GREEN ARROW, by and through Max Williams, forwarded to INVESTMENTS a business referral regarding Brandon Callier ("CALLIER"). The referral, as written and delivered by GREEN ARROW, appears in its original Excel form at Motion, Exhibit A, Page 7, Jascott Investments-0002.

14. The referral listed the applicant's name, Brandon Callier ("CALLIER"), name of the entity, Aero Services LLC, the phone number, (915) 363-4604, and the email address, callier74@gmail.com.

15. In turn, the information received in the referral from GREEN ARROW's Max Williams was forwarded by me, on behalf of INVESTMENTS, to Sygnius Solutions ("SYGNIUS"), an independent contractor registered as a private limited call center company based in Dhaka, Bangladesh.

C. **INVESTMENTS' Referral To SYGNIUS.**

16. Upon receipt of the CALLIER referral from me, on behalf of INVESTMENTS, SYGNIUS tasked Mr. Mark Fawzy ("FAWZY"), an employee and a customer service representative of SYGNIUS, with collecting business loan information and documentation from CALLIER.

Declaration Under Penalty Of Perjury By Mitchell Scott In Support Of
Defendant Jascott Investments, LLC's Opposed Motion For Summary Judgment
*Brandon Callier vs. Jascott Enterprises, LLC, et al.*
U.S. District Court, WDTX-El Paso Division; Cause No. 3:22-cv-0301-FM                Page 3 of 7

17. As a Customer Service Representative ("CSR"), I provided FAWZY with INVESTMENTS's "Standard Operations Procedures for Phone Sales" ("SOP"). The first paragraph of the SOP reads: "Do Not Cold Call. First and most important, only call people who have expressed interest in receiving our products." (See Motion, Exhibit A, Page 273, Jascott Investments-0268).

18. The SOP states what information the CSR should request from a consumer. The SOP directs the CSR not to attempt to contact the consumer "more than 3 times." The SOP states that if the consumer is "no longer interested in our offer, ask if we can follow up in 3 months to see if things have changed." (Motion, Exhibit A, Pages 273-74, Jascott Investments-269-270).

19. SYGNIUS determined the number of hours FAWZY worked, and the manner of FAWZY's activity. Other than the SOP, INVESTMENTS did not provide FAWZY a script, and had no control or authority over the methods or manner in which FAWZY performed the CSR role.

20. The two phone numbers FAWZY used at SYGNIUS, (612) 662-4205 and (612) 662-4225, were dedicated for use by SYGNIUS, and otherwise were not used by or associated with INVESTMENTS.

D. **CALLIER's Business Inquiry With FAWZY.**

21. On April 6, 2022, FAWZY sent an email to CALLIER. The email contained the reference line "Working Capital Loan of $60k for Aero Services", and referred by name to a GREEN ARROW employee, Max Williams. (See, ECF No. 40-3, Page 19, Exhibit N).

22. On April 8, 2022, during a recorded telephone call with FAWZY, CALLIER confirmed he was looking for business financing, confirmed his contact information, discussed

Declaration Under Penalty Of Perjury By Mitchell Scott In Support Of
Defendant Jascott Investments, LLC's Opposed Motion For Summary Judgment
*Brandon Callier vs. Jascott Enterprises, LLC, et al.*
U.S. District Court, WDTX-El Paso Division; Cause No. 3:22-cv-0301-FM          Page 4 of 7

his preferred repayment terms and stated he had no outstanding loans. CALLIER also confirmed he had been emailed a loan application and promised to return the completed application in 20 minutes. (See, Motion, Exhibit A, 2022-04-08 call recording, Jascott Investments-0004) (See, Motion, Exhibit A, Jascott Investments-0006).

23. Although CALLIER had represented himself to GREEN ARROW under the name of his business entity, Aero Services LLC, CALLIER completed a Jascott "Loan application", and provided supporting bank statements, on behalf of a company named "Gonna Keep on Truckin LLC." (See Motion, Exhibit A, Pages 12-43, Jascott Investments-0007-0038, for the Bank Statements) (See Motion, Exhibit A, Page 59, Jascott Investments-0054, for the Loan Application).

24. As a result, INVESTMENTS believed CALLIER was acting on behalf of "Aero Services, LLC." (See Motion, Exhibit A, Pages 45-46, Jascott Investments-0040, 0041, for Emails of April 8, 2022).

25. On the Jascott Loan Application, however, CALLIER listed himself as "Business Owner Information (1)", having "100" % Ownership, therein providing his Cell Phone as 915-383-4604. CALLIER's signature, as "Applicant", represented he was authorized to sign the application on behalf of Company "Gonna Keep on Truckin LLC", and that the application's information and supporting documents were true, accurate and complete. (See Motion, Exhibit A, Page 59, Jascott Investments-0054).

26. On April 12, 2022, in a recorded telephone conversation between FAWZY and CALLIER:

    a. FAWZY informed CALLIER he qualified for financing.

    b. FAWZY asked CALLIER if he was "willing to hear the offer for

Declaration Under Penalty Of Perjury By Mitchell Scott In Support Of
Defendant Jascott Investments, LLC's Opposed Motion For Summary Judgment
*Brandon Callier vs. Jascott Enterprises, LLC, et al.*
U.S. District Court, WDTX-El Paso Division; Cause No. 3:22-cv-0301-FM      Page 5 of 7

      $50,000?" CALLIER responded, "Yeah." FAWZY requested authorization to "prepare the contract paper." CALLIER responded, "Yeah. Go ahead."

  c. CALLIER ended the conversation by promising to email FAWZY a copy of his driver's license.

  27. The same day, April 12, 2022, CALLIER emailed INVESTMENTS a copy of a voided check from the bank account of Gonna Keep on Truckin, LLC, and a photograph of his driver's license, as FAWZY had requested. (See Motion, Exhibit A, Pages 121-22, Jascott Investments-0116-0117).

  28. As a result, a contract for CALLIER's loan was emailed to him on April 13, 2022. (See Exhibit "C" of Plaintiff's Original Complaint (with exhibits), filed August 26, 2022).

  29. In a written response, CALLIER stated he wished to proceed with the loan, but wanted to change the contract's repayment terms from bi-weekly to weekly. (See, CALLIER letter, April 13, 2022, Plaintiff's Original Complaint (with exhibits), filed August 26, 2022, Exhibit C, Page 37).

  30. On April 21, 2022, during a recorded telephone call between FAWZY and CALLIER, CALLIER requested that FAWZY re-send CALLIER the loan contract that had been previously emailed to him. (See Motion, Exhibit A, Jascott Investments-0225, for the 2022-04-21 call recording).

  31. During the recorded telephone call between FAWZY and CALLIER on April 21, 2022, CALLIER confirmed he received the emailed copy of the loan contract and told FAWZY: "Give me 20 minutes to read this. … I'll be back with you shortly." (See Motion, Exhibit A, Jascott Investments-0225, for the 2022-04-21 call recording).

  32. However, CALLIER failed to call FAWZY, so FAWZY texted CALLIER: "Sir, can you please call back." CALLIER responded: "I'm eating lunch with my staff." (See Motion,

Declaration Under Penalty Of Perjury By Mitchell Scott In Support Of
Defendant Jascott Investments, LLC's Opposed Motion For Summary Judgment
*Brandon Callier vs. Jascott Enterprises, LLC, et al.*
U.S. District Court, WDTX-El Paso Division; Cause No. 3:22-cv-0301-FM Page 6 of 7

Exhibit A, Page 236, Jascott Investments-0231).

33. INVESTMENTS ended its business relationship with SYGNIUS on April 25, 2022, after which neither FAWZY nor any other SYGNIUS employee performed a CSR role for INVESTMENTS. There were no further efforts by INVESTMENTS to contact CALLIER.

34. Mr. Callier at no time before, during or after the follow-up phone call of April 2, 2022:

    a. Informed INVESTMENTS, or me, that his phone number of (915) 383-4604 was a residential phone number;

    b. Informed INVESTMENTS, or me, that he was on a "Do-Not-Call Registry"

    c. Informed INVESTMENTS, or me, that he was not seeking or applying for a business loan;

    d. Informed INVESTMENTS, or me, that he was not going to close on a business loan; or

    e. Revoked his consent to receive calls, texts, and e-mails from INVESTMENTS, or me.

Further Declarant Sayeth Not

###

EXECUTED on \_\_\_1/24/2024_____, 2024.

_____
Mitchell Scott,
Declarant

Declaration Under Penalty Of Perjury By Mitchell Scott In Support Of
Defendant Jascott Investments, LLC's Opposed Motion For Summary Judgment
*Brandon Callier vs. Jascott Enterprises, LLC, et al.*
U.S. District Court, WDTX-El Paso Division; Cause No. 3:22-cv-0301-FM    Page 7 of 7