IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| BRANDON CALLIER, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | EP-22-CV-00301-FM |
| JASCOT ENTERPRISES, LLC; | § | |
| JASCOTT INVESTMENTS, LLC; and | § | |
| JOHN DOES 1–4, | § | |
| | § | |
| *Defendants*. | § | |

### MEMORANDUM OPINION AND ORDER

Before the Court are the following submissions:

- Plaintiff Brandon Callier's ("Plaintiff") "Motion to Strike the Declaration of Farhan Shariar" ("Plaintiff's Motion to Strike") (ECF No. 124), filed on February 8, 2024;

- Plaintiff's "Objections to the Admissibility of Evidence and Motion to Strike" ("Plaintiff's Objections to Evidence") (ECF No. 125), filed on February 8, 2024;

- Plaintiff's "Motion to Strike the Evidence Submitted by JaScott Investments in Its Reply Brief" (Plaintiff's Motion to Strike Evidence in Reply") (ECF No. 138), filed on February 22, 2024;

- Plaintiff's "Objections to the Admissibility of JaScott's New Evidence and Motion to Strike" ("Plaintiff's Objections to New Evidence") (ECF No. 139), filed on February 22, 2024; and

- Defendant JaScott Investments, LLC's ("Investments") "Motion for Leave to File Amended Designation of Potential Witnesses" ("Investments Motion") (ECF No. 135), filed on February 22, 2024.

On February 29, 2024, Senior United States District Judge Frank Montalvo referred the motions to the undersigned Magistrate Judge for determination pursuant to 28 U.S.C. § 636(b)(1)(A) and Rule 1(c) of Appendix C to the Local Rules.  For the reasons set forth below:

- Plaintiff's Motion to Strike the Declaration of Farhan Shariar is **GRANTED**;

- Plaintiff's Objections to the Admissibility of Evidence and Motion to Strike is **GRANTED in part** and **DENIED in part**;

- Plaintiff's Motion to Strike the Evidence Submitted by JaScott Investments in Its Reply Brief is **GRANTED in part** and **DENIED in part**;

- Plaintiff's Objections to the Admissibility of JaScott's New Evidence and Motion to Strike is **GRANTED in part** and **DENIED in part**; and

- Investments' Motion for Leave to File Amended Designation of Potential Witnesses is **DENIED**.

I.   BACKGROUND

This case arises under the Telephone Consumer Protection Act ("TCPA").  Plaintiff alleges that Investments, among others, made uninvited phone calls to him to try to solicit business.  Pl.'s First Am. Compl. ¶¶ 31, 35, ECF No. 43.  Plaintiff claims that he received "at least 111 phone calls" from Investments and other defendants over the course of April 4, 2022, to August 22, 2022.  *Id.* at ¶¶ 31, 69.  He further alleges that none of these phone calls were made with prior express written consent.  *Id.* at ¶ 35.

Investments filed its designation of potential witnesses on October 27, 2023.  *See* Investments' Designation Potential Witnesses, Potential Testifying Experts & List Proposed Exs. [hereinafter "Investments' Designation"], ECF No. 87.  It included Max Williams ("Williams") as a fact witness but did not include Farhan Shariar ("Shariar").  *Id.* at 3.  On January 25, 2024,

Investments filed its motion for summary judgment. *See* Investments' Opposed Mot. Summ. J., ECF No. 118. One of the attached exhibits was the "Declaration Under Penalty of Perjury by Farhan Shariar in Support of Defendant JaScott Investment, [sic] LLC's Opposed Motion for Summary Judgment" ("Shariar Declaration I") (ECF No. 118-5). Another attached exhibit was the "Declaration Under Penalty of Perjury by Mitchell Scott in Support of Defendant JaScott Investments, LLC's Opposed Motion for Summary Judgment" ("Scott Declaration I") (ECF No. 118-6).

After Plaintiff responded to the motion, Investments filed a reply with two differently worded declarations from Mitchell Scott ("Scott") and Shariar. One is titled "Declaration Under Penalty of Perjury by Mitchell Scott in Support of Defendant JaScott Investments, LLC's Reply to Plaintiff Brandon Callier's Opposition to JaScott Investments, LLC's Motion for Summary Judgment" ("Scott Declaration II") (App. Investments' Reply Pl.'s Opp'n Investments' Mot. Summ. J. Ex. 2, ECF No. 133-1) and the other is "Declaration Under Penalty of Perjury by Farhan Shariar in Support of Defendant JaScott Investments, LLC's Response in Opposition to Plaintiff Brandon Callier's Motion to Strike the Declaration of Farhan Shariar" ("Shariar Declaration II") (App. Investments' Reply Pl.'s Opp'n Investments' Mot. Summ. J. Ex. 3, ECF No. 133-1).

On February 8, 2024, Plaintiff filed his Motion to Strike the Declaration of Farhan Shariar, referring to Shariar Declaration I. *See* Pl.'s Mot. Strike, ECF No. 124. Plaintiff also filed objections to the admissibility of certain evidence in Scott Declaration I and Shariar Declaration I (if his motion to strike Shariar Declaration I as a whole was denied). *See* Pl.'s Objs. Evid., ECF No. 125. Investments filed responses (ECF Nos. 132, 134) to both motions, and Plaintiff filed replies (ECF Nos. 136, 137).

3

On February 22, 2024, Investments filed its Motion for Leave to File Amended Designation of Potential Witnesses, seeking to add Shariar as a fact witness. *See* Investments' Mot, ECF No. 135. Plaintiff filed a response (ECF No. 140) and Investments replied (ECF No. 146). Also on February 22, Plaintiff filed his motions objecting to the inclusion of Scott Declaration II and Shariar Declaration II and objecting to certain evidence within both declarations. *See* Pl.'s Mot. Strike Evid. Reply, ECF No. 138; Pl.'s Objs. New Evid., ECF No. 139. Investments responded to both of these motions (ECF Nos. 141, 142) and Plaintiff replied (ECF Nos. 144, 145).

## II.     DISCUSSION

**A.  Investments' Motion for Leave to File Amended Designation of Potential Witnesses**

Federal Rule of Civil Procedure 16(b) "governs amendment of pleadings after a scheduling order deadline has expired." *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003). Rule 16(b) requires that good cause is needed before a scheduling order may be modified. *Id.* at 535. Good cause requires a four-part test: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.* at 536 (cleaned up). After good cause is shown, "the more liberal standard of Rule 15(a) appl[ies] to the district court's decision to grant or deny leave." *Id.*

Williams was designated as a witness in this case by both Plaintiff and Investments. Pl.'s Witness List 1, ECF No. 76; Investments' Designation 3. According to Investments, Williams was employed by a company called Hello Tech d/b/a Green Arrow ("Green Arrow") and received an inquiry from Plaintiff about obtaining a business loan, "thereby effectively providing consent to be contacted by third-party funding sources such as Investments." Investments' Mot. ¶ 8. Shariar is the operations manager at Green Arrow. *Id.* at ¶ 4. On January 10, 2024, Investments spoke

4

with Shariar and learned that Williams was no longer employed by Green Arrow and that his whereabouts were unknown. *Id.* As a result, Investments seeks to replace Williams' testimony with that of Shariar, who, per Investments, has personal knowledge of the same facts and events. *Id.* at ¶ 5.

Investments was required to submit its designation of witnesses by October 27, 2023, and it timely did so. Am. Scheduling Order 2, ECF No. 64; *see* Investments' Designation. Therefore, good cause is required for Investments to submit an amended witness list at this time. Investments argues that good cause exists because it only found out about the unavailability of Williams as a witness in January, and it sought leave to substitute Shariar for Williams at the earliest opportunity it had. Investments Mot. ¶¶ 26–27. Shariar's testimony is critically important, per Investments, because it establishes that Plaintiff provided prior consent to being contacted by Investments. *Id.* at ¶ 28. Investments argues that Callier will not be prejudiced by allowing the amendment, because Shariar will simply provide the same testimony as Williams would have, and Plaintiff had included Williams as a fact witness. *Id.* at ¶¶ 36–39. Investments argues that a deposition could be scheduled and held without delaying the proceedings. *Id.* at ¶ 44.

Plaintiff argues that the testimony of Shariar and Williams is not interchangeable, since Shariar is aware of more alleged contacts between Plaintiff and Green Arrow than Williams would have been. Pl.'s Resp. & Obj. Investments' Mot. 2, ECF No. 140. Plaintiff argues that he will face prejudice because he has not had "the benefit of pretrial discovery regarding Shariar's allegations." *Id.* at 3. Further, Plaintiff has already spent time and effort on his motion for summary judgment, "which will be altered by the introduction of witnesses not previously disclosed prior to the summary judgment motions being filed." *Id.* Plaintiff argues that he would require more discovery than just a deposition of Shariar, so a continuance would be needed. *Id.* at 3–4.

In its reply, Investments argues that Plaintiff knew by October 2023 (through Investments' designation of witnesses) that Green Arrow had discoverable information about the case. Investments' Reply Pl.'s Resp. & Obj. Investments' Mot. ¶ 4, ECF No. 146. Investments argues that Plaintiff had plenty of time to conduct discovery regarding Williams and Green Arrow, especially given that Plaintiff himself identified Williams as an individual who violated the TCPA in Plaintiff's First Amended Complaint. *Id.* at ¶¶ 10–13. Investments argues that both Shariar and Williams had multiple phone conversations with Plaintiff: Williams could have testified about three calls he had with Plaintiff, while Shariar can testify about two calls. *Id.* at ¶¶ 28–33. Investments also argues that, since Plaintiff did not engage in discovery regarding Williams or Green Arrow earlier, there is no reason that Plaintiff should seek extensive discovery regarding Shariar now. *Id.* at ¶¶ 57–61.

The Court is unconvinced by Investments' explanation for the failure to timely move to amend. Investments argues that Shariar's testimony is critically important because it will go to the issue of consent, thus negating one of the elements of Plaintiff's TCPA claim and establishing Investments' affirmative defense. Investments' Mot. ¶¶ 28–30. Investments also argues that Shariar's and Williams' testimony would be substantially identical. Given these facts, it is remarkable that Investments provides no explanation for its own failure to seek out Williams until January 10, 2024, a mere three months before the trial date in this case.[1] By its own admission, Investments was aware of Williams' existence by the time of the filing of Plaintiff's First Amended Complaint, which was on January 24, 2023. Investments also designated Williams as a witness in its witness list filed on October 27, 2023, without looking into whether Williams was available to testify. Therefore, the Court finds that this factor weighs in favor of Plaintiff.

---

[1] Trial is currently set for Monday, April 29, 2024. Am. Scheduling Order 3.

The second, third, and fourth factors are in Plaintiff's favor as well. As already discussed, Shariar's testimony could be vitally important to this case. Therefore, allowing Investments to introduce his testimony at this late date would be prejudicial to Plaintiff. Further, as Plaintiff points out, Plaintiff has already filed its motion for summary judgment. Moreover, the Court is not convinced that at this stage, with discovery closed and the deadline for dispositive motions passed, that a continuance would cure the prejudice to Plaintiff. Therefore, the Court concludes that there is not good cause to allow Investments to file an amended designation of potential witnesses, and Investments' Motion is denied.

**B. Plaintiff's Motion to Strike the Declaration of Farhan Shariar**

Plaintiff moves to strike Shariar Declaration I, because Investments did not disclose Shariar as an individual likely to have discoverable information.[2] Pl.'s Mot. Strike 1. Plaintiff argues that Investments' failure to disclose Shariar, as required under Federal Rule of Civil Procedure 26, should require excluding Shariar's testimony under Federal Rule of Civil Procedure 37. *Id.* at 4–5.

On February 15, 2024, Investments filed a notice stating that it had served its second supplementary disclosures under Federal Rule of Civil Procedure 26(a)(1) on Plaintiff that same day. *See* Investments' Certificate Second Suppl. Disclosures, ECF No. 129. This second supplementary disclosure included Shariar as an individual likely to have discoverable information. Investments' Resp. Opp'n Pl.'s Mot. Strike ¶ 33, ECF No. 132. Again, Investments explains that its failure to designate Shariar earlier was because it was not aware that Williams was

---

[2] "Prior to December 1, 2010, the proper method by which to attack an affidavit was by filing a motion to strike. . . . Under the now-applicable Rule 56(c)(2), however, it is no longer necessary for a party to file such a motion; instead, the party may simply object to the material." *Cutting Underwater Techs. USA, Inc. v. Eni U.S. Operating Co.*, 671 F.3d 512, 515 (5th Cir. 2012). Thus, Plaintiff's motions to strike will be treated as objections. *See id.* ("In light of this change, [the plaintiff's] Motion to Strike will be treated as an objection.").

unavailable until January 10, 2024. *Id.* at ¶ 35. It argues that "Shariar's testimony is critical to demonstrating [Plaintiff's] bait-and-switch tactic of making a business-to-business inquiry, establishing a business relationship, providing prior consent, then manufacturing TCPA claims by falsely pretending interest in a defendant's product or services." *Id.* at ¶ 36. It further asserts that Plaintiff will not be prejudiced because Plaintiff himself designated Williams as a witness, and Shariar's testimony is "essentially similar" to the testimony that Williams would have offered. *Id.* at ¶ 37. It argues that any prejudice to Plaintiff is self-inflicted, since Plaintiff did not seek discovery from Williams earlier. *Id.*

In his reply, Plaintiff asserts that Investments has provided no reason why the exclusion of Shariar's name earlier was substantially justified. Pl.'s Reply Investments' Resp. Pl.'s Mot. Strike 2, ECF No. 137. Plaintiff states that Investments' plan to rely on Williams' testimony instead "was a choice of [Investments] and does not excuse its neglect in failing to secure evidence prior to the close of discovery." *Id.* at 3. Plaintiff argues that the omission is not harmless and that he will be prejudiced because he will have to go to trial without the benefit of discovery regarding Shariar's testimony. *Id.* at 3–4.

"[A] party must . . . provide to the other parties: (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses . . . ." Fed. R. Civ. P. 26(a)(1)(A). "A party must make its initial disclosures based on the information then reasonably available to it. A party is not excused from making its disclosures because it has not fully investigated the case . . . ." *Id.* 26(a)(1)(E). Additionally, "[a] party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure or response

. . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." *Id.* 26(e)(1)(A).

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion . . . unless the failure was substantially justified or is harmless." *Id.* 37(c)(1). A court should consider the following factors when deciding whether a failure to disclose is harmless: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Texas A&M Rsch. Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003).

Investments' attempt to supplement its Rule 26(a)(1) disclosures and add Shariar as a witness at this late date is not timely. Its supplement comes after the close of discovery, after the deadline to designate potential witnesses, and after it submitted its motion for summary judgment with Shariar Declaration I attached. *See Charter Sch. Sols. v. GuideOne Mut. Ins.*, No. EP-18-CV-61-KC, 2019 WL 5258055, at *4 (W.D. Tex. June 28, 2019) ("Because Plaintiff filed its disclosure [adding an additional fact witness] after both the original and extended discovery deadlines, the disclosure was untimely."). Further, "[a]s a general rule, a supplemental disclosure under Rule 26(e)(1)(A) is timely if it is made as soon as possible after the party learns of the deficiency." *Dykes v. Cleveland Nursing & Rehab. Ctr.*, No. 4:15-CV-76-DMB-JMV, 2018 WL 3058870, at *4 (N.D. Miss. June 20, 2018) (cleaned up). Investments found out about Williams leaving Green Arrow on January 10, 2024, and did not supplement its initial disclosures until February 15, 2024. Delaying for over a month is not supplementing "as soon as possible."

Investments does not argue that its failure to identify Shariar as a witness was substantially justified, so the Court will solely analyze whether it was harmless. As discussed above, the Court

finds that Investments' explanation for its failure to identify Shariar earlier is unpersuasive. The Court notes that Shariar's testimony is important to the case. Plaintiff would face prejudice if the testimony were allowed in, since Plaintiff has not had the benefit of conducting discovery and investigating Shariar's claims.[3] Lastly, as mentioned above, a continuance would be unlikely to cure such prejudice. Therefore, the Court grants Plaintiff's motion, and Shariar Declaration I will be disregarded as summary judgment evidence.

### C. Plaintiff's Motion to Strike the Evidence Submitted by Investments in its Reply Brief

Plaintiff moves to strike Scott Declaration II and Shariar Declaration II on the grounds that a party cannot submit new evidence in a reply brief. Pl.'s Mot. Strike Evid. Reply 1. Investments argues that the motions do not raise any new legal arguments, claims or defenses. Investments' Resp. Pl.'s Mot. Strike Evid. Reply ¶ 3, ECF No. 142. Further, Investments contends that the declarations are "proper rebuttal evidence to the admissibility issue first raised in" Plaintiff's response to Investments' motion for summary judgment. *Id.* at ¶ 5.

The Court has already decided that Shariar Declaration I should not be considered as evidence and now determines that Shariar Declaration II should be disregarded for the same reasons discussed above.

"Courts in the Fifth Circuit have found that a court need not consider new arguments raised for the first time in a summary judgment reply brief. . . . However, a court may consider new evidence introduced in a reply brief if the non-movant is given an adequate opportunity to respond." *Elwakin v. Target Media Partners Operating Co. LLC*, 901 F. Supp. 2d 730, 745–46 (E.D. La. 2012). "[A] reply brief that presents dispositive evidence by way of *new affidavits* and

---

[3] *See, e.g., Malone v. Ameren UE*, 646 F.3d 512, 515–16 (8th Cir. 2011) (holding that the district court did not abuse its discretion by excluding three affidavits offered by the plaintiff from consideration when ruling on the defendant's summary judgment motion, when the plaintiff had not previously identified the affiants as witnesses and the defendant had no opportunity to depose them).

exhibits deprives the nonmovant of a meaningful opportunity to respond." *Springs Indus., Inc. v. Am. Motorists Ins.*, 137 F.R.D. 238, 239 (N.D. Tex. 1991) (emphasis added). In situations where parties present new affidavits in a reply, courts sometimes permit the opposing party to file a surreply. See *id.* (granting the defendant's motion for leave to file a reply with new evidence but giving the plaintiff the opportunity to file an additional response afterwards); *Simmons v. T-Mobile USA*, No. H-06-1820, 2006 WL 3447684, at *1 (S.D. Tex. Nov. 22, 2006) (permitting a surreply in a case where the plaintiff submitted new affidavits in a reply brief). Alternatively, the court can refuse to consider the new evidence. *See BHI Energy I Power Servs., LLC v. KVP Energy Servs., LLC*, No. 3:22-CV-1981-L, 2023 WL 223179, at *4 (N.D. Tex. Jan. 17, 2023) (declining to consider new evidence submitted by the plaintiff in its reply brief); *Jackson v. Dallas Cnty. Juv. Prob. Dep't*, No. CIV.A. 3:06-CV-264MB, 2007 WL 2187250, at *4 (N.D. Tex. July 30, 2007) (refusing to consider new evidence in a reply to summary judgment motion), *aff'd sub nom. Jackson v. Dallas Cnty. Juv. Dep't*, 288 F. App'x 909 (5th Cir. 2008). A court only abuses its discretion in a case where a party presents new evidence in a reply, the court denies the opposing party's motion for a surreply, and the court relies on the new evidence in making its decision. *RedHawk Holdings Corp. v. Schreiber Tr. of Schreiber Living Tr.*, 836 F. App'x 232, 235–36 (5th Cir. 2020).

The court in *Simmons* chose to consider new evidence attached to a reply "[b]ecause full and complete briefing is useful to the adjudication of this case." 2006 WL 3447684, at *1. Courts have also granted leave to file surreplies in cases where the moving party did not "rais[e] wholly new issues in its reply brief" but did "submit[] a supplemental appendix with its reply." *Mission Toxicology, LLC v. Unitedhealthcare Ins.*, 499 F. Supp. 3d 350, 360 (W.D. Tex. 2020) ("[S]uch submission provides good cause and extraordinary circumstances that warrant granting the

[defendants] leave to file their surreply."). Lastly, a court can provide a party with an opportunity to file a surreply even if the party has not asked for it. *See Black Cat Expl. & Prod., LLC v. MWW Cap. Ltd.*, No. 1:15-CV-51-BL, 2015 WL 12731751, at *3 (N.D. Tex. Apr. 29, 2015) (giving defendants the opportunity to file a surreply after the defendants filed a motion to strike); *White v. City of Red Oak, Tex.*, No. 3:13-CV-4477-P, 2014 WL 11460871, at *1 (N.D. Tex. July 31, 2014) ("Though Defendants urge the Court to strike the arguments in the Reply brief, the more expedient course is to grant them leave to file a Sur-Reply.").

Investments claims that Plaintiff's "reluctance to file a motion for leave to depose or file a surreply is thus viewed as a waiver of an opportunity to be heard," but Investments does not cite any authority for this statement. Investments' Resp. Pl.'s Mot. Strike Evid. Reply ¶ 32.

For the reasons stated above, the Court will permit Scott Declaration II as evidence but grant Plaintiff the opportunity to file a surreply to Investments' Reply to Plaintiff's Opposition to Investments' Motion for Summary Judgment.

### D. Plaintiff's Objections to the Admissibility of Evidence and Motion to Strike

Plaintiff objects to some of the evidence contained in Scott Declaration I. Investments never specifies whether it plans to rely solely on Scott Declaration II or on both declarations. For that reason, the Court will address Plaintiff's objections to Scott Declaration I rather than just denying Plaintiff's motion as moot.

"An affidavit or declaration used to support or oppose a motion [for summary judgment] must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). A court can rely on affidavits that "contain sufficiently specific statements for the district court to infer that the affiants had personal knowledge of the facts attested therein." *LSR Consulting, LLC*

*v. Wells Fargo Bank, N.A.*, 835 F.3d 530, 534 (5th Cir. 2016). "Hearsay is not admissible in evidence unless an exception applies." *Ledford v. Kosse Roping Club*, No. 6-18-CV-00371-ADA, 2020 WL 3582724, at *2 (W.D. Tex. Mar. 16, 2020); *see also* Fed. R. Evid. 802. Hearsay is "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). "For purposes of Rule 801, 'statement' means a person's oral or written assertion and 'declarant' means the individual who made the statement." *Popal v. Reliable Cargo Delivery*, Inc., No. PE:20-CV-00039-DC-DF, 2021 WL 1100095, at *2 (W.D. Tex. Jan. 20, 2021).

### 1. *Paragraphs 9, 10, and 12*

With respect to paragraphs 9 and 10, Plaintiff states that Scott does not have personal knowledge of the information contained therein and that the statements are hearsay. Pl.'s Objs. Evid. 1–2. Plaintiff also objects to paragraph 12 on the grounds that Scott does not have personal knowledge of how Green Arrow functions or receives information. *Id.* at 2. Plaintiff adds that if other individuals told Scott this information, then the information is inadmissible hearsay. *Id.* at 2–3. Investments argues that Scott's statements in paragraphs 9, 10, and 12 are based on his personal knowledge of the business agreement between Investments and Green Arrow. Investments' Resp. Opp'n Pl.'s Objs. Evid. ¶ 3, ECF No. 134. Therefore, Investments states, they fall into the residual hearsay exception of Federal Rule of Evidence 807(a). *Id.* at ¶ 8.

Paragraphs 9 and 10 of Scott Declaration I contain hearsay. They specify that the information in the paragraphs comes from "representations made to [Scott] by Hello Tech d/b/a Green Arrow." Scott Decl. I at ¶¶ 9–10. Thus, Scott received this information from statements made by Green Arrow, and these statements are offered for proof of the matter asserted.

Paragraph 12 states, "Each referral Investments receives from Green Arrow identifies a business *which has provided* Green Arrow the name under which it operates, the name of the entity's contact, the entity's phone number and email address, and the amount of financing sought" (emphasis added). Scott Decl. I at ¶ 12. Scott does not work for Green Arrow, and there is no indication that he is on calls between Green Arrow and businesses. Therefore, the only way for Scott to know this information is via hearsay.

Federal Rule of Evidence 807 states that a hearsay statement is not excluded by the rule against hearsay if "the statement is supported by sufficient guarantees of trustworthiness—after considering the totality of circumstances under which it was made and evidence, if any, corroborating the statement" and "it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts." Fed. R. Evid. 807(a). This exception "is to be 'used only rarely, in truly exceptional cases.'" *Bedingfield ex rel. Bedingfield v. Deen*, 487 F. App'x 219, 228 (5th Cir. 2012) (per curiam) (quoting *United States v. Phillips*, 219 F.3d 404, 419 n.23 (5th Cir. 2000)). The party offering the statement "bears a heavy burden to come forward with indicia of both trustworthiness and probative force." *Id.* (quoting *Phillips*, 219 F.3d at 419 n.23). The court must determine "that the declarant of the statement was particularly likely to be telling the truth when the statement was made." *Malley v. Wal-Mart Stores, Inc.*, No. 1:12CV127-HSO-RHW, 2013 WL 2099917, at *3 (S.D. Miss. May 14, 2013) (quoting *United States v. El-Mezain*, 664 F.3d 467, 498 (5th Cir. 2011)). "The equivalent circumstantial guarantees of trustworthiness requirement is the lodestar of the residual hearsay exception analysis." *Id.* at *4 (cleaned up). Evidence admitted under this exception "must be at least as reliable as evidence admitted under a firmly rooted hearsay exception and must similarly be so

trustworthy that adversarial testing would add little to its reliability." *Id.* (quoting *United States v. Ismoila*, 100 F.3d 380, 393 (5th Cir. 1996)).

The Court does not believe that there are sufficient guarantees of trustworthiness to submit paragraphs 9, 10, and 12 under the residual hearsay exception. In paragraphs 9 and 10, Scott simply states that the information comes from "representations made to [him] by [Green Arrow]." Scott Decl. I at ¶¶ 9–10. Paragraph 12 contains no indication of where Scott received this information. Scott Decl. I at ¶ 12. Investments asserts that the statements should be permitted because "the record herein now contains evidence corroborating the substance of Paragraphs 9, 10, and 12." Investments' Resp. Opp'n Pl.'s Objs. Evid. ¶ 10. However, there are not sufficient guarantees of trustworthiness surrounding the statements and the circumstances under which they were made. Neither Investments nor Scott have provided any explanation of when or where the statements were made to Scott, who at Green Arrow made them, and why the statements are trustworthy. Therefore, they cannot fall under the residual hearsay exception, and these paragraphs will be disregarded.

### 2. *Paragraph 20*

Plaintiff argues that in paragraph 20, Scott contradicts a statement that he made in his deposition. Pl.'s Objs. Evid. 3. Investments asserts that Scott's statement in paragraph 20 is not contrary to what he said at his deposition. Investments' Resp. Opp'n Pl.'s Objs. Evid. ¶¶ 11–12. In paragraph 20, Scott says that the two phone numbers used by Mark Fawzy at Sygnius "were dedicated for use by Sygnius, and *otherwise* were not used by or associated with Investments." Scott Decl. I at ¶ 20 (emphasis added). In his deposition, Scott states that he purchased a phone number, separate from the Investments phone number, and gave it to Mark Fawzy to use for Mr. Fawzy's calls. Scott Dep. 6:19–7:4, ECF No. 117-6. These two statements are not contradictory.

In both statements, Scott avers that the phone number in question was separate from Investments' phone system and solely for use by Fawzy. Plaintiff appears to be overlooking the word "otherwise" in Scott's declaration. This wording suggests that other than Scott's action in securing the phone number for Mr. Fawzy to use, the phone number was not associated with Investments. Therefore, paragraph 20 contains admissible evidence.

### 3. *Paragraphs 22, 26, 30, 31, and 32*

Lastly, Plaintiff objects that in paragraphs 22, 26, 30, 31, and 32, Scott testifies about recorded phone calls, but Investments has not introduced into evidence the recordings of the calls. Pl.'s Objs. Evid. 3–4. Therefore, Plaintiff argues, Investments has violated Federal Rule of Evidence 1002. *Id.* Investments objects that the statements in these paragraphs were based upon Plaintiff's deposition testimony. Investments' Resp. Opp'n Pl.'s Objs. Evid. ¶ 14. However, this would still make Scott's statements inadmissible, as they would not be based upon personal knowledge, but rather second-hand information from Plaintiff himself. Therefore, the Court will disregard these paragraphs.

### E. **Plaintiff's Objections to the Admissibility of Investments' New Evidence and Motion to Strike**

### 1. *Paragraphs 9 and 10*

Plaintiff also objects to some of the evidence provided in Scott Declaration II. Specifically, Plaintiff objects to paragraphs 9 and 10 for the same reason as discussed above, that Scott is not testifying based on personal knowledge and his statements constitute hearsay. Pl.'s Objs. New Evid. 2. Investments argues that Scott "personally made" the business agreements between Green Arrow and Investments and therefore would have personal knowledge of what the business agreements said. Investments' Resp. Pl.'s Objs. New Evid. ¶¶ 4–13, ECF No. 141. Further,

Investments argues that it is not offering Scott's statements about the business agreements for proof of the matter asserted, but rather to show what Scott's understanding of the agreements and the referral process was. *Id.* at ¶ 14. Alternatively, Investments argues that Scott's statements in paragraphs 9 and 10 fall under the hearsay exception in Federal Rule of Evidence 807. *Id.* at ¶¶ 20–21.

As discussed above, the residual exception only covers hearsay statements that have circumstantial guarantees of trustworthiness, and it is a high bar for a statement to be admitted under Rule 807. There are no guarantees of trustworthiness surrounding the statements made in Scott's declaration. Scott is providing information about his own recollection of an informal, verbal agreement. The circumstances do not establish the trustworthiness of these statements. Therefore, the statements will not be admitted under the residual hearsay exception.

"Implicit in both the definition and justification for the rule [against hearsay], however, is the recognition that whenever an out-of-court statement is offered for some purpose other than to prove the truth of the matter asserted, the . . . the statement . . . is not subject to attack as hearsay." *United States v. Parry*, 649 F.2d 292, 295 (5th Cir. Unit B 1981). Thus, if the statements are used not for their truth about how Green Arrow operated, but rather to show what Scott's understanding of how Green Arrow operated was and why he thought Investments had consent to contact Plaintiff, it would be admissible. Therefore, paragraphs 9 and 10 will be limited to use for that purpose.

### 2. *Paragraph 12*

Plaintiff again objects to paragraph 12 on the grounds that Scott has no personal knowledge about how Green Arrow operates and thus cannot testify to it and that the statement is hearsay. Pl.'s Objs. New Evid. 2–3. Investments again asserts that Scott has personal knowledge about the

17

business agreements that he made with Green Arrow.  Investments' Resp. Pl.'s Objs. New Evid. ¶ 7.  Investments argues that the hearsay exception under Federal Rule of Evidence 807 applies. *Id.* at ¶ 20.  This has already been discussed above, and the hearsay exception does not apply.  In paragraph 12, Scott's statement about Green Arrow's business practices is based upon the business agreement he formed with Green Arrow.  Scott Decl. II at ¶ 12.  Therefore, paragraph 12 must be disregarded because it is based on hearsay.

### 3. Paragraph 20

Plaintiff objects to paragraph 20 on the same grounds that it is contrary to what Scott testified at his deposition.  Pl.'s Objs. New Evid. 3–4.  The Court has addressed this issue above and finds that it will not disregard paragraph 20.

### 4. Paragraph 32(e)

Lastly, Plaintiff objects to paragraph 32(e) because Scott is testifying as to a conclusion of law.  *Id.* at 4.  "Declarations 'setting forth ultimate or conclusory facts and conclusions of law are insufficient to either support or defeat a motion for summary judgment.'" *Bowen v. Univ. of Texas Med. Branch*, No. 3:19-CV-00382, 2022 WL 868707, at *4 (S.D. Tex. Feb. 14, 2022) (quoting *Stagliano v. Cincinnati Ins. Co.*, 633 F. App'x 217, 220 (5th Cir. 2015)), *report and recommendation adopted*, No. 3:19-CV-00382, 2022 WL 861506 (S.D. Tex. Mar. 23, 2022).  However, Federal Rule of Evidence 701 allows for lay witnesses to testify about opinions that are "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge."  Paragraph 32(e) states that "Mr. Callier at no time before, during or after the follow-up phone call of April 22, 2022: . . . Revoked his consent to receive calls, texts, and e-mails from Investments, or me."  Scott Decl. II at ¶ 32.  This statement is not a conclusion of law.

Rather, Scott stated an opinion based upon his personal knowledge and perception. Therefore, paragraph 32(e) should not be disregarded.

### III. CONCLUSION

For the foregoing reasons, the Court finds that both declarations from Farhan Shariar (ECF No. 118-5; Ex. 3, ECF No. 133-1) should be disregarded as summary judgment evidence. Paragraphs 9, 10, 12, 22, 26, 30, 31, and 32 of Scott Declaration I (ECF No. 118-6) should be stricken. Paragraph 12 of Scott Declaration II (Ex. 2, ECF No. 133-1) should be stricken, and paragraphs 9 and 10 are admissible only for non-hearsay purposes. Additionally, Investments should not be allowed to file its Amended Designation of Potential Witnesses.

Accordingly, the Court:

- **GRANTS** Plaintiff Brandon Callier's Motion to Strike the Declaration of Farhan Shariar (ECF No. 124);

- **GRANTS in part** and **DENIES in part** Plaintiff's Objections to the Admissibility of Evidence and Motion to Strike (ECF No. 125);

- **GRANTS in part** and **DENIES in part** Plaintiff's Motion to Strike the Evidence Submitted by JaScott Investments in Its Reply Brief (ECF No. 138);

- **GRANTS in part** and **DENIES in part** Plaintiff's Objections to the Admissibility of JaScott's New Evidence and Motion to Strike (ECF No. 139); and

- **DENIES** Defendant JaScott Investments, LLC's Motion for Leave to File Amended Designation of Potential Witnesses (ECF No. 135).

The Court **FURTHER ORDERS** that Plaintiff Brandon Callier have fourteen (14) days from the date of this order in which he may file a surreply to Defendant JaScott Investments, LLC's

Reply to Plaintiff Brandon Callier's Opposition to JaScott Investments, LLC's Motion for Summary Judgment.

**SIGNED** this 5th day of April, 2024.

_____
**ROBERT F. CASTAÑEDA**
**UNITED STATES MAGISTRATE JUDGE**