# UNITED STATES DISTRICT COURT
## Western District of Texas
### El Paso Division

| | | |
|---|---|---|
| **BRANDON CALLIER,** | § § § | |
| Plaintiff, | § § | |
| v. | § § | CA 3: 22-cv-00301-LS |
| **JASCOTT ENTERPRISES, LLC, et. al.,** | § § § § § | |
| Defendants | § § | |

### Plaintiff Brandon Callier's Response and Objection to Defendants' Motion in Limine No. 1: Inclusion of Callier's Alleged Brothel Business Exhibits

Brandon Callier files this response and objection to Defendants Jascott Enterprises, LLC's and Jascott Investments, LLC's Motion in Limine No. 1 [Dkt. 157].

## I. Response and Objection

Evidence of prior bad acts typically are not relevant or admissible. *See* Fed. R. Evid. 404(b) (prohibiting character evidence). *United States v. Mack*, No. 23-30077, 2023 WL 5665758, at *2 (5th Cir. Sept. 1, 2023), *cert. denied,* No. 23-6825, 2024 WL 1348934 (U.S. Apr. 1, 2024)(citing *See* Fed. R. Evid. 608(b); *see also* 28

Charles Alan Wright & Victor James Gold, *Federal Practice & Procedure: Federal Rules of Evidence* § 6118 (2d ed.), Westlaw (database updated Apr. 2023) ("[A] central purpose of Rule 608(b) is to prevent the jury from hearing evidence that might cause it to draw the tenuous inference that, because the witness has committed bad acts, he is a bad person and, thus, a liar.").

The evidence should not be allowed under Rules 404(b)(2) or 608(b). Fed. R. Evid. 404(b)(2), 608(b). Defendant may urge that any such evidence goes to the credibility of the witness. Such position is unavailing. Under Rule 404(b), "[e]vidence of . . . [a] crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character" (Fed. R. Evid. 404(b)(1), but such evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident" (Fed. R. Evid. 404(b)(2)). Credibility is not listed in Rule 404(b)(2); thus, such evidence is not admissible under 404(b). *See Abundes,* 2017 WL 6513105, at *2.

"Under Rule 608(b), 'extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness,' but at the court's discretion, a party may cross examine a witness about specific instances of conduct if 'probative of the character for truthfulness or untruthfulness of ... the witness.'" *Graniczny v. City of El Paso, Tex.*, 809 F. Supp.

2d 597, 606, (W.D. Tex. 2011).

While rule 609 of the Federal Rules of Evidence governs admissibility of criminal convictions for *impeachment purposes* it remains subject to Rule 403 (*see* Fed. R. Evid. 609(a)(1)(A)). Rule 403 requires that the Court weigh the probative value of the evidence versus its prejudicial impact on the jury.

Specifically, Rule 403 permits the exclusion of relevant evidence when the probative value is outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. Fed. R. Evid. 403. Rule 403's listing of the danger of "unfair prejudice" stands as a shield against utilization of a piece of evidence to lure a fact-finder into making a finding on grounds other than specific proof of the issue at hand. *See generally, Graniczny v. City of El Paso, Tex.*, 809 F. Supp. 2d 597, 606, (W.D. Tex. 2011)("A district court may, under Rule 608(b), determine if evidence is probative of *truthfulness,* and under Rule 403 exclude even probative evidence if the prejudicial effect substantially outweighs the probative value.); *Pineda v. Pescatlantic Grp., LLC,* No. 16-25291-CIV, 2018 WL 11346674, at *2 (S.D. Fla. Aug. 16, 2018). "In the context of a Rule 403 balancing test, the more essential the piece of evidence is to a case, the higher its probative value; the higher a piece of evidence's probative value, the less likely it should be excluded on 403 grounds." Pursuant to the teachings of *Pineda*, Mr. Callier's conviction of acts involving a

prostitution business and sentence of two years of deferred adjudication, therefore, has no probative value as to whether or not the Mr. Callier was improperly called by JaScott Investments, and could have a high prejudicial impact on the jury. Further the conviction is unrelated to Mr. Callier's honesty.  Thus, this evidence should not be allowed in front of the jury.  *See Dingman v. Cart Shield USA, LLC*, No. 12-20088-CIV, 2013 WL 3353835, at *2–4 (S.D. Fla. July 3, 2013)(The Court found that Rule 609(a)(1) governed the plaintiff's conviction for failure to register as a sex offender and, therefore, admissibility of evidence regarding such conviction was "subject to the Rule 403 balancing test." The Court found that "the probative value of this conviction would be substantially outweighed by the danger of unfair prejudice" and disallowed evidence re same); *Smith v. Frac Tech Servs., LLC,* No. 4:09CV00679 JLH, 2011 WL 96868, at *36–37 (E.D. Ark. Jan. 11, 2011)(Court concluded that convictions for DWI, First Degree Sexual Assault, Felony of Unauthorized Entrance and Felony Drug Possession were not related to dishonesty, and therefore the probative value of those convictions was substantially outweighed by the danger of unfair prejudice. Therefore, the court disallowed evidence regarding same.).

Other cases have held the same.  In *Abundes v. Athens Food Servs., LLC,* No. 3:14 C 01278, 2017 WL 6513105, at *2 (M.D. Tenn. Mar. 22, 2017) the court noted that the only issues in the case were whether the defendants violated the FLSA and

the terms of the plaintiffs' employment agreements by not paying plaintiffs sufficient hourly wages and overtime pay, and noted that the plaintiffs had not raised any retaliation or wrongful termination claims, the court ruled that evidence regarding plaintiffs' workplace misconduct was irrelevant and would not be admitted. The court analyzed the defendants' argument regarding Rule 608(b) and workplace misconduct in this manner:

> Based on the record before us, we do not see how any of the alleged misconduct is probative of Plaintiffs' character for truthfulness or untruthfulness. Thus, any proposed line of questioning about such misconduct on cross examination should not be presented. Defendants have not argued any of the alleged misconduct involved deceit, and even "theft and related crimes do not ordinarily amount to crimes of dishonesty." *See United States v. Washington*, 702 F.3d 886, 893 (6th Cir. 2012). Moreover, Rule 403 counsels against admission of such evidence because it is likely to confuse or mislead the jury, and any limited probative value appears substantially outweighed by the danger of unfair prejudice, including leading to the type of collateral mini-trials Rules 404(b) and Rule 608(b) are designed to avoid. We therefore will not exercise our discretion to permit cross-examination on any specific instances of Plaintiffs' conduct. Defendants are also barred from introducing extrinsic evidence or inquiring about Plaintiffs' alleged misconduct.

*Abundes,* 2017 WL 6513105, at *3. *See also Wink v. Ott*, No. 1:11-cv-00596, 2012 WL 1979461, at *1 (M.D. Pa. June 1, 2012) (in "a typical FLSA action [ ] a plaintiff's termination would likely be irrelevant to whether his employer violated the FLSA").

JaScott Investments argues in its proposed motion in limine that Callier was

untruthful in his deposition. But Callier was not asked by counsel for JaScott Investments any questions about Callier's guilty plea. Nor was Callier asked any questions about Callier's alleged ownership or involvement in Anva Spa. Finally, Callier was not asked to list every company in which he had any involvement. In short, Callier's plea cannot be used for impeachment purposes because Callier was never asked about it. In his deposition Callier did not answer any questions untruthfully

Even if the Court finds evidence of the conviction itself is admissible, Callier nevertheless argues that the documentation and evidence of the circumstances surrounding Mr. Callier's arrest be ruled inadmissible as irrelevant and highly prejudicial. Mr. Callier pled guilty to "knowingly own, invest in, finance, control, supervise, or manage a prostitution enterprise that used two or more prostitutes", nothing more. Through his pleas, he only admitted to the Indictment and not any facts in the affidavit that led to the Indictment.

Any evidence of the acts that lead to the indictment is absolutely irrelevant to the case at hand and could have a high prejudicial impact on the jury. *See Abundes,* 2017 WL 6513105, at *3 (disallowed evidence regarding plaintiff's sexual comments and advances), *Dingman,* 2013 WL 3353835, at *2–4 (The Court found that the probative value of the plaintiff's conviction for failing to register as a sex offender would be substantially outweighed by the danger of unfair prejudice. The Court

noted that "once the jury learn[ed] that [the plaintiff was] a convicted sex offender, the risk of undue prejudice [would] be instantly generated."); *Smith*, 2011 WL 96868, at *36–37 (Court concluded that conviction for First Degree Sexual Assault was not related to dishonesty, and therefore the probative value of that conviction was substantially outweighed by the danger of unfair prejudice. Therefore, the court disallowed evidence regarding same.).

Accordingly, Defendants' Motion in Limine No. 1 motion should be denied in its entirety.

By:   */s/ Chris R. Miltenberger*
      Chris R. Miltenberger
      Texas Bar Number: 14171200

**The Law Office of Chris R. Miltenberger, PLLC**

1360 N. White Chapel, Suite 200
Southlake, Texas 76092
817-416-5060 (office)
817-416-5062 (fax)
chris@crmlawpractice.com

**Attorney for Plaintiff**

## Certificate of Service

The undersigned certifies that the foregoing document was filed electronically through the Court's CM/ECF system in compliance with the Local Rules.

By: */s/ Chris R. Miltenberger*
Chris R. Miltenberger