# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

| | |
|---|---|
| **BRANDON CALLIER,** § | |
| § | |
| Plaintiff, § | |
| § | CA 3: 22-cv-00301-LS |
| v. § | |
| § | |
| **JASCOTT** § | |
| **ENTERPRISES, LLC, et.** § | |
| **al.,** § | |
| § | |
| Defendants § | |

### Plaintiff Brandon Callier's Response and Objection to Defendants' Motion in Limine No. 2: Inclusion of Callier's TCPA Lawsuits

Brandon Callier files this response and objection to Defendants Jascott Enterprises, LLC's and Jascott Investments, LLC's Motion in Limine No. 2 [Dkt. 158].

## I. RESPONSE AND OBJECTION

Callier's lawsuits against other entities for violating the TCPA do not make any of the relevant facts in this lawsuit more or less likely. His other TCPA lawsuits do not make it any more or less likely that Defendants here called him illegally. His other TCPA lawsuits do not make it any more or less likely that Callier allegedly

consented to those illegal calls. At bottom, none of Callier's other TCPA lawsuits make any contested facts in this case more or less likely to have occurred. Therefore, Callier's other TCPA lawsuits are not relevant to the current case.

Thus, evidence of other TCPA claims made by Callier, is inadmissible as irrelevant under Rules 401 and 402. Such evidence has *no* bearing on the outcome of this case. Further, even if the Court found this evidence in some way relevant, Rule 403 requires that the Court weigh the probative value of the evidence versus its prejudicial impact on the jury. Specifically, Rule 403 permits the exclusion of relevant evidence when the probative value is outweighed by danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence. Fed. R. Evid. 403. Callier's other cases do not prohibit him from having standing to sue in the current case. See *Callier v. MultiPlan, Inc.*, No. EP-20-CV-00318-FM, 2021 WL 8053527, at *10 (W.D. Tex. Aug. 26, 2021). Such evidence could prejudice the jury concerning his right to proceed here and he is misusing the TCPA.

Using the TCPA to sue on the kind of conduct that the statute targets, and doing so to pursue statutory damages, is not a misuse of the statute. *Noviello v. Holloway Funding Group,* No. 3:22-cv-52-BN, 2023 WL 2195768, at *3 (N.D.Tex., Feb. 23, 2023)(Dallas Div., Horan, J.).

In fact this Court with this Plaintiff has ruled the same. In *MultiPlan*, this

Court faced defendant's argument, basically, that plaintiff hoped "for robocalls to make a profit from statutory damages." *Id*. Defendant argued that this was "evinced by the fact that [the plaintiff had] filed at least eight TCPA lawsuits' the year before." *Id*. The court analyzed the argument and concluded as follows:

> Plaintiff's prior TCPA actions do not immunize Defendants. Citing *Stoops v. Wells Fargo Bank, N.A.*, a district court opinion from the Third Circuit, Defendants argue Plaintiff "hopes for robocalls to make a profit from statutory damages," as evinced by the fact that he filed at least eight TCPA lawsuits in 2020. **Essentially, Defendants characterize Plaintiff as a vexatious litigant who actually wants to receive calls that violate the TCPA. The court disagrees with this characterization and rejects the argument.**
>
> At the onset, Defendants cannot cite any portion of the TCPA limiting the number of actions an aggrieved party may bring. The TCPA prohibits "any person" from making "any call" (subject to exceptions not relevant here) "to any telephone number" assigned to a cellular telephone service. For "each such violation," a person may bring a private suit for an injunction, statutory damages, or both. The capacious language belies Defendants' construction, suggesting instead that Congress did not limit how many actions an aggrieved individual may bring under the TCPA.
>
> Moreover, the legislative history undercuts Defendants' argument. As discussed above, in enacting the TCPA, Congress was reacting to a deluge of "intrusive, nuisance calls ... from telemarketers" that rely on "automated technology ... to execute large-scale telemarketing campaigns at a fraction of the prior costs, dramatically increasing customer contracts." It does not follow that Congress would limit a litigant's ability to seek judicial relief against an offending party just because the litigant previously vindicated their rights against a different defendant. In fact, Congress seemingly recognized that technological advances have allowed telemarketers to harass millions of individuals daily at little cost to themselves. From this concern of systematic harassment, it follows

> that an individual can seek redress "for each violation" of the TCPA, even if they have vindicated those rights on prior occasions.
>
> Neither the text nor the legislative history of the TCPA purports to limit Plaintiff's ability to bring actions under the Act. The judiciary's limited role in our constitutional order prevents the court from fashioning one out of whole cloth. Accordingly, Plaintiff has alleged a cognizable injury-in-fact.

*Id.* (emphasis added). Filing other TCPA lawsuits is not relevant to the current case and should not be admissible.

Accordingly, Defendants' Motion in Limine No. 2 motion should be denied in its entirety.

By:   */s/ Chris R. Miltenberger*
      Chris R. Miltenberger
      Texas Bar Number: 14171200

**The Law Office of Chris R. Miltenberger, PLLC**

1360 N. White Chapel, Suite 200
Southlake, Texas 76092
817-416-5060 (office)
817-416-5062 (fax)
chris@crmlawpractice.com

**Attorney for Plaintiff**

### Certificate of Service

The undersigned certifies that the foregoing document was filed electronically through the Court's CM/ECF system in compliance with the Local Rules.

By: /s/ *Chris R. Miltenberger*
Chris R. Miltenberger