# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | |
|---|---|
| BRANDON CALLIER, | § |
| | § |
| *Plaintiff*, | § |
| | § |
| v. | § |
| | §   No. 3:22-cv-00301-LS |
| JASCOTT INVESTMENTS, LLC, | § |
| JASCOTT ENTERPRISES, LLC, and | § |
| JOHN DOES 1–4, | § |
| | § |
| *Defendants*. | § |

## MEMORANDUM OPINION ON ORDERS ON PLAINTIFF'S AND DEFENDANT JASCOTT INVESTMENTS, LLC'S MOTIONS FOR SUMMARY JUDGMENT

Plaintiff sues the defendants for making unauthorized marketing phone calls in violation of the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 *et seq.* (the "TCPA") and Texas state law.[1] Plaintiff and Defendant Jascott Investments, LLC ("Investments") both moved for summary judgment.[2] Because material facts remain in dispute, both motions are denied.[3]

### I. BACKGROUND.

Plaintiff alleges three causes of action against Investments: two under the TCPA and one under Texas law. Plaintiff argues Investments called him at his residential phone number (the "4604 number") even though the 4604 number was listed on the national do-not-call registry, thereby violating 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)(2).[4] Plaintiff also alleges that these calls violated 47 C.F.R. § 64.1200(d)(1), (2), and (4) because Investments does not maintain

---

[1] *See* Pl.'s First Am. Compl. ¶¶ 9–25, ECF No. 43.
[2] *See* Investments' Mot. Summ. J, ECF No. 118; *see also* Pl.'s Mot. Summ. J., ECF No. 119.
[3] This order is issued pursuant to the Court's text orders of September 30, 2024.
[4] Pl.'s Mot. Summ. J. 8 (citing Pl.'s First Am. Compl. ¶¶ 120–26).

an internal do-not-call list or train individuals on the use of such a list, and because it fails to identify the individual caller and entity on whose behalf the call is made.[5] Finally, Plaintiff alleges that Investments violated section 302.101 of the Texas Business & Commerce Code by making telephone solicitations to a person within Texas without holding the required registration certificate for doing so.[6]

Investments argues it had Plaintiff's consent for the calls.[7] It also argues that Plaintiff's discussion of and application for a loan (the service about which Investments first called Plaintiff) created an established business relationship that exempted Investments from liability under the TCPA.[8] It construes Plaintiff's state-law claim as arising under section 305.053 of the Texas Business & Commerce Code, which is coextensive with the TCPA,[9] and argues that its consent and established business relationship defenses apply to the state-law claim as well.[10] Finally, Investments asserts various equitable defenses in its operative Answer, but its summary judgment motion does not expand on them.[11]

## II.     LEGAL STANDARD.

The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.[12] To establish that there is no genuine issue as to any material fact, the movant must either submit evidence that negates the existence of some material element of the non-moving party's claim or

---

[5] *Id.* (citing First Am. Compl. ¶¶ 127–31).
[6] *Id.* at 10 (citing First Am. Compl. ¶¶ 132–35).
[7] Investments' Mot. Summ. J. ¶ 26.
[8] *Id.* ¶¶ 25–31.
[9] This is incorrect; Plaintiff's state-law claim alleges a violation of section 302.101 of the Texas Business & Commerce Code, as stated *supra*. *See* First Am. Compl. ¶¶ 132–35.
[10] Investments' Mot. Summ. J. ¶¶ 21–22.
[11] *See id.* ¶¶ 5, 45–46.
[12] Fed. R. Civ. P. 56.

defense or, if the crucial issue is one for which the non-moving party will bear the burden of proof at trial, merely point out that the record evidence cannot prove this essential element of the nonmovant's claim or defense.[13]

Once the movant carries its initial burden, the burden shifts to the nonmovant to show that summary judgment is inappropriate.[14] Any "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment,"[15] and neither will "only a scintilla of evidence" meet the nonmovant's burden.[16] Rather, the nonmovant must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case."[17] The Court will not assume "in the absence of any proof . . . that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant."[18]

For a court to conclude that there are no genuine issues of material fact, the court must be satisfied that no reasonable trier of fact could have found for the nonmovant, or, in other words, that the evidence favoring the nonmovant is insufficient to enable a reasonable jury to return a verdict for the nonmovant.[19] In making this determination, the court should review all record evidence, giving credence to evidence favoring the nonmovant as well as "evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence

---

[13] *Little v. Liquid Air Corp.*, 952 F.2d 841, 847 (5th Cir. 1992), *on reh'g en banc*, 37 F.3d 1069 (5th Cir. 1994) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).
[14] *See Fields v. City of S. Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991).
[15] *Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003).
[16] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).
[17] *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).
[18] *Little*, 37 F.3d at 1075.
[19] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

comes from disinterested witnesses."[20] The Court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment[21] and must review all facts in the light most favorable to the nonmoving party.[22] On cross-motions for summary judgment, the Court "review[s] each party's motion independently, viewing the evidence and inferences in the light most favorable to the nonmoving party."[23]

### III.    ANALYSIS.

#### A.    *Investments' Motion for Summary Judgment.*

Investments argues that there is no evidence supporting two elements of Plaintiff's TCPA claims: (1) that the 4604 number is listed on the national do-not-call registry and (2) that the 4604 number is a residential number.[24] Investments also seeks summary judgment on two affirmative defenses: (1) that Plaintiff consented to the alleged calls[25] and (2) that Investments established a business relationship with Plaintiff that negates liability for the calls.[26] It also repeats the equitable defenses from its answer, albeit with no accompanying analysis.[27] Finally, Investments argues that its TCPA summary-judgment arguments resolve the state-law claims because the TCPA and state-law claims are coextensive.[28]

As an initial matter, Investments' summary-judgment exhibits are a mess. Its opening brief cites to more than 1000 pages of exhibits by letter, but almost all exhibits have no letter label or

---

[20] *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 151 (2000) (quoting 9A Charles Alan Wright & Arther R. Miller, Federal Practice and Procedure § 2529 (2d ed. 1995)).
[21] *Id.* at 150.
[22] *First Colony Life Ins. v. Sanford*, 555 F.3d 177, 181 (5th Cir. 2009).
[23] *Ford Motor Co. v. Tex. Dep't of Transp.*, 264 F.3d 493, 498 (5th Cir. 2001).
[24] Investments' Mot. Summ. J. ¶¶ 34–36.
[25] *Id.* ¶ 26.
[26] *Id.*
[27] *Id.* ¶¶ 45–47.
[28] *Id.* ¶¶ 21–22.

have exhibit stickers with random numbers.[29] Investments' "Exhibit A" is 275 pages of discovery Investments apparently produced to Plaintiff, including inoperable placeholder sheets for audio recordings.[30] The Court also received all 248 pages of Plaintiff's deposition transcript along with its 43 exhibits[31] which contain internally inconsistent exhibit stickers derived apparently from exhibit stickers from discovery, using both numbers and "Plaintiff's Exhibit" lettering. The Court is satisfied that it was ultimately able to locate the exhibits Investments intended to cite but respectfully requests greater care in future pleadings. The Court did not, however, scour the summary-judgment evidence for materials beyond the exhibits Investments cited.[32]

### 1. Residential Phone Number.

Investments argues that the 4604 number was not a residential number. The parties agree that for Plaintiff to succeed on his TCPA claim under 47 U.S.C. § 227(c)(3)(F), the number receiving the alleged telemarketing calls must be residential in nature.[33] But Investments argues that the section 227(c)(3)(F) claim fails because Plaintiff uses the 4604 number for business purposes. As evidence, Investments offers a declaration which has already been stricken[34] and a third-party directory for tax preparers which lists the 4604 number as a contact method for Plaintiff's name and three business names.[35] Investments also argues that Plaintiff used the 4604

---

[29] The table of exhibits within Investments' opening brief lists 59 exhibits: A–F, F-01, G, G01–G-39, H, H-01–H-04, I–O. Investments' Mot. Summ. J. ¶ 2; ECF Nos. 118-1 to 118-59; *see also* ECF Nos. 118-7 (not labeled at all), 118-12 (randomly labeled "Exhibit 4").
[30] *See* ECF No. 118-1.
[31] *See* Investments' Mot. Summ. J. ¶ 2.
[32] *See* Fed. R. Civ. P. 56(c)(1)(A) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by[] citing to *particular parts of materials* in the record . . . ." (emphasis added)); *cf. United States v. del Carpio Frescas*, 932 F.3d 324, 331 (5th Cir. 2019) (per curiam) ("Judges are not like pigs, hunting for truffles buried in the record." (quoting *Albrechsten v. Bd. of Regents of Univ. of Wisc. Sys.*, 309 F.3d 433, 436 (7th Cir. 2002))).
[33] *See* First Am. Compl. ¶ 121; *see also* Investments' Mot. Summ. J. ¶ 36; 47 U.S.C. § 227(c)(3)(F).
[34] Mem. Op. and Order at 19, ECF No. 156.
[35] *See* Investments' Mot. Summ. J. ¶ 36.

number in connection with two Texas Franchise Tax Public Information Reports for another business, Vanity Nail Bar.[36] Finally, Investments argues that Plaintiff is in the "business" of TCPA litigation using the 4604 number, which means his phone is a business number.[37]

Plaintiff provides a declaration in response to Investments' motion stating he does not use the 4604 number for any of his businesses.[38] He says "prior to the registration" of a business, he may have used the 4604 number as a contact number because at that time the business may not have had its own telephone line.[39] He also declares that the third-party directory Investments references is not within Plaintiff's control and says he did not furnish that directory with any information.[40] Instead, he states, he uses the phone as a personal line to contact family and friends and does not hold the 4604 number out to the public as a business number.[41] Considering the evidence in the light most favorable to Plaintiff, there is a genuine dispute of material fact as to the "residential" nature of the 4604 number.

### 2. Do-Not-Call Registry.

Investments next argues that Plaintiff has not shown he listed the 4604 number on the do-not-call registry,[42] meaning his TCPA claim fails.[43] In Plaintiff's declaration in response to Investments' motion, he states he registered the 4604 number on the do-not-call registry in

---

[36] *Id*. Investments notes that these franchise tax reports are filed on behalf of Runaway Corp., for which Vanity Nail Bar is an assumed name. *Id*.
[37] *Id*. ¶ 24.
[38] Pl. Dec. ¶¶ 35–36, 38, ECF No. 126-2.
[39] *Id*. ¶ 34.
[40] *Id*. ¶ 37.
[41] *Id*. ¶¶ 4–5.
[42] Investments' Mot. Summ. J. ¶¶ 8–9.
[43] *See* 47 U.S.C. § 227(c)(3)(F) (listing on registry included as element of violation).

December 2007.⁴⁴ Considering the evidence in the light most favorable to Plaintiff, there is a genuine dispute of material fact as to the 4604 number's listing on the do-not-call registry.

### 3. Consent.

Investments argues that Plaintiff consented to its calls, establishing an affirmative defense to Plaintiff's TCPA claims.⁴⁵ Express prior consent for calls is an affirmative defense on which Investments bears the burden.⁴⁶ Investments attempts to meet its burden through the declaration of a third party,⁴⁷ but the Court struck that declaration in full.⁴⁸ Investments cannot show that it is entitled to summary judgment because it did not offer any competent summary-judgment evidence supporting its consent defense.

### 4. Established Business Relationship.

Investments argues it cannot be liable for any calls or texts because it had an established business relationship with Plaintiff.⁴⁹ In support, it cites only the same stricken third-party declaration as evidence.⁵⁰ This argument also fails for lack of competent summary-judgment evidence.

### 5. State-Law Claim.

In its motion, Investments seeks summary judgment of Plaintiff's state-law claim. Because the Court finds Investments is not entitled to summary judgment on either of its affirmative

---

⁴⁴ Pl.'s Resp. to Investments' Mot. Summ. J. 14–15, ECF No. 126; Pl. Dec. ¶ 3, ECF No. 126-2.
⁴⁵ Investments' Mot. Summ. J. ¶ 14.
⁴⁶ *See* 47 C.F.R. § 64.1200(c)(2)(ii) ("Any person or entity making telephone solicitations (or on whose behalf telephone solicitations are made) will not be liable for violating this requirement if . . . [i]t has obtained the subscriber's prior express invitation or permission.").
⁴⁷ *See* Investments' Mot. Summ. J. ¶ 26.
⁴⁸ *See* Mem. Op. and Order at 19, ECF No. 156.
⁴⁹ Investments' Mot. Summ. J. ¶¶ 25–26.
⁵⁰ *Id.* ¶ 26.

defenses, and because Investments presented no additional analysis of its state-law claim beyond its TCPA analysis, the Court need not reach Plaintiff's state-law claim.

### 6.  Equitable Defenses.

In its motion, Investments twice quotes the equitable defenses it provided in its operative answer verbatim.[51] Beyond these quotations, Investments points to no specific record evidence. It argues instead that "as extensively discussed" earlier in the motion, Plaintiff's "conduct[] meets each of the elements of the foregoing Affirmative Defenses."[52] As the Court requires more to grant summary judgment on any equitable defense,[53] Investments has not satisfied its initial burden on these defenses.

### B.  *Plaintiff's Motion for Summary Judgment.*

Plaintiff moves for summary judgment on all his claims; for the TCPA claims, Plaintiff seeks summary judgment for only some calls listed in his operative Complaint.[54] Plaintiff also seeks summary judgment denying Investments' consent defense because he argues Investments did not obtain any written consent from him.[55] Plaintiff next argues that Investments has no established business relationship defense and is thus liable for all calls and texts.[56] Finally, Plaintiff seeks summary judgment that Investments violated section 302.101(a) of the Texas Business and Commerce Code, which is not coextensive with the TCPA.[57] For the state-law claim, Plaintiff

---

[51] *See id.* ¶¶ 5, 45.
[52] *Id.* ¶ 46.
[53] *See Celotex*, 477 U.S. at 323 ("Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." (quoting Fed. R. Civ. P. 56(c))).
[54] Pl.'s Mot. Summ. J. 11, n. 4.
[55] *Id.* at 13–14.
[56] *Id.* at 14.
[57] *Id.* at 16–17.

argues that Investments made each of the 79 calls at issue in his motion (texts are not included in this claim) without holding the registration certificate for telephone solicitation required by section 302.101(a), and that Investments therefore is liable for $5,000 per call and attorney's fees and costs.

### 1. TCPA Claims.

Plaintiff's TCPA claims require a finding that the 4604 number is a "residential" phone number.[58] Plaintiff's motion includes a declaration which states that he is the subscriber to the 4604 number and uses the number for "personal, family, and household use."[59] He says he has not held the number out to the public as a business number or advertised it as such, and he asserts that the 4604 number is the "primary way" he communicates with his family and friends.[60] He pays the 4604 number's phone bill using personal funds, not a business account.[61]

Investments argues there exists a genuine dispute of material fact whether the 4604 number is residential because Plaintiff is in the "business" of TCPA litigation using his 4604 number.[62]

---

[58] 47 U.S.C. § 227(c)(3)(F) (noting that regulations apply to "telephone numbers of residential subscribers who object to receiving telephone solicitations"); 47 C.F.R. 64.1200(c)(2) ("No person or entity shall initiate any telephone solicitation to [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry . . . ."); 47 C.F.R. § 64.1200(d)(1)–(2), (4) (stating "[n]o person or entity shall initiate . . . any call for telemarketing purposes to a residential telephone subscriber" unless that person or entity has a written policy and training practices in place and identifies the person calling and the person or entity during the telemarketing call).

[59] Pl.'s Mot. Summ. J. 12 (citing Pl. Dec. ¶ 4, ECF No. 119-2).

[60] *Id.* (citing Pl. Dec ¶¶ 4–5, ECF No. 119-2).

[61] *Id.* (citing Pl. Dec ¶ 5, ECF No. 119-2).

[62] In its response to Plaintiff's motion, Investments incorporates voluminous briefing and exhibits "by reference" and cites to evidence from its own summary-judgment briefing to show genuine disputes of material facts. Investments' Resp. to Pl.'s Mot. Summ. J. ¶ 3, ECF No. 128. Plaintiff objects to this practice, citing cases holding that the Court must consider cross-motions for summary judgment independently. Pl.'s Reply Supp. Mot. Summ. J. 1, ECF No. 131. While the Court agrees the sheer volume of paper cited by Investments is not properly before the Court unless Investments cites specific portions of documents in its briefing, *see Am. Int'l Specialty Lines Ins. v. Rentech Steel LLC*, 620 F.3d 558, 562 (5th Cir. 2010) (citing *Shaw Constructors v. ICF Kaiser Eng'rs, Inc.*, 395 F.3d 533, 538–39 (5th Cir. 2004)), it disagrees that it must disregard all evidence originally filed with Investments' motion for

Plaintiff has filed over 100 lawsuits stemming from alleged telemarketing calls to the 4604 number.[63] Citing to—but not incorporating or attaching as exhibits—portions of its discovery motion briefing which the Court denied earlier in this case, Investments asks this Court to infer that Plaintiff has concealed evidence that he uses the 4604 number as a business number to solicit and then sue for telemarketing calls.[64] This is a leap too far, and one that is not properly before the Court on Plaintiff's summary-judgment motion.

Investments' next argument fares better. It argues that Plaintiff has two cell phone numbers, which he says are both "personal" phone numbers.[65] Investments also cites record evidence that the 4604 number is listed on a third-party tax preparer directory and was used in connection with filing franchise tax documents for another of Plaintiff's businesses.[66]

The question whether a plaintiff is a "residential telephone subscriber" is fact intensive. While the Fifth Circuit has found that cell phones may be "residential" lines in a related TCPA context,[67] it has not spoken directly regarding when a person is a "residential telephone subscriber." The Ninth Circuit has also held a cell phone like the 4604 number is "presumptively residential" and may be residential "even when used for both personal and business purposes."[68] The Ninth Circuit set out five factors to consider in determining whether the residential

---

summary judgment and subsequently cited within Investments' response to Plaintiff's summary-judgment motion. Such specific portions of the record are properly before the Court. However, because motions for summary judgment must stand alone and be evaluated independently, the Court disregards Investments' citations to its own Motion for Summary Judgment arguments in response to Plaintiff's motion.
[63] Investments' Resp. to Pl.'s Mot. Summ. J. ¶ 28. The Court notes that this claim is only substantiated by Investments' citation to its own summary-judgment motion.
[64] *Id.* ¶ 29.
[65] *Id.* ¶ 20 (citing Pl. Dep. 109:17–24, 95:22–96:2, ECF No. 118-8).
[66] *Id.* ¶ 27 (citing ECF Nos. 118-54, 118-58, 118-10).
[67] *Cranor v. 5 Star Nutrition, L.L.C.*, 998 F.3d 686, 690–91 (5th Cir. 2021).
[68] *Chennette v. Porch.com, Inc.*, 50 F.4th 1217, 1225 (9th Cir. 2022) (citing *In Re Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991*, 18 F.C.C. Rcd. 14014, 14039 (2003); *In Re Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991*, 20 FCC Rcd. 3788, 3793 (2005)).

presumption is rebutted by a defendant's evidence: 1) how a plaintiff holds their phone number out publicly, 2) whether the phone is registered as a residential or business line, 3) "how much" a plaintiff uses his phone for business purposes, 4) the person who pays the phone's bills, and 5) "other factors bearing on how a reasonable observer would view the phone line."[69]

Plaintiff's two phone numbers may bear on the fifth factor, and the use of the 4604 number in connection with a business directory and business filings may bear on the first factor. Plaintiff's argument that he pays the 4604 number's phone bill is not necessarily controverted by Investments' argument that Plaintiff's wife's name appears on the phone bill. Because the Court cannot weigh evidence and make credibility determinations at summary judgment,[70] there remains a genuine dispute of material fact whether Plaintiff is a "residential telephone subscriber."

### 2. State-Law Claim.

To establish a violation of section 302.101 of the Texas Business and Commerce Code, Plaintiff must establish that a "seller" made telemarketing solicitations in the state of Texas.[71] Other courts in this circuit have held that federal common-law principles of agency apply to impute the conduct of a seller's agent to the seller.[72] Many of the calls on which Plaintiff relies were made by Mark Fawzy, a person Plaintiff argues was a "customer service representative" for Investments.[73] In response to Plaintiff's motion, Investments concedes Mr. Fawzy was initially its

---

[69] *Id.*
[70] *See Reeves*, 530 U.S. at 150.
[71] Tex. Bus. & Com. Code § 302.101.
[72] *See Guadian v. United Tax Def. LLC*, No. EP-23-CV-00349-KC, 2024 WL 140249, at *6 (W.D. Tex. Jan. 12, 2024) (collecting cases).
[73] Pl.'s Mot. Summ. J. 2 (citing Pl. Dec. ¶ 7, ECF No. 119-2). Plaintiff says he seeks summary judgment for 79 calls; the Court notes that more than 79 calls are listed in the call log Plaintiff attaches to his motion as summary-judgment evidence. *See* ECF No. 119-2, at 11–15.

agent.[74] The subject calls took place from April 4, 2022 to October 15, 2022,[75] but Investments adduces evidence that it ended its business relationship with Mr. Fawzy's employer on April 25, 2022.[76] There is, then, a factual dispute about whether Mr. Fawzy was Investments' agent after April 25, 2022. Further, Plaintiff does not argue the identity of the caller for each of the calls listed in his call log. It is unclear whether Mr. Fawzy is the alleged caller for the calls that took place after April 25, 2022. All told, the Court cannot grant summary judgment on Plaintiff's state-law claim given the factual dispute about Mr. Fawzy's tenure as Investments' agent.

Also, Plaintiff seeks summary judgment on his state-law claim for 79 calls,[77] but there are 91 calls listed in his call log, excluding text messages. The Court cannot determine which calls form the basis for Plaintiff's state-law claim. Therefore, Plaintiff has failed to carry his burden on the state-law claim.

IV. **CONCLUSION.**

For all the reasons stated above, both Investments' and Plaintiff's motions for summary judgment [ECF Nos. 118 and 119] are **DENIED**.

**SO ORDERED.**

**SIGNED** and **ENTERED** on January 14, 2025.



**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

---

[74] *See* ECF No. 128 ¶¶ 42, 34, n. 6 (describing Fawzy as an agent of Investments).
[75] *See* ECF No. 119-2, at 11–15. For purposes of his summary-judgment motion, Plaintiff excludes calls that took place from April 5, 2022 to April 19, 2022. Pl.'s Mot. Summ. J. 11, n. 4.
[76] *See* ECF No. 128-1, at 38 (citing ECF No. 118-6 ¶ 33).
[77] Pl.'s Mot. Summ. J. 17.