**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **BRANDON CALLIER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | **No. 3:22-cv-00301-LS** |
| **JASCOTT INVESTMENTS, LLC,** | § | |
| **JASCOTT ENTERPRISES, LLC, and** | § | |
| **JOHN DOES 1–4,** | § | |
| | § | |
| **Defendants.** | § | |

**MEMORANDUM OPINION AND ORDER ON DEFENDANT JASCOTT
INVESTMENTS, LLC's MOTION TO STRIKE CALL LOG**

Plaintiff Brandon Callier moved for summary judgment in this case, arguing that Defendant Jascott Investments, LLC ("Investments") violated the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 *et seq.*, 47 C.F.R. § 64.1200(c), and Texas state law,[1] and Investments now seeks to strike the call log Plaintiff filed alongside his summary-judgment motion (the "Call Log").[2] Plaintiff provided two additional call logs to Investments in discovery that detailed each call listed in the Call Log and provided an affidavit in his summary-judgment briefing explaining each call.[3] Still, Investments now moves to strike the Call Log as hearsay, as a false copy, and as unauthenticated. Because the Call Log is capable of being presented in a form that would be admissible at trial, it is proper summary-judgment evidence and Investments' motion is denied.

---

[1] Pl.'s Mot. Summ. J., ECF No. 119.
[2] Def.'s Mot. Strike, ECF No. 148.
[3] *See id.* ¶¶ 12–13.

## I.    LEGAL STANDARD.

Evidence at the summary-judgment stage need not be in a form admissible at trial. Instead, it "need only be *capable* of being 'presented in a form that would be admissible in evidence.'"[4] Further, authentication is not required for evidence at this stage.[5] The same principles hold for evidence that may be hearsay; so long as it may be presented in an admissible form, a court may consider hearsay as summary-judgment evidence.[6]

Hearsay itself is an out-of-court statement that is offered to prove the truth of the matter asserted.[7] Such statements are ordinarily not admissible unless they fall within an exception to the rule against hearsay.[8] A statement made during trial testimony—even when it recounts previous statements made by the person testifying—is not hearsay.[9]

## II.    ANALYSIS.

### A.    *Hearsay.*

Investments argues that the Call Log is hearsay outside of any exception and says that it therefore should be stricken from the summary-judgment record. At the outset, the Court notes that any "statements" contained in the Call Log that could be hearsay were made by Plaintiff, such as statements that Plaintiff "TOLD [Investments] NEVER TO CALL"[10] and made a second do-

---

[4] *LSR Consulting, LLC v. Wells Fargo Bank, N.A.*, 835 F.3d 530, 534 (5th Cir. 2016) (quoting Fed. R. Civ. P. 56(c)(2)) (emphasis in original).
[5] *Maurer v. Indep. Town*, 870 F.3d 380, 384 (5th Cir. 2017) (citing Fed. R. Civ. P. 56(c); *Lee v. Offshore Logistical & Transp., LLC*, 859 F.3d 353, 355 (5th Cir. 2017); *LSR Consulting*, 835 F.3d at 534).
[6] *See Miller v. Michaels Stores, Inc.*, 98 F.4th 211, 218 (5th Cir. 2024) (citing *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987); *Patel v. Texas Tech Univ.*, 941 F.3d 743, 746 (5th Cir. 2019)).
[7] Fed. R. Evid. 801(c).
[8] Fed. R. Evid. 802.
[9] Fed. R. Evid. 801(c)(1).
[10] Ex. A-2 at 12, ECF No. 119-2.

not-call request.[11] The declaration filed alongside Plaintiff's motion for summary judgment and the Call Log explicitly states that Plaintiff "could testify"[12] to the facts underlying the Call Log.[13] Investments does not—and could not—offer authority showing Plaintiff cannot testify about the calls he received and what he said in response to the calls. Such testimony from Plaintiff would not be hearsay and would be admissible in evidence. As such, Investments has not shown that the evidence is not "capable of being presented in a form that would be admissible in evidence" at trial.[14] The Court will not strike the Call Log based on Investments' hearsay argument.

### B.    Inconsistencies.

Investments next argues that the Call Log is not identical to other call logs Plaintiff created at different stages of this litigation; it says these inconsistencies mean the evidence is not reliable and should be stricken. According to Investments, one call log Plaintiff produced in discovery had "a different format, different type sizes, and a different identifying caption at the left top of Page 1 . . . , no numberings on its five [] pages, [and] . . . an additional, sixth column of content or 'notes' for each line."[15] Investments also makes much of a second call log Plaintiff provided in discovery that has six pages and "127 lines of information" as opposed to the Call Log's 121 lines.[16] The third log also has "a wholly different date format" and contains Plaintiff's "work notes."[17] The Court will not penalize Plaintiff for providing thorough discovery. The differences Investments musters are not substantive and do not raise concerns about reliability. Indeed, the

---

[11] *Id.* at 13.
[12] Pl. Dec. ¶ 1, ECF No. 119-2.
[13] Each call listed in the Call Log is also described in Plaintiff's declaration. *See* Pl. Dec. ¶¶ 7–17. Investments has not objected to the portions of the declaration detailing each call.
[14] *LSR Consulting*, 835 F.3d at 534 (citing Fed. R. Civ. P. 56(c)(2)).
[15] Def.'s Mot. Strike ¶ 13.
[16] *Id.* ¶ 15.
[17] *Id.*

evidence Investments points to only shows that Plaintiff provided notice of the calls he would seek relief for early in litigation and at various levels of detail as required by discovery. The purported inconsistencies do not require striking the Call Log.

### C.    *Authentication.*

Finally, Investments argues that Plaintiff is not capable of authenticating the Call Log. But the Call Log need not be authenticated at the summary-judgment stage.[18] Also, Plaintiff's declaration states that he received the calls and text messages listed on the Call Log, lists each call within the declaration itself, and notes that Plaintiff himself prepared the Call Log. Plaintiff can authenticate the Call Log at trial if needed. Nothing about the Call Log's authentication requires the Court to grant Investments' motion.

## III.    CONCLUSION.

For all the reasons stated above, Investments' motion to strike is **DENIED**.

**SO ORDERED.**

**SIGNED** and **ENTERED** on January 14, 2025.

_____

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

---

[18] *Maurer*, 870 F.3d at 384 (citing Fed. R. Civ. P. 56(c)); *Lee*, 859 F.3d at 355; *LSR Consulting*, 835 F.3d at 534).