UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **BRANDON CALLIER,** § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | |
| § | No. 3:22-cv-00301-LS |
| **JASCOTT INVESTMENTS, LLC,** § | |
| **JASCOTT ENTERPRISES, LLC, and** § | |
| **JOHN DOES 1–4,** § | |
| § | |
| *Defendants.* § | |

**MEMORANDUM OPINION AND ORDER ON DEFENDANT JASCOTT INVESTMENTS, LLC'S MOTION TO STRIKE DECLARATION**

This is a case about allegedly unauthorized marketing phone calls made to Plaintiff Brandon Callier in violation of the Telephone Consumer Protection Act of 1991 (the "TCPA"), 47 U.S.C. 227 *et seq.*, 47 C.F.R. § 64.1200(c), and Texas state law. Plaintiff Brandon Callier filed a motion for summary judgment arguing Defendant Jascott Investments, LLC ("Investments") is liable for all such phone calls.[1] In connection with his motion, Plaintiff filed a declaration setting out relevant facts he could testify to if needed. Investments now moves to strike various portions of Plaintiff's declaration for alleged inconsistencies with Plaintiff's deposition testimony and because some statements are conclusory.[2] Because the sham-affidavit doctrine does not cover Plaintiff's statements and the statements are not conclusory, Investments' motion is denied.

---

[1] Pl.'s Mot. Summ. J., ECF No. 119.
[2] Def.'s Mot. Strike, ECF No. 147.

I.    **LEGAL STANDARD.**

When considering a motion for summary judgment, the Court "must consider all the evidence before it," including affidavits of the parties if offered.[3] When a party provides an affidavit, Fed. R. Civ. P. 56(c)(4) requires statements therein to be within the affiant's personal knowledge. Facts stated in affidavits must be "admissible in evidence," and the affiant must be "competent to testify on the matters stated."[4] Mere conclusions of either law or fact, without support, are not admissible as summary-judgment evidence.[5]

Relatedly, a court may strike and therefore disregard all or part of a declaration under the sham-affidavit doctrine if the affidavit "impeaches" previous sworn testimony "without explanation."[6] A party asking the Court to apply this doctrine to strike a summary-judgment affidavit must meet a high bar.[7] The affidavit must be "so markedly inconsistent with the affiant's prior deposition as to constitute an obvious sham."[8] An affidavit that "supplements rather than contradicts" the affiant's prior sworn statements shall not be stricken.[9] As such, the Court will not strike any of the paragraphs Investments seeks to remove if the differences between Plaintiff's affidavit and deposition testimony "can be reconciled such that the statements are not inherently inconsistent."[10] The rationale underlying this test makes sense; it is the jury's role to assess

---

[3] *Seigler v. Wal-Mart Stores Tex.*, 30 F.4th 472, 477 (5th Cir. 2022) (quoting *Kennett-Murray Corp. v. Bone*, 622 F.2d 887, 893 (5th Cir. 1980)).
[4] Fed. R. Civ. P. 56(c)(4).
[5] *See Galindo v. Precision American Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) ("[U]nsupported allegations or affidavits setting forth ultimate or conclusory facts and conclusions of law are insufficient to either support or defeat a motion for summary judgment." (internal quotations omitted)).
[6] *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 495 (5th Cir. 1996).
[7] *Seigler*, 30 F.4th at 477 (citing *Winzer v. Kaufman Cty.*, 916 F.3d 464, 472 (5th Cir. 2019)).
[8] *Clark v. Resistoflex Co.*, 854 F.2d 762, 767 (5th Cir. 1988).
[9] *S.W.S. Erectors*, 72 F.3d at 496.
[10] *Seigler*, 30 F.4th at 477 (citing *Winzer*, 916 F.2d at 472–73).

credibility.[11] The Court only intervenes at summary judgment to strike statements that are "an obvious sham." And even if portions of an affidavit are inadmissible, the Court just disregards the inadmissible statements and considers the rest of the affidavit when ruling on summary judgment.[12]

## II. ANALYSIS.

### A. *Paragraph Two.*

Investments argues Plaintiff's statements that he is the "owner" of the phone number that allegedly received the unauthorized calls ('the 4604 number") and that the number "is assigned to [Plaintiff's] cellular telephone service"[13] are contradicted by his deposition testimony and should be struck as a sham. Investments states Plaintiff testified at his deposition that his family phone account is in his wife's name. The Court finds the affidavit and deposition statements can be reconciled and Plaintiff did reconcile them at his deposition. Plaintiff clarified that his wife opened the family account, which is connected to multiple phone numbers, but the 4604 number is Plaintiff's phone number.[14] The affidavit and deposition testimony are not inherently inconsistent.

To the extent Investments argues that evidence—not Plaintiff's testimony—contradicts his affidavit, that evidence is not sworn testimony. Credibility determinations outside of the narrow sham-affidavit exception cannot be resolved by the Court at summary judgment.[15] Investments' motion to strike statements from Paragraph Two of Plaintiff's declaration is denied.

---

[11] *Winzer*, 916 F.2d at 472 (quoting *Kennett-Murray*, 622 F.3d at 893).
[12] *See generally Lee v. Nat'l Life Assur. Co. of Canada*, 632 F.2d 524 (5th Cir. 1980).
[13] Pl. Dec. ¶ 2, ECF No. 119-2.
[14] *See* Pl. Dep. 148:18–149:7, ECF No. 132-14 ("Q: So that's actually Ana – your wife, Ana Callier's phone number? A: That's my phone number, sir. Q: Okay. But it – it's her account. A: She opened the account. That is my phone number.").
[15] *Cf. Richardson v. Oldham*, 12 F.3d 1373, 1379 (5th Cir. 1994) ("Credibility determinations have no place in summary judgment proceedings. The district court chose to believe the defendants' evidence over the plaintiffs' and that was error." (cleaned up)).

### B.   Paragraph Four.

Investments argues part of this paragraph should be stricken because it both is contradicted by his deposition and also is conclusory. In Paragraph Four, Plaintiff states that he is a "residential subscriber" to the 4604 number. In its motion, Investments cites to no deposition testimony that contradicts this statement, let alone any testimony that impeaches his affidavit statement. Therefore, the Court will not strike this statement as a sham.

The statement also is not conclusory. Investments argues Plaintiff is making an unsupported legal conclusion with this declaration—but Plaintiff's statement is also a factual statement that is admissible in evidence and based on Plaintiff's personal knowledge.[16] This reading is corroborated by multiple other statements in Paragraphs Four and Five, which note that Plaintiff uses the 4604 number for "personal, family, and household use," uses the number primarily to contact personal relations, and has not advertised the number as a business line.[17] Investments' motion to strike this statement is denied.

### C.   Paragraph Five.

Investments next argues that Plaintiff provided sham testimony about never holding the 4604 number "out to the public as a business number," and the Court therefore should strike this statement. Attempting to show a contradiction in Plaintiff's deposition testimony, Investments cites testimony about a directory for tax professionals that lists the 4604 number. But this testimony is not inherently inconsistent and can be explained; at his deposition, Plaintiff said that

---

[16] *See* Pl.'s Resp. Mot. Strike 4, ECF No. 149 ("Callier submits his testimony [on Paragraph 4] not as a conclusion of law but to establish the facts . . . .").
[17] Pl. Dec. ¶¶ 4–5. Investments has not moved to strike any of these statements.

a third party published this directory and included his number without Plaintiff's signoff.[18] The affidavit statement and deposition testimony can therefore be reconciled, since the testimony does not show Plaintiff himself held the 4604 number out as a business number. As discussed at Part II.A, *supra*, the Court disregards Investments' attempts to impeach the affidavit by evidence, not sworn testimony. This statement will not be stricken.

### D.    *Paragraphs Six and Ten.*

Investments next seeks to strike Plaintiff's statements that Investments' "representatives" called Plaintiff on various occasions. Investments says that as to Dave Thurber, one individual from whom Plaintiff allegedly received calls, there are no facts before the Court on summary judgment showing that Mr. Thurber was Investments' agent. According to Investments, courts use "representative" and "agent" interchangeably in TCPA litigation; because of this understanding, Plaintiff's statement is an unsupported conclusion of law that should be stricken. But Dave Thurber is not mentioned by name in Paragraphs Six and Ten; the first mention of Mr. Thurber is in Paragraph Thirteen.[19] Investments has not moved to strike that paragraph.

At least as to Paragraph Ten, the challenged statement does not refer to Mr. Thurber. In Paragraph Ten, Plaintiff says he received calls from Investments' representatives "[l]eading up to April, 19, 2022."[20] The first call Plaintiff received from Mr. Thurber, according to this declaration, occurred on April 20, 2022.[21]

---

[18] Pl. Dep. 96:25–97:4 ("Q: And you're a member of that? A: Am I [a] member of the PTIN directory? Q: Yeah. A: I assume that when you get a PTIN, they – they list it there."); *id.* at 97:14–15 (Plaintiff stating that he has "no control over" whether a third party lists his phone number in its directory).
[19] Pl. Dec. ¶ 13 ("On April 20, 2022, I received a call from 516-376-3680, a telephone number belonging to Dave Thurber from Upwise Capital, a company I now know has a business arrangement with JaScott.").
[20] *Id.* ¶ 10.
[21] *Id.* ¶ 13.

Further, the Court does not find Plaintiff's statements are an unsupported conclusion of law requiring their strike. Investments' argument that "representative" and "agent" are interchangeable is not supported by the cases it cites.[22] Investments' motion does not show that the statement at issue is either not based on Plaintiff's personal knowledge or otherwise not admissible in evidence. There is nothing in Investments' motion suggesting Plaintiff is not capable of testifying about these statements. The statements in these paragraphs will not be stricken.

### III.  CONCLUSION.

For all the reasons stated above, Investments' motion to strike is **DENIED**.

**SO ORDERED.**

**SIGNED** and **ENTERED** on January 14, 2025.

_____
LEON SCHYDLOWER
UNITED STATES DISTRICT JUDGE

---

[22] In *Neria v. Dish Network L.L.C.*, the Court granted summary judgment for the defendant because, in relevant part, the plaintiff did not present legal analysis or argument showing that a third party was the defendant's agent. *See* No. 6:19-CV-00430-ADA-JCM, 2020 WL 3403074, at *5 (W.D. Tex. June 19, 2020). The Court cannot find anything in *Atkinson v. Pro Custom Solar LLC* that speaks to the agent-representative distinction Investments urges. *See generally* No. SA-21-CV-00178-OLG, 2022 WL 4071998 (W.D. Tex. Sept. 1, 2022).