# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| **BRANDON CALLIER,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | |
| | § | **No. 3:22-cv-00301-LS** |
| **JASCOTT INVESTMENTS, LLC,** | § | |
| **JASCOTT ENTERPRISES, LLC, and** | § | |
| **JOHN DOES 1–4,** | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER
## ON PLAINTIFF'S OPPOSED MOTION TO DISMISS AND DEFENDANT
## JASCOTT ENTERPRISES, LLC'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Brandon Callier moves to dismiss Defendant Jascott Enterprises, LLC

("Enterprises") from this litigation with prejudice, and Enterprises opposes this dismissal.[1]

Enterprises participated in this long and contentious litigation, which is still ongoing, by filing

multiple motions including a motion to dismiss, motion for discovery, and motion for summary

judgment.[2] In its motion for summary judgment, Enterprises seeks its dismissal from this lawsuit

with prejudice.[3] On August 19, 2024, Enterprises served Plaintiff notice of a pending motion for

sanctions under Fed. R. Civ. P. 11(c).[4] Within the 21-day safe harbor period mandated by Rule

---

[1] Pl.'s Opposed Mot. Dismiss, ECF No. 183. This order is issued in part pursuant to the Court's text order of September 30, 2024 regarding Enterprises' motion for summary judgment, ECF No. 117.
[2] *See* ECF Nos. 82, 103, 117.
[3] Enterprises' Mot. Summ. J., ECF No. 117.
[4] Pl.'s Opposed Mot. Dismiss 1–2.

11,[5] Plaintiff moved to dismiss his suit against Enterprises with prejudice.[6] Enterprises opposes

this motion, though it wants to be dismissed, arguing this Court should only order its dismissal if

the Court also requires Plaintiff to pay Enterprises' attorney's fees.[7] Because Plaintiff is seeking

dismissal of Enterprises with prejudice, and because Enterprises also seeks its dismissal with

prejudice via summary-judgment motion, the Court grants Plaintiff's motion to dismiss Enterprises

with prejudice and declines to assess attorney's fees against Plaintiff.

## I.    LEGAL STANDARD.

If a plaintiff moves to voluntarily dismiss a lawsuit against one or more defendants after a

summary judgment motion has been filed, the Court must give its consent for the dismissal and

may condition the dismissal on other terms the Court finds proper.[8] Unless stated otherwise, such

dismissals are usually granted without prejudice to refiling.[9] So long as the defendant subject to

dismissal will not incur "some plain legal prejudice other than the mere prospect of a second

lawsuit," the Court should "freely" grant such motions.[10] The "mere fact" that a plaintiff may

obtain a "tactical advantage" by dismissing a defendant and potentially suing them in a different

forum "is not sufficient legal prejudice."[11] A "typical example" of prejudice occurs when a plaintiff

---

[5] Fed. R. Civ. P. 11(c)(2) ("The [Rule 11] motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.").

[6] Plaintiff filed his Opposed Motion to Dismiss on August 23, 2024, four days after receiving Enterprises' Rule 11 notice. *See* Pl.'s Opposed Mot. Dismiss 1–2.

[7] Enterprises' Resp. Pl.'s Opposed Mot. Dismiss 8, ECF No. 194 (noting Plaintiff's counsel was "mistaken[] regarding Enterprises' opposition to the motion to dismiss and stating Enterprises "seeks a Rule 41(a)(2) dismissal with prejudice, therein conditioned on the payment of attorney's fees and costs").

[8] Fed. R. Civ. P. 41(a)(2).

[9] *Id.*

[10] *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002).

[11] *United States ex rel. Vaughn v. United Biologics, L.L.C.*, 907 F.3d 187, 197 (5th Cir. 2018) (quoting *Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 299 (5th Cir. 2016)).

seeks to dismiss a defendant to "avoid an imminent adverse ruling."[12] The purpose of the Court's

discretion in approving these motions after the filing of summary-judgment motions is to prevent

unfairness to defendants subject to dismissal.[13]

## II.   ANALYSIS.

Plaintiff seeks to dismiss Enterprises from this lawsuit with prejudice. Dismissal with

prejudice is a final adjudication on the merits and a bar to further action by plaintiffs against

defendants on the claims brought in this lawsuit.[14] It does not matter when a dismissal with

prejudice is granted; it never harms the defendant.[15] Through a dismissal with prejudice, "[t]he

defendant receives all that he would have received had the case been completed."[16] Plaintiff moves

to dismiss Enterprises with prejudice in this case. This dismissal will not prejudice Enterprises,

and the Court will grant Plaintiff's motion to dismiss.

Courts normally impose conditions on dismissal when the dismissal is without prejudice.[17]

Attorney's fees may be a condition of dismissal, but whether to award such fees is a decision

---

[12] *In re FEMA Trailer Formaldahyde Prods. Liability Litig.*, 628 F.3d 157, 162 (5th Cir. 2010).

[13] *See, e.g.*, *Vaughn*, 907 F.3d at 197 (citing 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2364 (3d ed. 2018 update)).

[14] *See Brooks v. Raymond Dugat Co.*, 336 F.3d 360, 362 (5th Cir. 2003) (citing *Schwarz v. Folloder*, 767 F.2d 125, 129–30 (5th Cir. 1985)).

[15] *Id.*

[16] *Schwarz*, 767 F.2d at 130 (citing *Sheridan v. Fox*, 531 F. Supp. 151, 155 (E.D. Pa. 1982)).

[17] *See, e.g.*, *Horton v. Texas Fed'n for Child. PAC, Inc*., No. 3:22-CV-2736-D, 2024 WL 1748022, at *2 (N.D. Tex. Apr. 23, 2024) (citing *Alexander v. State Farm Lloyds*, No. 4:12-CV-490, 2014 WL 549389, at *6 (S.D. Tex. Feb. 11, 2014)). Every case cited by Enterprises about attorney's fees in its response concerned a dismissal without prejudice, not a dismissal with prejudice. *See Yoffe v. Keller Indus., Inc.*, 580 F.2d 126, 128 (5th Cir. 1978) (Fifth Circuit denying appeal of district court's grant of attorney's fees and costs to plaintiff as conditions of his voluntary dismissal without prejudice); *Alvarado v. Envolve Client Servs. Grp.*, 653 F. Supp. 3d 351, 358 (W.D. Tex. 2023) (district court denying award of attorney's fees and costs to defendant in connection with plaintiff's voluntary dismissal without prejudice). One of Enterprises' cited cases analyzes *Hartford Accident & Indemnity Co. v. Costa Lines Cargo Services, Inc.*, in which the Fifth Circuit affirmed a district court's denial of plaintiff's voluntary dismissal without prejudice. *See* 903 F.2d 352, 360–61 (5th Cir. 1990). Enterprises does not ask the Court to deny the

within the Court's "broad discretion."[18] The Court only awards such fees in "extraordinary circumstances."[19] Such an award must serve "dominating reasons of justice."[20] Enterprises has not shown that such an award is appropriate here, when it is already receiving a dismissal with prejudice that prevents Plaintiff from re-filing this lawsuit.

To the extent Enterprises seeks attorney's fees as sanctions in this case, it is barred from doing so. Because Plaintiff is dismissing Enterprises from this lawsuit following Enterprises' own Rule 11 notice, any effort by Enterprises to put sanctions before the Court for consideration is not proper. Rule 11 provides that a party who receives notice of potentially sanctionable filings or statements has 21 days to "withdraw[]" or "appropriately correct[]" the challenged "paper, claim, defense, contention, or denial."[21] "If, and only if" the 21-day period expires without correction or withdrawal may the party seeking sanctions put the motion before the Court.[22] After Enterprises provided notice that it would seek Rule 11 sanctions against Plaintiff for including it in this lawsuit, Plaintiff moved to dismiss Enterprises from this suit within the safe-harbor period.[23] Because the challenged claims have been timely withdrawn, Enterprises cannot present its Rule 11 motion to the Court.

---

dismissal, and in any event *Hartford* emphasizes that the decision to deny the dismissal or impose conditions is within a district court's discretion. *Id.*

[18] *Energy Mgmt. Corp. v. City of Shreveport*, 467 F.3d 471, 482 (5th Cir. 2006) (citing *Hopwood v. Texas*, 236 F.3d 256, 277 (5th Cir. 2000)).

[19] *Sprague v. Ticonic Nat. Bank*, 307 U.S. 161, 167 (1939).

[20] *Id.*

[21] Fed. R. Civ. P. 11(c)(2).

[22] *Margetis v. Furgeson*, 666 F. App'x 328, 331 (5th Cir. 2016) (per curiam) ("If, and only if, 'the challenged paper, claim, defense, contention, or denial' is not 'withdrawn or appropriately corrected' within the 21-day period may the motion then 'be filed or . . . presented to the court.'" (quoting Fed. R. Civ. P. 11(c)(2)).

[23] *See* Pl.'s Opposed Mot. Dismiss 1–2.

Enterprises still protests that Plaintiff's conduct amounts to bad faith and it is therefore entitled to attorney's fees under the Court's inherent powers.[24] "A court may assess attorney's fees under its inherent powers when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons"[25] but "must make a specific finding that the sanctioned party acted in bad faith in order to impose such sanctions."[26] The facts Enterprises alleges do not show bad faith.

Enterprises argues that Plaintiff conducted discovery that should have given him the answers he needed early in the case, but his efforts to take a principal's deposition extended discovery by multiple months.[27] Mr. Scott, the individual in question, is the sole owner of both Enterprises and Defendant Jascott Investments, LLC.[28] The parties told the Court in December 2023 that they agreed to extend the discovery deadline "for the limited purposes" of deposing both Plaintiff and Mr. Scott.[29] Plaintiff seeking Mr. Scott's deposition after extending the deadline to do so—by agreement—did not constitute bad faith.

Enterprises then cites to summary-judgment evidence presented by Defendant Jascott Investments, LLC, not Enterprises, to show conduct that, it argues, establishes Plaintiff's bad faith.[30] Actions taken against a different defendant do not amount to bad-faith conduct against Enterprises. To the extent Enterprises argues that Plaintiff misconstrues Enterprises as being

---

[24] Enterprises' Resp. Pl.'s Opposed Mot. Dismiss ¶¶ 48–72; *see generally Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 258–59 (1975). However, Enterprises does not provide the amount of fees sought or a fair estimate thereof as required by Fed. R. Civ. P. 54(B)(iii).

[25] *Alyeska*, 421 U.S. at 258 (quoting *F.D. Rich Co. v. United States ex rel. Industrial Lumber Co.*, 417 U.S. 116, 129 (1974)).

[26] *Matta v. May*, 118 F.3d 410, 416 (5th Cir. 1997).

[27] Enterprises' Resp. Pl.'s Opposed Mot. Dismiss ¶ 52.

[28] *Id.* ¶ 50; Scott Dec. ¶ 33, ECF No. 117-5.

[29] ECF No. 105, at 1, n. 1.

[30] Enterprises' Resp. Pl.'s Opposed Mot. Dismiss ¶ 37 (citing ECF No. 118 and exhibits thereto). ECF No. 118 is Defendant Jascott Investments, LLC's Motion for Summary Judgment.

related to Jascott Investments, LLC, Enterprises' own citation to Jascott Investments, LLC's summary-judgment papers gives credit to Plaintiff's position, not Enterprises'.

Enterprises also argues that Plaintiff's amendment of his complaint to properly include Enterprises under a theory of vicarious liability constituted bad faith.[31] Enterprises did not oppose Plaintiff's motion to amend his complaint.[32] Merely amending a complaint after the Court grants leave to do so is not bad-faith conduct. Without more, the Court will not say that Plaintiff's purported actions in this lawsuit were taken in bad faith or that awarding attorney's fees would serve the interests of justice.

The Court finds Enterprises is not entitled to attorney's fees and therefore the Court will not award such fees as a condition of dismissal. Rule 54(d)(1) states that, unless otherwise indicated by statute, court order, or rule, "costs—other than attorney's fees—should be allowed to the prevailing party."[33] The Fifth Circuit has held that a defendant who is on the receiving end of a voluntary dismissal with prejudice is a "prevailing party" under Rule 54.[34] Enterprises may collect its costs other than attorney's fees from Plaintiff. Because it is dismissed from this case with prejudice, Enterprises has now received "all that [it] would have received had the case been completed."[35]

---

[31] Enterprises' Resp. Pl.'s Opposed Mot. Dismiss ¶ 37.
[32] Order Granting Mot. Leave to File Am. Compl. 1, ECF No. 42 (noting motion was unopposed).
[33] Fed. R. Civ. P. 54(d)(1).
[34] *See Schwarz*, 767 F.2d at 130–31.
[35] *Id.* at 130 (citing *Sheridan*, 531 F. Supp. at 155).

III.    CONCLUSION.

For all the reasons stated above, Plaintiff's motion to dismiss is **GRANTED**. Enterprises'

Motion for Summary Judgment [ECF No. 117], which seeks the same relief granted in this Order,

is **DENIED AS MOOT**.

SO ORDERED.

**SIGNED** and **ENTERED** on January 14, 2025.

_____
**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**