# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| **BRANDON CALLIER,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | |
| | § | **No. 3:22-cv-00301-LS** |
| **JASCOTT INVESTMENTS, LLC,** | § | |
| **JASCOTT ENTERPRISES, LLC, and** | § | |
| **JOHN DOES 1-4,** | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER
## DENYING DEFENDANT JASCOTT INVESTMENTS, LLC'S MOTION
## TO ALLOW LIVE TESTIMONY VIA CONTEMPORANEOUS TRANSMISSION

Defendant Jascott Investments, LLC ("Investments") moves to take the testimony of an undisclosed, un-deposed witness via live transmission from a foreign country during trial in this matter.[1] For the reasons that follow, this motion is denied.

## I.     LEGAL STANDARD.

At trial, live witness testimony is typically required.[2] Federal Rule of Civil Procedure 43 contains a limited exception to this rule. Under Rule 43(a), a party must show "good cause in compelling circumstances" and "appropriate safeguards" to provide testimony via live transmission from another location.[3]

---

[1] Defs.' Mot. Allow Live Testimony via Contemporaneous Transmission ("Mot."), ECF No. 171. This motion was jointly filed with Defendant Jascott Enterprises, LLC, who has since been dismissed from this case. *See* Mem. Op. & Order, ECF No. 202.

[2] *See* Fed. R. Civ. P. 43(a) ("At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise.").

[3] *Id.*

The Rule 43(a) exception cannot be permitted to swallow the live-testimony rule.[4] Inconvenience of the witness is not enough to satisfy the Rule 43 burden;[5] neither are reasonably foreseeable circumstances.[6] If a witness cannot be reached by a trial subpoena or is unavailable due to scheduling issues, depositions are preferred to testimony via contemporaneous transmission.[7]

## II.    ANALYSIS.

Investments states that Max Williams has been disclosed as a potential witness in this matter since at least October 2023.[8] However, it now states that Max Williams's true name is Abdul Alim.[9] Alim resides and works in Bangladesh and is beyond reach of a trial subpoena.[10] Investments' disclosure of Williams was not supplemented with Alim's true name at any point. Further, Investments told this Court that it could not locate Alim, even after discovery closed.[11] Investments never sought to depose Alim in this matter despite the fact that any consent defense—

---

[4] Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment ("The importance of presenting live testimony in court cannot be forgotten. The very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling.").

[5] *Id.* ("Transmission cannot be justified merely by showing that it is inconvenient for the witness to attend the trial.").

[6] *Id.* ("A party who could reasonably foresee the circumstances offered to justify transmission of testimony will have special difficulty in showing good cause and the compelling nature of the circumstances.").

[7] *Id.* ("Ordinarily depositions, including video depositions, provide a superior means of securing the testimony of a witness who is beyond the reach of a trial subpoena . . . .").

[8] *See* Def. Jascott Investments, LLC's Designation of Potential Witnesses, Potential Testifying Experts and List of Proposed Exs. 3, ECF No. 87. Investments used the Texas registered address of Williams's employer, Green Arrow Capital, LLC, in its disclosures.

[9] Mot., at 1.

[10] *Id.*, at 2–3.

[11] *See, e.g.*, Def. Jascott Investments, LLC's Mot. Leave File Am. Designation Potential Witnesses 2, ECF No. 135 (stating that Investments nor any other witnesses knew Williams's whereabouts but his last known location was in Bangladesh).

which it argues depends on Alim's testimony—is Investments' own burden. Investments' failure to diligently establish its own defense during discovery does not establish good cause.

Because Investments designated Williams as a potential witness, it was reasonably foreseeable that it would call Williams at trial. Despite that, Investments never deposed Alim. Any issues with obtaining Alim's testimony were reasonably foreseeable and cannot establish good cause.

Relatedly, Alim's inconvenience in traveling to El Paso for trial is also not enough to establish good cause.

Therefore, Investments has not shown good cause nor compelling circumstances, and it is not entitled to take Alim's testimony via contemporaneous transmission.

## III.    CONCLUSION.

For all of the reasons stated above, Investments' motion to allow live testimony via contemporaneous transmission [ECF No. 171] is denied.

**SO ORDERED.**

**SIGNED** and **ENTERED** on January 14, 2025.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**