# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| **BRANDON L CALLIER,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **No. 3:22-CV-00301-LS** |
| | § | |
| **JASCOTT INVESTMENTS, LLC, and** | § | |
| **JOHN DOES 1-4,** | § | |
| | § | |
| *Defendants.* | § | |

## JURY VERDICT FORM

**QUESTION NO. 1:**

Did Plaintiff Brandon Callier prove, by a preponderance of the evidence, that he is a residential telephone subscriber to his cellular telephone number 915-383-4604?

Answer YES or NO: ___*NO*___

If you answered NO to question number 1, skip Question Nos. 2 through 12, answer Question No. 13 and then follow the instructions following Question No. 13.

If you answered YES to Question No. 1, answer Question No. 2 and then follow the instructions following Question No. 2.

**QUESTION NO. 2:**

Did Plaintiff Brandon Callier prove, by a preponderance of the evidence, that by March 4, 2022, he registered his cellular phone number 915-383-4604 on the national do not call registry?

Answer YES or NO: _____

If you answered NO to question number 2, skip Question No. 3, answer Question No. 4 and then follow the instructions following Question No. 4.

If you answered YES to Question No. 2, answer Question No. 3 and then follow the instructions following Question No. 3.

**QUESTION NO. 3:**

Which, if any, of the following calls and texts did Plaintiff Brandon Callier prove, by a preponderance of the evidence, were calls or texts made to the 915-383-4604 number either by Defendant Jascott Investments, LLC or by a party acting on its behalf for the purposes of soliciting goods or services?

1. 4/5/22 at 11:38 A.M.?

   _____ Yes _____ No

2. 4/5/22 at 2:48 P.M.?

   _____ Yes _____ No

3. 4/19/22 at 2:33 P.M. (First Text Message)?

   _____ Yes _____ No

4. 4/19/22 at 2:33 P.M. (Second Text Message)?

   _____ Yes _____ No

5. 4/19/22 at 2:33 P.M. (Third Text Message)?

   _____ Yes _____ No

6. 4/19/22 at 2:34 P.M.?

   _____ Yes _____ No

7. 4/19/22 at 2:36 P.M.?

   _____ Yes _____ No

8. 4/19/22 at 3 P.M.?

   _____ Yes _____ No

9. 4/19/22 at 4:26 P.M.?

   _____ Yes _____ No

10. 4/20/22 at 9:37 A.M.?

_____ Yes _____ No

11. 4/20/22 at 12:36 P.M.?

_____ Yes _____ No

12. 4/21/22 at 2:53 P.M.?

_____ Yes _____ No

No matter your answer to Question No. 3, answer Question No. 4 and then follow the instructions following Question No. 4.

5

**QUESTION NO. 4:**

Which, if any, of the following calls and texts did Plaintiff Brandon Callier prove, by a preponderance of the evidence, were calls or texts made to the 915-383-4604 number either by Defendant Jascott Investments, LLC or by a party acting on its behalf for the purposes of soliciting goods or services?

1.  4/5/22 at 11:38 A.M.?

    _____ Yes _____ No

2.  4/5/22 at 2:48 P.M.?

    _____ Yes _____ No

3.  4/19/22 at 2:33 P.M. (First Text Message)?

    _____ Yes _____ No

4.  4/19/22 at 2:33 P.M. (Second Text Message)?

    _____ Yes _____ No

5.  4/19/22 at 2:33 P.M. (Third Text Message)?

    _____ Yes _____ No

6.  4/19/22 at 2:34 P.M.?

    _____ Yes _____ No

7.  4/19/22 at 2:36 P.M.?

    _____ Yes _____ No

8.  4/19/22 at 3 P.M.?

    _____ Yes _____ No

9.  4/19/22 at 4:26 P.M.?

    _____ Yes _____ No

10. 4/20/22 at 9:37 A.M.?

_____ Yes _____ No

11. 4/20/22 at 12:36 P.M.?

_____ Yes _____ No

12. 4/21/22 at 2:53 P.M.?

_____ Yes _____ No

If you answered NO to all parts of Question No. 4 and if you answered NO to either Question No. 2 or all parts of Question No. 3, skip Question Nos. 5 through 12, answer Question No. 13 and then follow the instructions following Question No. 13.

If you answered NO to all parts of Question No. 4 but answered YES to Question Nos. 1 and 2 and YES to at least two parts of Question No. 3, answer Question No. 5 and then follow the instructions following Question No. 5.

If you answered YES to at least two parts of Question No. 4, answer Question No. 5 and then follow the instructions following Question No. 5.

**QUESTION NO. 5:**

Did Defendant Jascott Investments, LLC prove, by a preponderance of the evidence, that on or before April 5, 2022, it obtained Plaintiff Brandon Callier's prior express invitation or permission to call him in a written agreement signed by Brandon Callier?

Answer YES or NO: _____


Proceed to Question No. 6.

**QUESTION NO. 6:**

For the phone calls listed in Question Nos. 3 and 4, did Defendant Jascott Investments, LLC prove, by a preponderance of the evidence, that it had established a business relationship with Plaintiff Brandon Callier during those periods?

Answer YES or NO: _____

If you answered NO to Question No. 6, skip Question No. 7, answer Question No. 8 and then follow the instructions following Question No. 8.

If you answered YES to Question No. 6, answer Question No. 7 and then follow the instructions following Question No. 7.

**QUESTION NO. 7:**

Did Defendant Jascott Investments, LLC prove, by a preponderance of the evidence, that Plaintiff Brandon Callier did not terminate any established business relationship between Jascott and Callier when Jascott called and/or texted Callier?

Answer YES or NO: _____

Proceed to Question No. 8.

**QUESTION NO. 8:**

Did Defendant Jascott Investments, LLC prove, by a preponderance of the evidence, that it placed any of the phone calls and text messages to Plaintiff Brandon Callier's phone number 915-383-4604 in error?

Answer YES or NO: _____

If you answered YES to Question No. 8, which, if any, of the phone calls and text messages were made in error? The calls and texts are listed in order from 1 to 12 in Question No. 3. Answer by writing the number of the phone call(s) or text message(s) made in error on the line below.

_____

If you answered NO to Question No. 8, skip Question Nos. 9 through 12, answer Question No. 13 and then follow the instructions following Question No. 13.

If you answered YES to Question No. 8, answer Question No. 9 and then follow the instructions following Question No. 9.

**QUESTION NO. 9:**

Did Defendant Jascott Investments, LLC prove, by a preponderance of the evidence, that it had established written procedures to comply with the national do-not-call rules when it contacted Plaintiff Brandon Callier's phone in error?

Answer YES or NO: _____

If you answered NO to Question No. 9, skip Question Nos. 10 through 12, answer Question No. 13 and then follow the instructions following Question No. 13.

If you answered YES to Question No. 9, answer Question No. 10 and then follow the instructions following Question No. 10.

**QUESTION NO. 10:**

Did Defendant Jascott Investments, LLC prove, by a preponderance of the evidence, that it had trained personnel and procedures established pursuant to the national do-not-call rules when it contacted Plaintiff Brandon Callier's phone in error?

Answer YES or NO: _____

If you answered NO to Question No. 10, skip Question Nos. 11 through 12, answer Question No. 13 and then follow the instructions following Question No. 13.

If you answered YES to Question No. 10, answer Question No. 11 and then follow the instructions following Question No. 11.

**QUESTION NO. 11:**

Did Defendant Jascott Investments, LLC prove, by a preponderance of the evidence, that it maintained and recorded a list of telephone numbers that Jascott could not contact when it contacted Plaintiff Brandon Callier's phone in error?

Answer YES or NO: _____

If you answered NO to Question No. 11, skip Question No. 12, answer Question No. 13 and then follow the instructions following Question No. 13.

If you answered YES to Question No. 11, answer Question No. 12 and then follow the instructions following Question No. 12.

**QUESTION NO. 12:**

Did Defendant Jascott Investments, LLC prove, by a preponderance of the evidence, that it had established a process to prevent telephone solicitations to any telephone number on the National Do-Not-Call Registry and maintained records documenting this process when it contacted Plaintiff Brandon Callier's phone in error?

Answer YES or NO: _____

Proceed to Question No. 13.

**QUESTION NO. 13:**

Did Plaintiff Brandon Callier prove, by a preponderance of the evidence, that Jascott Investments LLC or a party acting on its behalf either engaged in telephone solicitations from Texas or to a purchaser located in Texas? If so, for which of the following phone calls did he do so?

1. 4/5/22 at 2:48 P.M.?

    _____ Yes _____X_____ No

2. 4/19/22 at 2:36 P.M.?

    _____ Yes _____✓_____ No

3. 4/19/22 at 3 P.M.?

    _____ Yes _____X_____ No

4. 4/20/22 at 9:37 A.M.?

    _____ Yes _____X_____ No

5. 4/20/22 at 12:36 P.M.?

    _____ Yes _____X_____ No

6. 4/21/22 at 2:53 P.M.?

    _____ Yes _____X_____ No

If you answered NO to Question No. 13, skip Question No. 14 and proceed to Question No. 15.

If you answered YES to Question No. 13, answer Question No. 14 and then follow the instructions following Question No. 14.

**QUESTION NO. 14:**

Did Plaintiff Brandon Callier prove, by a preponderance of the evidence, that Jascott Investments, LLC did not obtain a registration certification from the Office of the Secretary of State of Texas to make telephone solicitations in this state?

Answer YES or NO: _____

Proceed to Question No. 15.

**QUESTION NO. 15:**

If you answered YES to Question Nos. 1 and 2, and at least two parts of Question No. 3, please answer the question below. Otherwise, please skip to Question No. 16.

You have found that Plaintiff Brandon Callier proved, by a preponderance of the evidence, that Defendant Jascott Investments, LLC violated the Do Not Call Registry provisions of the TCPA. What amount of damages (up to $500.00) should Defendant Jascott Investments, LLC pay to the plaintiff per call and/or text message?

Write an amount: _____

Proceed to Question No. 16.

**QUESTION NO. 16:**

If you answered YES to Question No. 1 and at least two parts of Question No. 4, please answer this question. Otherwise, please skip to Question No. 17.

You have found that Plaintiff Brandon Callier proved, by a preponderance of the evidence, that Defendant Jascott Investments, LLC violated the Do Not Call List provisions of the TCPA. What amount of damages (up to $500.00) should Defendant Jascott Investments, LLC pay to the plaintiff per call and/or text message?

Write an amount: _____

Proceed to Question No. 17.

**QUESTION NO. 17:**

If you answered YES to any part of Question No. 13 and if you answered YES to Question No. 14, please answer this question. Otherwise, please alert the Court Security Officer that you have reached a verdict.

You have found that Defendant Jascott Investments, LLC violated the Texas Business & Commerce Code. What amount of damages (up to $5,000.00) should Defendant Jascott Investments, LLC pay to the plaintiff per call?

Write an amount: _____

Once you have completed this question, please alert the Court Security Officer that you have reached a verdict.

1|29|25    4:00 PM