UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **BRANDON CALLIER,** § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | No. 3:22-CV-00301-LS |
| § | |
| **JASCOTT INVESTMENTS, LLC, and** § | |
| **JOHN DOES 1-4,** § | |
| § | |
| *Defendants*. § | |

## MEMORANDUM OPINION AND ORDER

Defendant Jascott Investments, LLC ("Investments") secured a defense jury verdict against serial TCPA[1] litigant Brandon Callier and now, with its sister company Jascott Enterprises, LLC ("Enterprises"), seeks sanctions against Callier and his counsel under both 28 U.S.C. § 1927 and the Court's inherent powers.[2] Because § 1927 does not allow for recovery against Callier individually and because Callier's counsel did not unreasonably or vexatiously multiply the proceedings, the Court withholds sanctions under § 1927. The Court also denies sanctions under its inherent powers.

**The Law.**

Section 1927 allows a court to sanction counsel when they unreasonably and vexatiously multiply proceedings.[3] Sanctions are appropriate when there is "evidence of bad faith, improper

---

[1] Telephone Consumer Protection Act, 47 U.S.C. § 227.
[2] *See* ECF No. 253 (Enterprises); ECF No. 260 (Investments).
[3] *See* 28 U.S.C. § 1927.

motive, or reckless disregard of the duty owed to the court."[4] Such sanctions are not to be exercised lightly.[5] Crucially, this sanction cannot be applied to represented parties like Callier.[6]

Separately, federal courts have the inherent power to sanction bad-faith conduct.[7] This inherent power includes the power to assess attorney's fees when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons."[8] Again, sanctions in this regard are reserved for the most egregious situations where a court finds "that fraud has been practiced against it, or that the very temple of justice has been defiled."[9] Such power "must be exercised with restraint and discretion."[10] Accordingly, "a federal court, acting under its inherent authority, may impose sanctions against litigants or lawyers appearing before the court so long as the court makes a specific finding that they engaged in bad faith conduct."[11] Sanctions under the Court's inherent power are reserved for "conduct which abuses the judicial process."[12]

**Discussion.**

Enterprises seeks attorneys' fees from Callier and his counsel under both § 1927 and the Court's inherent power[13] for failing to recognize that Enterprises never should have been a party to this lawsuit.[14] Again, § 1927 sanctions cannot be imposed against Callier, only his counsel. But Enterprises does not show that Callier's counsel ever unreasonably or vexatiously multiplied the

---

[4] *Edwards v. Gen. Motors Corp.*, 153 F.3d 242, 246 (5th Cir. 1998).
[5] *See Procter & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 526 (5th Cir. 2002) (stating that to award sanctions under § 1927 moving party "must prove, by clear and convincing evidence, that *every facet* of the litigation was patently meritless, and counsel must have lacked a reason to file the suit and must wrongfully have persisted in its prosecution through discovery, pre-trial motions, and trial" (emphasis in original)).
[6] *See id.* at 525 (collecting cases).
[7] *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991).
[8] *Id*. at 46.
[9] *Id*.
[10] *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764 (1980).
[11] *In re Yorkshire LLC*, 540 F.3d 328, 332 (5th Cir. 2008).
[12] *Chambers*, 501 U.S. at 44–45.
[13] ECF No. 253 at 4.
[14] *Id*. at 2.

proceedings. Further, Enterprises' theory of wrongful conduct is flawed. It argues that when Enterprises advised Callier that Investments, not Enterprises, placed the calls at issue, Callier should have dismissed Enterprises from the case.[15] Instead, Callier moved to amend his complaint to assert a vicarious liability theory against Enterprises.[16] As the Court has already stated in this case, "[m]erely amending a complaint after the Court grants leave to do so is not bad-faith conduct."[17] And the question of whether the Court should sanction Callier or his counsel under its inherent powers has already been considered and rejected in this case.[18] The Court declines to reconsider its previous ruling and reiterates that Enterprises has not shown bad faith on the part of Callier or his counsel as to Enterprises. The Court also notes that Callier sought to dismiss Enterprises in August 2024,[19] five months before the trial, but Enterprises opposed the motion.[20] Enterprises' motion for sanctions is denied.

Investments also moves for sanctions in the form of attorneys' fees against both Callier and his counsel. Like Enterprises, Investments moves under both § 1927 and the Court's inherent power.[21] Again, Investments cannot recover against Callier himself under § 1927[22] and there is no basis for recovery for the period during which Callier was proceeding *pro se*. As to Callier's counsel, Investments bases its argument for sanctions on the jury's defense verdict and on the fact that the jury found against Callier on every question.

---

[15] *See* ECF No. 253 at 2.
[16] *See* ECF No. 42 at 1 (noting motion was unopposed); ECF No. 43 at 17 (Amended Complaint).
[17] ECF No. 202 at 6.
[18] *See id.*
[19] ECF No. 183.
[20] ECF No. 194.
[21] In its reply, Investments appears to abandon its request for attorneys' fees under the Court's inherent power and limits its request to one under § 1927. *See* ECF No. 262 at 2. For the sake of thoroughness, the Court will consider both potential bases for sanctions.
[22] While Plaintiff was initially proceeding *pro se* in this case, Investments provides no allocation of sanctions for *pro se* filings as opposed to represented filings.

Reaching jury trial is no easy feat; Callier's counsel survived summary judgment and a hefty motions practice to reach trial in this case. Merely receiving an unfavorable verdict does not reflect that Callier's counsel acted unreasonably or vexatiously so as to merit sanctions.

Investments also argues that Callier's pre-suit conduct was wrongful and should be sanctioned under § 1927. Callier, a serial TCPA litigant, was forced for perhaps the first time to disclose his *modus operandi* in open court. Callier testified that he prepared and submitted a fraudulent loan application to the defendant, over the wire, in an ostensible effort "to find out who the lender was."[23] The defense argued that Callier's conduct was fraudulent and was a simply a means to trick an unwitting lender into calling Callier and thereby be trapped in yet another one of Callier's TCPA lawsuits. The jury returned a full defense verdict for Investments.

Notwithstanding the jury verdict and Callier's dubious pre-suit *modus operandi*, the record does not show by clear and convincing evidence that "*every facet* of litigation was patently meritless" and Callier's counsel "wrongfully" saw a meritless case through motions practice, discovery, and trial.[24]

## Conclusion.

For the reasons stated above, Enterprises' motion for sanctions [ECF No. 253] and Investments' motion for sanctions [ECF No. 260] are **DENIED**.

**SO ORDERED**.

**SIGNED** and **ENTERED** on September 30, 2025.

_____
**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

---

[23] ECF No. 260-4 at 72.
[24] *Procter & Gamble Co.*, 280 F.3d at 526.