# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | |
|---|---|
| **BRANDON CALLIER,** § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | No. 3:22-CV-00301-LS |
| § | |
| **JASCOTT INVESTMENTS, LLC, and** § | |
| **JOHN DOES 1-4,** § | |
| § | |
| *Defendants*. § | |

## ORDER ON TAXATION OF COSTS

Two defendants in this case, one dismissed with prejudice on Plaintiff's motion (Jascott Enterprises, LLC, referred to herein as "Enterprises") and one who prevailed at trial (Jascott Investments, LLC, referred to herein as "Investments"), filed bills of costs to which Plaintiff objected in part. Upon consideration, the Court sustains in part and overrules in part these objections.

### I.    LEGAL STANDARD.

Unless the federal rules, a federal statute, or a court order say otherwise, "costs—other than attorney's fees—should be allowed to the prevailing party."[1] Awarding costs is a decision within the Court's discretion, but Rule 54(d)(1) "contains a strong presumption that the prevailing party will be awarded costs."[2] So generally, a Court "may neither deny nor reduce a prevailing party's request for cost[s] without first articulating some good reason for doing so."[3]

---

[1] *See Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006).
[2] *Id.*
[3] *Id.* at 794 (quoting *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir.1985)).

The expenses that a Court may tax as costs are listed in 28 U.S.C. § 1920. While the Court can decline to award costs for any of these categories, it cannot award costs for anything outside of these categories.[4]

## II.     ANALYSIS.

Enterprises and Investments, sister companies and represented by the same lawyer, filed two separate bills of costs, and Plaintiff objected to the following entries (the number in the parenthetical is the aggregate amount from the two bills of costs):

1. Mediation Fee ($500.00): Plaintiff correctly notes that mediation fees are not recoverable as costs.[5] They will not be taxed.

2. TransUnion ($298.48): The TransUnion charges are not substantiated even after Plaintiff's objection, and so they are also disallowed. The Court notes that "person/business searches" do not appear to be included in § 1920's list of expenses taxable as costs.

3. El Paso County Clerk ($26.39): Defendants assert that these copies were obtained for use in this case[6] and will therefore be taxed as costs.

Plaintiff does not object to the $3,331.21 in deposition costs, which when added to the $26.39 in taxable copy costs totals $3,357.60.

---

[4] *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–442 (1987).
[5] *See Cook Children's Med. Ctr. v. New Eng. PPO Plan of Gen. Consol. Mgmt.*, 491 F.3d 266, 277 (5th Cir. 2007).
[6] *See* 28 U.S.C. § 1920(4).

**Conclusion and Order.**

For the reasons explained above, Plaintiff's objection to Defendants' Bills of Costs are **SUSTAINED IN PART** and **OVERRULED IN PART**.

Defendants, sister companies represented by the same attorney, are entitled to recover $3331.21 in deposition costs and $26.39 in copy costs, for an aggregate total of $3357.60. Brandon Callier is **ORDERED** to pay $1678.80 to Jascott Investments, LLC, and $1678.80 to Jascott Enterprises, LLC, for all of which let execution issue.

**SIGNED** and **ENTERED** on September 30, 2025.

_____
**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**